# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

July 21, 2023

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

**VIA ECF**
Clerk of the Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *State of New Jersey v. U.S. Dep't of Transportation, et al.*

Dear Clerk of the Court:

We represent Plaintiff State of New Jersey in the above-captioned case. For the reasons explained below and, in the Complaint concurrently filed with this letter, Plaintiff respectfully requests that this case be allocated to the Newark Vicinage of the United States District Court for the District of New Jersey.

This case challenges the Federal Highway Administration ("FHWA")'s decision last month to rubber stamp the environmental review phase of New York's Central Business District Tolling Program (the "congestion pricing scheme") in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331 *et seq.*, Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-70, and Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et. seq.* Pursuant to Rule 40.1(a) of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey, the Clerk of the Court must allocate this case to a vicinage of the District Court based on "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose." *Id.*

The "cause of action arose," for purposes of allocation, closest to the Newark Vicinage because a substantial portion of the events giving rise to Plaintiff's claims occurred in areas of northern New Jersey that are closest to New York City. The FHWA issued a Final Environmental Assessment ("EA") and Finding of No Significant Impact that included a 28-county regional study and acknowledged that the four closest New Jersey counties are Bergen, Essex, Hudson and Union. Thus, many of the adverse environmental impacts, as alleged in the Complaint, will occur in these counties—Bergen, Hudson, Union, and Essex, where the Newark Vicinage is located. Indeed, Newark is recognized in the Final EA as a community that warrants mitigation as a result of the adverse impacts it will suffer due to the congestion pricing scheme. Therefore, allocation to the Newark Vicinage is proper under Rule 40.1(a).

We thank the Court for its consideration of this request.

Respectfully,

/s/ *Randy M. Mastro*
Randy M. Mastro