# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

September 15, 2023

**VIA ECF**

Hon. Brian Martinotti
United States District Court
District of New Jersey
50 Walnut Street
Room PO 01
Newark, NJ 07102

Re:   *State of New Jersey v. U.S. Dep't of Transportation et al.*, No. 2:23-cv-03885

Dear Judge Martinotti:

I write on behalf of the State of New Jersey ("Plaintiff" or "New Jersey") to respectfully request that Your Honor schedule a status conference on September 19, 20, or 21 in the afternoon (virtually) or on October 3 in the morning (virtually or in person)—dates on which we understand all parties are available. Although the parties have been in discussions for over a month regarding two gating issues—namely, the production of the administrative record and the schedule for summary judgment briefing—Defendants have still inexplicably not appeared in this case, which has unnecessarily delayed the scheduling of the status conference Your Honor called for back in July. So we are compelled to write to make this request.

On July 21, 2023, New Jersey, filed this lawsuit, which challenges Defendants' violations of the National Environmental Policy Act ("NEPA") and Clean Air Act on account of their decision to bypass a full environmental review of New York's Central Business District Tolling Program (the "congestion pricing scheme") and failure to complete an adequate transportation conformity analysis.

Five days later, on July 26, 2023, Your Honor issued a text order: "Within 7 days of defendants filing a notice of appearance, the parties shall meet and confer and propose 3 dates to the Court for a status conference. The proposed dates shall be dates within 30 days of defendants' appearance." Dkt. 9. On July 31, Plaintiff served a copy of this order on Defendants.

We promptly reached out to the U.S. Attorney's Office for the District of New Jersey to inquire who would be representing Defendants. On August 9, J. Andrew Ruymann, Chief, Civil Division, U.S. Attorney's Office, District of New Jersey, informed us that Kristine S. Tardiff, Assistant Chief of the Natural Resources Section, Gregory M. Cumming, Trial Attorney at the Natural Resources Section, and Shari M. Howard, Trial Attorney at the Environmental Defense Section had been assigned to the case. We met virtually with Defendants' counsel twice since then (on August 22 and September 7) to discuss the production of the administrative record and scheduling issues. We also reminded Defendants at each turn that their strategic decision not to appear was unduly delaying Your Honor's contemplated status conference. Defendants have still not appeared.

We intend to raise two issues with Your Honor at the status conference that reflect our desire for a prompt resolution of this case on the merits without need for emergency motion practice in the interim since steps to implement the congestion pricing scheme have begun, and it is set to officially launch in the Spring of 2024.

*First*, we are requesting that Your Honor order the production of the certified administrative record by no later than October 20, 2023. Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the FHWA is required to prepare the administrative record for this case, which consists of materials generated, received, reviewed, or otherwise associated with the preparation and issuance of the draft and final Environmental Assessments and Finding of No Significant Impact ("FONSI") for the congestion pricing scheme. Typically, an agency has 60 days to file the administrative record after the filing of the case. *See e.g.*, Richard H. Mays, *Environmental Law Forms Guide* § 46:26 (2023) ("When suit is brought by an aggrieved party under the Administrative Procedure Act, the agency will normally file its administrative record within the 60-day period provided for response by the government agency."); *see also Hackensack Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, Case No. 2:04-cv-02227 (D.N.J. 2004) (government filed the record within 52 days after filing of the lawsuit). Defendants' answer to the Complaint is due on September 29 (60 days from service and more than 60 days from filing) and thus, we expected that Defendants would produce the administrative record by that date, if not sooner. Indeed, during the parties' August 22 call, Defendants confirmed the FHWA was processing the record with the goal to produce it "as soon as [they] can."

However, on our September 7 call with Defendants' counsel, they told us that their target date for producing the administrative record is now November 17—nearly double the time typically required to perform that ministerial task. The Defendants' proposed deadline is **119 days** from the date of filing of this Complaint—almost twice the length of time contemplated by the NEPA guidelines.[1] The unreasonableness of such a delay is underscored by the fact that it took the FHWA just 46 days to finalize its FONSI after publishing its draft.[2] In the spirit of compromise, on September 11, Plaintiff proposed that Defendants share an index of the items in the administrative record by September 29, provide Plaintiff with the links to publicly available documents instead of including them in the record, and produce the full record by October 17. Plaintiff made this offer in an effort to expedite our review and preparation of any objections to the record on incompleteness grounds so that we could timely proceed to summary judgment briefing. While expressing a willingness to consider producing an index of publicly available

---

[1] When the parties conferred about this issue on September 7, Defendants cited the Local Rules in the District of Columbia, which provide that "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." D.D.C. Local Rule 7(n)(1). This rule is not particular to NEPA cases, which often are time sensitive, and does not control in the District of New Jersey (which has no analogous rule). However, even if it did, that rule requires Defendants to produce an index by October 30 if they intend to answer the Complaint in this case *or* as soon as September 29 if they intend to file a dispositive motion by their deadline to respond.

