

        **U.S. Department of Justice**

        Environment and Natural Resources Division

---

*Natural Resources Section*                                                                              *Telephone (202) 305-0457*
*P.O. Box 7611*                                                                                          *Facsimile (202) 305-0275*
*Washington, DC 20044*

Via ECF                                                                                                                       September 18, 2023

Hon. Brian Martinotti
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:    *State of New Jersey v. U.S. Dep't of Transp., et al.*, No. 23-3885 (BRM) (LDW)

Dear Judge Martinotti,

      Pursuant to this Court's instructions, Defendants[1] write to respond to Plaintiff's September 15, 2023 letter (ECF No. 23) and specifically to: (1) correct Plaintiff's misstatements regarding the status of discussions between the Parties regarding a schedule for further proceedings; (2) provide an alternative (and more reasonable) schedule for compiling and lodging the Administrative Record and thereafter briefing the merits; and (3) offer an alternative date for a status conference.

1. <u>Discussions Between the Parties</u>

      As Plaintiff notes, on July 26, 2023, this Court issued a Text Order providing that "[w]ithin 7 days of defendants filing a notice of appearance, the parties shall meet and confer and propose 3 dates to the Court for a status conference. The proposed dates shall be dates within 30 days of defendants appearance." ECF No. 9.

      In keeping with that instruction, the Parties engaged in discussions on August 22 and September 7 regarding a potential schedule for resolving this matter, including the date for Defendants to lodge the Administrative Record. Those discussions continued via email during the week of September 11. *See* Ex. A, Email Correspondence. In particular, on Tuesday, September 12, Defendants responded to Plaintiff by proposing tentative dates for a status conference and explaining that they believed any filing with the Court should include *both* Parties' positions to better aid the Court in understanding whether any disputes required Court intervention. *Id*. at 3. Despite that proposal, Plaintiff proceeded by unilaterally filing their

---

[1]    Defendants are the U.S. Department of Transportation ("DOT"), the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

September 15 letter while discussions were ongoing and without advance notice to Defendants. *Id*. at 1-2.

Plaintiff's approach is contrary to the spirit of the Court's July 26 Order, which was plainly intended to help set an orderly schedule and to maximize judicial efficiency by avoiding opposing filings during the initial stages of this lawsuit. Indeed, that Order prohibits the filing of motions until after a status conference. ECF No. 9. Plaintiff's letter is a tacit attempt to circumvent that limitation as it is effectively a motion requesting that the Court enter a scheduling order with Plaintiff's preferred deadlines. *See* ECF No. 23 at 3-4.

Moreover, Plaintiff's filing is inaccurate. Plaintiff describes the fact that Defendants' counsel had not yet appeared as "inexplicable." But Defendants explained to Plaintiff that they would promptly appear once the Parties finished their discussions regarding the schedule. *See* Ex. A at 3. And, in any event, Defendants had no obligation to appear until they were required to answer, given the Court's July 26 Order did not direct Defendants to file notices of appearance before then.[2]

2. Defendants' Proposed Schedule

While Defendants intend to litigate this case as efficiently as possible, the Court should set a schedule that permits Defendants the time necessary to prepare the Administrative Record, and for the Parties to brief the merits in a manner that will aid the Court's decision-making in this important matter—a case of first impression regarding the first congestion pricing program of its kind in the country. It is inappropriate to set a schedule based on Plaintiff's unrealistic timelines and threats of seeking emergency injunctive relief.

A. *Lodging the Administrative Record*

Plaintiff argues that a federal agency typically lodges the administrative record within 60 days of service of a complaint. ECF No. 23 at 2. While this District's local rules do not provide a deadline for lodging the administrative record, other jurisdictions that frequently handle claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, generally apply longer timelines than what Plaintiff proposes. For example, the U.S. District Court for the District of Columbia provides that a record be lodged within 30 days of an answer (*i.e.*, up to 90 days after service). *See* Local Rule 7(n)(1).[3] And the U.S. District Court for the Northern District of California similarly provides that the record be lodged within 90 days of service. *See* Local Rule

---

[2] Moreover, under Local Civil Rule 16.1(a)(1), initial scheduling conferences are typically scheduled within 60 days of the filing of an initial answer, unless the District Court judge otherwise directs. Defendants reasonably understood the Court's July 26 Order to have modified this typical schedule. But nothing in the Order indicated that the Court was otherwise seeking to hold a status conference prior to the filing of Defendants' Answer.

