**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE OF NEW JERSEY, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF )<br>TRANSPORTATION, *et al.*, )<br><br>*Defendants*. ) | No. 23-3885<br>Hon. Brian R. Martinotti |

**ANSWER TO COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants the U.S. Department of Transportation ("DOT"), the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA, hereby answer Plaintiff's Complaint, ECF No. 1. The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Complaint.

## I.   NATURE OF THE CASE[1]

1. The allegations in this Paragraph constitute Plaintiff's statement of the case and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

---

[1]   The headings in this Answer correspond to the major headings in the Complaint, and Defendants include them solely to provide convenient reference to the Complaint. They do not form any part of the Answer. To the extent the headings in the Complaint or the Answer include substantive allegations, Defendants deny them. Defendants have omitted subheadings in the Complaint. To the extent those subheadings include substantive allegations, Defendants deny them.

2.      The allegations in the first, third, and seventh sentences of this Paragraph constitute Plaintiff's statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  The allegations in the second and fourth sentences of the Paragraph seek to characterize the Finding of No Significant Impact ("FONSI").  The FONSI is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  The allegations in the fifth sentence of this Paragraph seek to quote and/or character a letter from the U.S. Environmental Protection Agency ("EPA").  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Finally, Defendants deny the allegations in the sixth sentence of this Paragraph.

3.      The allegations in the first, fourth, and fifth sentences of this Paragraph constitute Plaintiff's statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  The allegations in the second sentence of this Paragraph seek to quote and/or characterize a New York State statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  The allegations in the third sentence of this Paragraph seek to quote and/or characterize a Metropolitan Transit Authority ("MTA") website page.  That page is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

4.      The allegations in first, second, fourth, and fifth sentences of this Paragraph constitute Plaintiff's statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  The allegations in the third sentence of this Paragraph seek to quote and/or characterize a newspaper

article.  That article is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

5.      Defendants lack information sufficient to form a belief as to the truth of the allegations in first three sentences of this Paragraph, and therefore deny those allegations.  The allegations in the fifth sentence of this Paragraph purport to reference an EPA database.  That database is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants admit they prepared an Environmental Impact Statement ("EIS") for the Van Wyck Expressway Capacity and Access Improvements project.  Defendants deny the remaining allegations in this Paragraph.

6.       The allegations in this Paragraph purport to quote and/or characterize a newspaper article and MTA meeting minutes.  That article and minutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.  Defendants deny the remaining allegations in this Paragraph.

7.      The allegations in the first and second sentences of this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  Defendants deny the remaining allegations in this Paragraph.

8.      The allegations in the first sentence of this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  Defendants deny the remaining allegations in this Paragraph.

9.      The allegations in the fourth sentence of this Paragraph purport to quote and/or characterize an EPA letter.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  The allegations in the fifth sentence of this Paragraph

purport to quote and/or characterize the Finding of No Significant Impact ("FONSI").  The FONSI is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

10.     The first sentence in this paragraph purports to quote and/or characterize the FONSI.  The FONSI is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  Defendants admit the Final Environmental Assessment ("EA") considered a range of tolling scenarios with different attributes.  Defendants deny the remaining allegations in this Paragraph.

11.     The allegations in this Paragraph provide Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.  Defendants deny the remaining allegations in this Paragraph.

12.     The allegations in the first sentence of this Paragraph quote and/or characterize two Executive Orders.  Those Orders are the best evidence of their contents and Defendants deny any allegations inconsistent with them.  Defendants deny the remaining allegations in this Paragraph.

13.     The allegations in this Paragraph provide Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

14.     Defendants deny the allegations in this Paragraph.

15.     Defendants deny the allegations in this Paragraph.

16.     Defendants deny the allegations in this Paragraph.

17.     Defendants deny the allegations in this Paragraph.

18.     Defendants deny the allegations in this Paragraph.

19.     Defendants deny the allegations in this Paragraph

20.     The allegations in this Paragraph constitute Plaintiff's statement of the case and relief requested, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiff is entitled to any relief.

## II.     JURISDICTION AND VENUE

21.     Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1346 confer jurisdiction on this Court to hear claims "arising under" the laws of the United States and against the United States.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

22.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

23.     Defendants admit that the State of New Jersey is resident in this District.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

24.     The allegations in the fourth sentence of this Paragraph seek to characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  The allegations in the sixth sentence of this Paragraph seek to characterize Local Civil Rule 40.1(a).  That Rule is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

### III.    **PARTIES**

25.    Defendants admit that the State of New Jersey is one of the United States of America.  The last sentence in this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph, and therefore deny those allegations.

