UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, </br></br> *Plaintiff*, </br></br> v. </br></br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, </br></br> *Defendants*. | No. 23-3885 </br> Hon. Brian R. Martinotti |

**JOINT PROPOSAL FOR ENTRY OF SCHEDULING ORDER**

In accordance with the direction provided by the Court during the September 27, 2023 telephonic status conference, the Parties met and conferred on a schedule for the production of the administrative record and summary judgment briefing. The Parties propose the following schedule for further proceedings in this matter:

- October 27, 2023: Defendants' production of the administrative record
    - November 3, 2023: Plaintiff's objections to the administrative record
    - November 13, 2023: Defendants informally respond to Plaintiff's objections to the administrative record
    - November 17, 2023: Defendants' opposition to Plaintiff's objections to the administrative record, if any
- November 10, 2023: Plaintiff's motion for summary judgment
- December 15, 2023: Defendants' cross motion for summary judgment and opposition to Plaintiff's motion
- January 12, 2024: Plaintiff's opposition to Defendants' cross motion for summary judgment and reply in support of Plaintiff's motion
- January 26, 2024: Defendants' reply in support of cross motion for summary judgment

Plaintiff's Position

Regarding objections to the administrative record, Plaintiff believes that any objections can be litigated simultaneously with the merits briefing and will oppose any application to stay or vacate the schedule if there are objections to the administrative record. Defendants' request

that this Court vacate the scheduling order is equivalent to a request to stay merits briefing, while circumventing the need to file a proper motion. Defendants have set forth no basis to vacate or stay the entire scheduling order while the parties litigate discovery disputes. *See e.g., Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."). Indeed, "the decision to stay proceedings, an extraordinary remedy, is firmly within the Court's sound discretion." *Eagle Pharm., Inc. v. MRIGlobal*, 2022 WL 18621010, at *1 (D.N.J. Aug. 9, 2022) (citations omitted). In considering whether good cause exists to warrant a stay, the court looks at: "(a) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (b) whether denial of the stay would create a clear case of hardship or inequity; (c) whether a stay would simplify the issues and the trial of the case; and (d) whether discovery is complete and/or a trial date has been set." *Id.* at *1 (denying a motion to stay where "delaying discovery would frustrate plaintiff's interest in prompt resolution of its claims"). The burden is on the moving party to demonstrate the appropriateness of a stay and Defendants cannot satisfy that burden. *Id.* at *1. Plaintiff's position is that the Court should not vacate the schedule or grant a stay to Defendants without Defendants filing a proper motion, which Plaintiff will oppose.

Defendants' Position

To the extent Plaintiff chooses not to challenge the administrative record, Defendants have no objection to the schedule proposed above. However, Defendants believe that Plaintiff's proposal to simultaneous brief the merits and resolve record disputes is unworkable. To be clear, Defendants do not seek a "stay" of merits briefing. Instead, Defendants believe it is appropriate to first resolve challenges to the administrative record before proceeding to briefing on the merits

because the Court's resolution of the merits must necessarily be based on "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, (1971); *see also NVE, Inc. v. Dep't of Health and Human Servs.*, 436 F.3d 182, 189 (3d. Cir. 2006). Plaintiff's proposal, on the other hand, would be akin to beginning merits briefing while discovery disputes are still unresolved, and, in any event, is relevant only to *de novo* litigation, not challenges to administrative agency action. *See Banner Health v. Sebelius*, 797 F. Sup. 2d 97, 113 (D.D.C. 2011) ("[C]ourts routinely exercise their discretion to decline to reach the ultimate question of whether the agency's decisionmaking process was arbitrary or capricious in the absence of the full administrative record."). As such, in the event that Plaintiff challenges the administrative record on November 3, 2023, Defendants request that the Court: (1) vacate the schedule for merits briefing pending resolution of Plaintiff's motion challenging the administrative record; (2) Defendants informally respond to Plaintiff's objections to the record by November 13, 2023 so that the Parties can first ascertain whether they can resolve any disputes without Court intervention[1]; and, if the Parties cannot reach a resolution, (3) pursuant to Local Civil Rule 7.1(c)(2), Defendants file an opposition to Plaintiff's motion on or before November 17, 2023. Defendants propose that the Parties propose a revised merits briefing schedule within 5 business days of the Court's resolution of Plaintiff's motion to challenge the record, if any.

       Thank you in advance for consideration of our request.

---

[1] If the Parties are able to informally resolve any record disputes, Defendants suggest that they promptly inform the Court and also propose a modified merits briefing schedule at that time, as appropriate.

Respectfully submitted this 4th day of October 2023,

/s/ *Randy M. Mastro*
Randy M. Mastro
Craig Carpenito
Jessica Benvenisty
Lauren Myers
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100
Fax: (212) 556-2222

Peter Hsiao
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. (213) 433-4355
Fax: (213) 443-4319

Cynthia AM Stroman
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4704
Tel. (202) 737-0500
Fax: (202) 626-3737

*Counsel for Plaintiff*


TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ GREOGRY M. CUMMING*
GREGORY M. CUMMING
SHARI HOWARD
SAMANTHA PELTZ
Trial Attorneys
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
shari.howard@usdoj.gov

samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

*Counsel for Defendants*

5