[2] *Compare* Notice of Availability of the Final Environmental Assessment and Draft Finding of No Significant Impact, https://new.mta.info/document/111161 ("The official 30-day public availability period for the Final EA and draft FONSI for the Project will begin on May 12, 2023 and will end on June 12, 2023) *with* Finding of No Significant Impact, https://new.mta.info/project/CBDTP/environmental-assessment (dated June 27, 2023).

documents at some unspecified future date, Defendants flatly rejected Plaintiff's proposal to produce the full administrative record by October 17.

Evidence central to a NEPA case resides in the administrative record. *See e.g.*, 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"); *see also Deron School of N.J., Inc. v. U.S. Dep't of Agriculture*, 2012 WL 13187163, at *3 (D.N.J. July 16, 2012) (citing cases where "courts limited discovery because the administrative record was all that needed to be considered in deciding an APA claim"). We are entitled to object to the adequacy of the record after receipt and have suggested production of a record index to expedite that process. *See id.* at *3 (discussing plaintiff's argument that the record was insufficient). But one thing is certain: we cannot adequately prepare for merits briefing without the full administrative record. *See Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015) (ordering the government to produce the record prior to briefing on a motion to dismiss "in order to allow Plaintiff to rely upon it" and "to enable the Court to evaluate the strength of both Parties' arguments"); *see also* Mays, *supra*, § 46:26 ("It is difficult for a plaintiff to file a Motion for Temporary Restraining Order or for Preliminary Injunction without having an official record of the proceedings before the agency to which to refer in its brief"). It is therefore critical that the parties have time to address any disputes regarding the record—as well as review it in full—before summary judgment briefing commences.

*Second*, Plaintiff will request that Your Honor order a schedule in which summary judgment briefing is completed by the end of 2023. During our meetings with Defendants, they originally agreed that prompt briefing and argument of cross-motions for summary judgment would allow for efficient resolution of this case without the need for a motion for preliminary injunction or other time-consuming motion practice. We then proposed that the parties exchange simultaneous cross motions for summary judgment and simultaneous oppositions, with the opportunity to request brief replies on any newly raised issues on opposition.

Defendants opposed this timing and countered that there should be at least four rounds of summary judgment briefing extending into March 2024, which would be the eve of the project's anticipated start date later that same spring, in April or May of 2024. This once again appears to be a delay tactic meant to make congestion pricing a *fait accompli*. Indeed, tolling "gantries" (metal structures that would collect vehicles' tolls) have already been installed on 60th Street in Manhattan.[3] Moreover, the Traffic Mobility Review Board—the board tasked with setting the pricing scheme—is currently determining the final details and parameters of that scheme.[4] Thus, because the project is forging ahead, this case must also move forward to ensure New Jersey its day in court before the misguided congestion pricing scheme is implemented.

To that end, we will respectfully request that Your Honor enter a scheduling order that includes the following deadlines:

- October 6: Defendants produce a draft index of the administrative record
- October 13: Plaintiff's deadline to object to the index

---

[3] *See* Derick Waller, *Cashless Tolling Systems Being Installed for Congestion Pricing in Manhattan*, ABC7NY (July 21, 2023), https://abc7ny.com/congestion-pricing-gantries-cashless-tolling-construction/13528886/.

[4] Second Traffic Mobility Review Board Meeting Scheduled for Thursday, Aug. 17, MTA, https://new.mta.info/press-release/second-traffic-mobility-review-board-meeting-scheduled-thursday-aug-17.

- October 20: Defendants produce the full administrative record
- November 10: Parties exchange simultaneous cross motions for summary judgment
- December 13: Parties exchange oppositions and responses to summary judgment motions
- December 22: Parties exchange any replies, to the extent authorized by prior permission of the Court.

We look forward to the opportunity to address these issues with Your Honor and, as always, appreciate the Court's consideration.

                                    Respectfully,

                                    */s/ Randy M. Mastro*

                                    Randy M. Mastro

cc: Craig Carpenito (CCarpenito@kslaw.com)
    Gregory M. Cumming (Gregory.Cumming@usdoj.gov)
    Shari Howard (Shari.Howard@usdoj.gov)
    Alex Silagi (alex.silagi@usdoj.gov)