[3] *Available at* https://www.dcd.uscourts.gov/sites/dcd/files/local_rules/Local%20Rules%20April_2023%282%29.pdf.

2

16-5.[4]  Thus, under those sets of rules, the record here would be due by October 30.  Reference to the District of Columbia is particularly appropriate since "[m]any courts look to D.C. Circuit case law in APA review cases, as the majority of such disputes occur in that circuit." *ASSE Int'l, Inc. v. Kerry*, No. SACV 14-00534-CJC(JPR), 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018).[5]

Defendants propose to lodge the record on or before **November 17**.  As gauged against the local rules described above, that date would amount to a request for a roughly three-week extension of time, hardly a dilatory appeal.  And that date is otherwise reasonable given Defendants require additional time to collect the extensive materials at issue (currently totaling roughly 30 GB), conduct a review for relevance and privilege, and prepare the record for production to Plaintiff.  Indeed, in one case in this District the record was lodged more than five months after filing of the complaint.  *See* Docket, *New Jersey v. U.S. Army Corps of Engr's*, No. 09-5591 (D.N.J. 2011) (complaint filed Nov. 2, 2009, record lodged April 13, 2010); *see also* Docket, *Cty. of Monmouth v. Fed. Emergency Mgmt. Agency*, No. 09-769 (D.N.J. 2009) (complaint filed Feb. 20, 2009, record lodged Sept. 4, 2009).  As such, Defendants' proposal is well within the range of typical practice, both nationwide and in this District, particularly when accounting for the complexity and novelty of the project at issue and the anticipated size of the record.

Moreover, and although none is required by rule or FHWA's policies and procedures, Defendants are willing to consider production of a draft index to Plaintiff; however, given uncertainty regarding how quickly Defendants' review of the relevant materials will proceed, at this time they cannot provide a target date for that production.[6]

   B.  *Proposed Schedule*

While Defendants share Plaintiff's goal of resolving this matter efficiently and expeditiously, Plaintiff's proposed schedule is unrealistic and inefficient.  Plaintiff has, to-date, declined to indicate that it intends to seek emergency injunctive relief, yet requests a schedule for merits briefing that approximates an effort to seek expedited relief.  If Plaintiff feels the need to seek emergency relief it should proceed accordingly, but rushing through merits briefing will not aid the Court in the resolution of a complex matter of first impression.  As such, rather than

---

[4]   *Available at* https://www.cand.uscourts.gov/rules/civil-local-rules/.

[5]   It also entirely unclear what Plaintiff means by the "NEPA guidelines."  ECF No. 23 at 2.  While they cite to 4 Env. L. Forms Guide § 42:26 (2023), that reference provides no support for Plaintiff's belief that a 60-day period for filing a record is typical.  Moreover, if accurate at all, that statement was made in the context of emergency injunctive relief.

[6]   Plaintiff also references a need for Defendants to provide links to publicly available documents.  ECF No. 23 at 2-3.  But Plaintiff already has access to those materials, and indeed frequently references them in its Complaint.  *See, e.g.*, Compl. ¶ 10 (citing to Finding of No Significant Impact).

constituting a delay tactic, Defendants' proposed schedule aims to provide this Court with thoughtful and responsive briefing that will aid this Court in ultimately resolving this matter.[7]

Nor is such a rushed schedule necessary. While Plaintiff is correct that the tolling project is proceeding, numerous steps need to be concluded before the tolls will become operational. Those include, among other things: (1) finalization of a tolling recommendation by the Traffic Mobility Review Board; (2) consideration of the recommendation by the Triborough Bridge and Tunnel Authority under a state administrative process; (3) finalization of the tolls; and (4) negotiation of a Value Pricing Pilot Program agreement between DOT and New York. Given these additional steps, Defendants' current understanding is that any tolls will not go into effect until May 2024, at the earliest. Defendants' proposed schedule accordingly provides for completion of briefing well in advance of that deadline.