26.    Defendants admit that the U.S. Department of Transportation is an executive department of the federal government.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in this Paragraph.

27.    Defendants admit the allegations in the first four sentences of this Paragraph. Defendants further admit that FHWA was required to review the Central Business District Tolling Program ("the Project")[2] under the National Environmental Policy Act ("NEPA"). Defendants deny that 23 U.S.C. § 129 is applicable to the Value Pricing Pilot Program ("VPPP").

28.    Defendants admit Shailen Bhatt is the FHWA Administrator.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required Defendants deny the allegations in this Paragraph.

29.    Defendants admit Richard J. Marquis is the Division Administrator for the New York Division of FHWA and signed the Final EA and FONSI.  The remaining allegations in this

---

[2]    To the extent Plaintiff refers to the Project as a "scheme," Defendants deny that characterization throughout this Answer.

Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required Defendants deny the allegations in this Paragraph.

## IV.  <u>FACTUAL BACKGROUND</u>

30.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

31.     Defendants admit NEPA was enacted by Congress in 1970.  The remaining allegations in this Paragraph purport to quote and/or characterize a Senate Report and Federal statutes.  That Report and statutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

32.     The allegations in the first sentence in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants admit that the U.S. Supreme Court issued *Robertson v. Methow Valley Citizens Council*, 490 US. 332 (1989).  Otherwise, the allegations in the second sentence of this Paragraph provide Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

33.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

34.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulation.  That statute and regulation are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

35.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

36.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

37.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

38.     The allegations in the first sentence of this Paragraph purport to quote and/or characterize an EPA database.  That database is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  The remaining allegations in this Paragraph purport to characterize FHWA databases.  Those databases are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

39.     The allegations in this Paragraph seek to characterize four EISs.  Those EISs are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

40.     The allegations in the first sentence of this Paragraph seek to characterize an EPA database.  That database is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  The remaining allegations in this Paragraph seek to characterize two EISs. Those EISs are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

41.     Defendants admit that they issued a FONSI for the project referenced in this Paragraph.  The remaining allegations in this Paragraph seek to characterize the FONSI.  That

FONSI is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

42.     The allegations in this Paragraph purport to quote and/or characterize Executive Orders.  Those Orders are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

43.     The allegations in this Paragraph purport to quote and/or characterize an Executive Order.  That Order is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

44.     The allegations in this Paragraph purport to quote and/or characterize an Executive Order.  That Order is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

45.     The allegations in this Paragraph purport to quote and/or characterize guidance from the Council on Environmental Quality ("CEQ").  That guidance is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

46.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute and legislative history.  That statute and legislative history are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

47.     Defendants deny the allegations in this Paragraph.

48.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

49.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

50.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

51.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

52.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

53.      The allegations in this Paragraph purport to quote and/or characterize a New York State statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

54.      The allegations in this Paragraph purport to quote and/or characterize a New York State statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

55.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations

56.      Defendants admit that the Tri-borough Bridge and Tunnel Authority, the New York State Department of Transportation, and the New York City Department of Transportation submitted an Expression of Interest to FHWA for admission of the Project to the VPPP. Defendants also admit they have not yet approved the Project for admission to the VPPP.  The remaining allegations in this Paragraph seek to characterize the Final EA.  The Final EA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

57.      Defendants admit that by July 2020, FHWA had not yet informed the "MTA" as to whether environmental review of the Project would require an EA or EIS.  Defendants lack

information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

58.     The allegations in the fourth and fifth sentences of this Paragraph seek to characterize a newspaper article and a statement from the Governor of New York.  That article and statement are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

59.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

60.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

61.     The allegations in this Paragraph purport to quote and/or characterize two articles. Those articles are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

62.     The allegations in this Paragraph purport to quote and/or characterize MTA board meeting minutes.  Those minutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

63.     Defendants admit that they authorized the MTA and New York transportation agencies to proceed with a NEPA Class III EA action under 23 C.F.R. § 771.  The remaining allegations in this Paragraph purport to quote and/or characterize FHWA's authorization letter. That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

64.     Defendants admit preparation of the Draft EA began in the Spring of 2021. Defendants deny the remaining allegations in this Paragraph.