In addition, Plaintiff's request for simultaneous briefing will not aid in resolution of this matter. Instead, the Parties will be more likely to be "talking past" one another, as opposed to offering reasoned arguments cabined to issues raised in prior briefing. Courts have agreed that sequential briefing is preferable on complex issues. *See Sied v. Duke*, No. 17-6787, 2017 WL 6316821, at *3 (N.D. Cal. Dec. 11, 2017) ("Given the complexity of the issues, the court requests the benefit of sequential briefing, where the parties can respond to each other's arguments (rather than the simultaneous briefing that the parties have submitted)."); *see also Hamlily v. Bush*, No. 05-763, 2008 WL 4833121, at *1 (D.D.C. Nov. 6, 2008) ("The Court will adopt sequential briefing, rather than simultaneous briefing[.]").

Accordingly, Defendants propose the following schedule:

| | |
|---|---|
| **Defendants lodge the Administrative Record:** | **November 17, 2023**[8] |
| **Plaintiff's objections to the Administrative Record:** | **December 8, 2023** |

If Plaintiff does not object, Defendants request that the Court set the following merits briefing deadlines.[9]

| | |
|---|---|
| **Plaintiff's motion for summary judgment:** | **December 15, 2023** |
| **Defendants' cross-motion for summary judgment and opposition to Plaintiff's motion:** | **January 19, 2024** |

---

[7] It is doubtful, though, that Plaintiff can satisfy the requirements of a preliminary injunction based solely on imposition of tolls. *See, e.g.*, *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d. Cir. 1994) ("Economic loss does not constitute irreparable harm.").

[8] Defendants suggest that, in keeping with the local rules in the U.S. District Court for the District of Columbia, Defendants initially lodge only a certified index of the Administrative Record contents, and that the Parties thereafter coordinate on filing a joint appendix containing copies of those portions of the record relied on in the Parties' merits briefing.

[9] If Plaintiff objects to the contents of the record, Defendant respectfully requests that the Court should resolve any record dispute before setting a merits briefing schedule.

4

| | |
|---|---|
| **Plaintiff's opposition to Defendants' motion and reply in support of motion:** | **February 9, 2024** |
| **Defendants' reply in support of motion:** | **March 1, 2024** |

3. Proposed Dates for Status Conference

In addition to the dates proposed by Plaintiff (September 19 and 20, and the afternoon of September 21), the Parties are available the afternoon of October 10. Unfortunately, Defendants are no longer available on October 3.

                                                   Respectfully submitted,

                                                   TODD KIM
                                                   Assistant Attorney General
                                                   United States Department of Justice
                                                   Environment & Natural Resources Division

                                                   */s/ Gregory M. Cumming*
                                                   GREGORY M. CUMMING
                                                   SHARI HOWARD
                                                   SAMANTHA G. PELTZ
                                                   Trial Attorneys
                                                   United States Department of Justice
                                                   Environment & Natural Resources Division
                                                   150 M St., N.E.
                                                   Washington, D.C. 20002
                                                   (202) 305-0457 (phone)
                                                   (202) 598-0414 (cell)
                                                   gregory.cumming@usdoj.gov

                                                   ALEX SILAGI
                                                   Assistant United States Attorney
                                                   District of New Jersey
                                                   United States Attorney's Office
                                                   970 Broad Street, 7th Floor
                                                   Newark, New Jersey 07102
                                                   973-353-6001 (phone)
                                                   alex.silagi@usdoj.gov

Attachment: Exhibit A, Email Correspondence