65.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

66.     Defendants deny the allegations in this Paragraph.

67.     Defendants deny the allegations in this Paragraph.

68.     Defendants admit that New Jersey agencies were invited to attend a briefing on the Draft EA on August 4, 2022, and that those agencies were afforded the opportunity to ask questions at that briefing.  Defendants deny the remaining allegations in this Paragraph.

69.     The allegations in the second sentence of this Paragraph purport to quote and/or characterize the Draft EA.  The Draft EA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

70.     Defendants admit that the Draft EA was made available to the public on August 10, 2022.  The remaining allegations in this paragraph seek to characterize the Draft EA.  The Draft EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

71.     Defendants admit that the Draft EA was made available for a 30-day formal comment period and that FHWA extended the comment period for 14 days pursuant to 23 C.F.R. § 771.119(e).  The remaining allegations in this Paragraph seek to quote and/or characterize the Draft EA.  The Draft EA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

72.      Defendants admit that New Jersey, Governor Murphy, and several New Jersey agencies submitted comments on the Draft EA.  Defendants deny the remaining allegations in this Paragraph.

73.      Defendants admit the North Jersey Transportation Planning Authority was a participating agency in the Final EA.  Defendants deny the remaining allegations in this Paragraph.

74.      Defendants deny the allegations in this Paragraph.

75.      The allegations in this Paragraph purport to quote and/or characterize a September 23, 2022 letter from Governor Murphy to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

76.      The allegations in this Paragraph purport to quote and/or characterize a September 23, 2022 letter from Governor Murphy to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

77.      The allegations in this Paragraph purport to quote and/or characterize a September 23, 2022 letter from Governor Murphy to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

78.      The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants deny all remaining allegations in this Paragraph.

79.      The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

13

80.     The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

81.     The allegations in the first sentence of this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

82.     Defendants deny the allegations in this Paragraph.

83.     Defendants admit that the Final EA was published in May 2023.  The remaining allegations in this Paragraph seek to characterize the Final EA.  The Final EA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

84.     Defendants admit that FHWA published a Draft FONSI.  The remaining allegations in this Paragraph purport to quote and/or characterize the Draft FONSI.  The Draft FONSI is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

85.     The allegations in this Paragraph purport to quote and/or characterize the Draft FONSI.  The Draft FONSI is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

86.     The allegations in this Paragraph purport to quote and/or characterize the Draft FONSI.  The Draft FONSI is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

87.     Defendants admit that a Draft FONSI was made available for public review for 30 days.   Defendants deny the remaining allegations in this Paragraph.

88.     Defendants admit that Governor Murphy sent a letter dated June 12, 2023 to FHWA.  The remaining allegations in this Paragraph purport to quote and/or characterize that letter.  The letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

89.     The allegations in this Paragraph purport to quote and/or characterize Governor Murphy's June 12, 2023 letter.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

90.     Defendants admit that FHWA published the final FONSI on June 23, 2023. Defendants deny the remaining allegations in this Paragraph.

91.     Defendants deny the allegations in this Paragraph.

92.     Defendants deny the allegations in this Paragraph.

93.     Defendants deny the allegations in this Paragraph.

94.     Defendants deny the allegations in this Paragraph.

95.     Defendants deny the allegations in this Paragraph.

96.     Defendants deny the allegations in this Paragraph.

97.     Defendants deny the allegations in this Paragraph.

98.     Defendants deny the allegations in this Paragraph.

99.     Defendants deny the allegations in this Paragraph.

100.     The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

101.     The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

102.     The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

103.     The allegations in this Paragraph purport to quote and/or characterize the September 23, 2022 and June 12, 2023 letters from New Jersey to FHWA.  Those letters are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

104.     The allegations in this Paragraph purport to quote and/or characterize a June 12, 2023 letter from New Jersey to FHWA.  That letter is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

105.     Defendants deny the allegations in this Paragraph.

106.     Defendants deny the allegations in this Paragraph.

107.     Defendants deny the allegations in this Paragraph.

108.     The allegations in this Paragraph purport to quote and/or characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

109.     The allegations in this Paragraph purport to quote and/or characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

110.    The allegations in this Paragraph purport to quote and/or characterize the Final EA. The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

111.    Defendants deny the last sentence in this Paragraph.  The remaining allegations in this Paragraph purport to quote and/or characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

112.    Defendants deny the last sentence in this Paragraph.  The remaining allegations in this Paragraph purport to quote and/or characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

113.    Defendants deny the allegations in this Paragraph.

114.    Defendants deny the allegations in this Paragraph.

115.    Defendants deny the allegations in this Paragraph.

116.    Defendants deny the allegations in this Paragraph.

117.    Defendants deny the allegations in this Paragraph.

118.    The allegations in this Paragraph purport to quote and/or characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

119.    Defendants deny the allegations in this Paragraph.

120.    Defendants deny the allegations in this Paragraph.

121.    Defendants deny the allegations in this Paragraph.

122.    Defendants deny the allegations in this Paragraph.

**FIRST CAUSE OF ACTION**
**Violation of National Environmental Policy Act and Administration Procedure Act**
(42 U.S.C. §§ 4321 *et seq.*; 5 U.S.C. §§ 701-706)

123.    Defendants adopt by reference their responses to Paragraphs 1-122.

124.    The allegations in this Paragraph constitute Plaintiff's legal conclusions, to which no response is deemed required.  To the extent a response is deemed required, Defendants deny the allegations.

125.    Defendants deny the allegations in this Paragraph.

126.    Defendants deny the allegations in this Paragraph.

127.    Defendants deny the allegation in this Paragraph.

128.    The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

129.    The allegations in this Paragraph constitute Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

130.    Defendants deny the allegations in this Paragraph.

131.    Defendants deny the allegations in this Paragraph.

132.    Defendants deny the allegations in this Paragraph.

133.    Defendants deny the allegation in this Paragraph.

134.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulations.  That statute and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

135.    Defendants deny the allegations in this Paragraph.

136.    Defendants deny the allegations in this Paragraph.

137.    Defendants deny the allegations in this Paragraph.

138.    Defendants deny the allegations in this Paragraph.

139.    Defendants deny the allegations in this Paragraph.

140.    Defendants deny the allegations in this Paragraph.

141.    Defendants deny the allegations in this Paragraph.

142.    Defendants deny the allegations in this Paragraph.

143.    Defendants deny the allegations in this Paragraph.

144.    Defendants deny the allegations in this Paragraph.

145.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulations.  That statute and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

146.    Defendants deny the allegations in this Paragraph.

147.    Defendants deny the allegations in this Paragraph.

148.    Defendants deny the allegations in this Paragraph.

149.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulations.  That statute and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

150.    Defendants deny the allegations in this Paragraph.

151.    Defendants deny the allegations in this Paragraph.

152.    Defendants deny the allegations in this Paragraph.

153.    Defendants deny the allegations in this Paragraph.

154.    The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

155.    The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

156.    The allegations in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

157.    Defendants deny the allegations in this Paragraph.

158.    Defendants deny the allegations in this Paragraph.

## SECOND CAUSE OF ACTION
**Violation of the Clean Air Act** (42 U.S.C. §§ 7401 *et seq.*)

159.    Defendants adopt by reference their responses to Paragraphs 1-158.

160.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

161.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

162.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulations.  That statute and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

163.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

164.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

165.     The allegations in this Paragraph seek to characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

166.     The allegations in this Paragraph provide Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

167.     The first sentence in this Paragraph purports to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with them.  The remaining two sentences in this Paragraph provide Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

168.     The allegations in this Paragraph provide Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

169.     The allegations in this Paragraph seek to characterize the Final EA.  The Final EA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

170.     Defendants deny the allegations in this Paragraph.

171.     Defendants deny the allegations in this Paragraph.

**REQUEST FOR RELIEF**

Sub-paragraphs "i" through "ix" under the caption "Request for Relief" provide Plaintiff's prayers for relief.   To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

All of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

**<u>DEFENSES</u>**

1.      Plaintiff lacks standing to assert the claims alleged in the Complaint.

2.      Plaintiff fails to state a claim upon which relief can be granted.

3.      Plaintiff has failed to exhaust its administrative remedies for some or all of their claims.

4.      Venue is improper in this Court.

**<u>PRAYER</u>**

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiff, and grant Defendants such other and further relief that the nature of the case and justice requires.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
SHARI HOWARD

22

SAMANTHA PELTZ
Trial Attorneys
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov