# Appendix I

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

STATE OF NEW JERSEY,

                        Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, FEDERAL HIGHWAY
ADMINISTRATION, SHAILEN BHATT, in
his official capacity as Administrator of the
Federal Highway Administration, and
RICHARD J. MARQUIS, in his official
capacity as Division Administrator of the New
York Division of the Federal Highway
Administration,

                        Defendants.

Hon. Brian R. Martinotti

Civ. No. 2:23-cv-03885-BRM-LDW


**[PROPOSED] ANSWER TO
PLAINTIFF'S COMPLAINT BY
PROPOSED INTERVENOR-
DEFENDANTS THE METROPOLITAN
TRANSPORTATION AUTHORITY AND
THE TRIBOROUGH BRIDGE AND
TUNNEL AUTHORITY**

Proposed Intervenor-Defendants the Metropolitan Transportation Authority (the "MTA")

and the Triborough Bridge and Tunnel Authority ("TBTA") (jointly, "Intervenor-Defendants"),

by and through their attorneys, Sive, Paget & Riesel, P.C., by way of Answer to the Complaint of

Plaintiff State of New Jersey, hereby state:

## I.      NATURE OF THE CASE[1]

    1.  Intervenor-Defendants deny the allegations contained in Paragraph 1 of the Complaint, except

to the extent Paragraph 1 contains conclusions of law for which no response is required, and respectfully

refer the Court to the Final Environmental Assessment ("Final EA") and Finding of No Significant Impact

("FONSI") for the Central Business District Tolling Program ("CBDTP" or the "Project'), and to the

other document cited in Paragraph 1 for their full contents; to the extent the allegations are inconsistent

---

[1] Intervenor-Defendants make no response to the headings and subheadings listed in the Complaint, which are repeated here simply for convenience.  To the extent a response is required to the headings and subheadings, they are denied.

1

with the contents of these documents, the allegations are denied.

2.  Intervenor-Defendants deny the allegations contained in Paragraph 2 of the Complaint, and respectfully refer the Court to the Final EA and FONSI for the Project for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

3. Intervenor-Defendants admit that 10% each of the revenues from the Project are allocated to the Long Island Railroad and Metro-North Railroad; however, Intervenor-Defendants deny that they "agreed" to allocate these percentages, as they were mandated by the New York State Legislature in the MTA Reform and Traffic Mobility Act of 2019 (the "Traffic Mobility Act"); Intervenor-Defendants otherwise deny the allegations contained in Paragraph 3 of the Complaint, except to the extent Paragraph 3 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project and to the other documents referenced in Paragraph 3 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

4.  Intervenor-Defendants deny the allegations contained in Paragraph 4 of the Complaint, and respectfully refer the Court to the Final EA and FONSI for the Project and to the other document referenced in Paragraph 4 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

5.  Intervenor-Defendants deny the allegations contained in Paragraph 5 of the Complaint, and respectfully refer the Court to the Final EA and FONSI for the Project and to the other documents referenced in Paragraph 5 for their full contents, and aver that a determination of a federal agency to require an Environmental Assessment or Environmental Impact Statement is a fact-specific determination; to the extent the allegations are inconsistent with the contents of the documents referenced in this Paragraph 5, the allegations are denied.

6.  Intervenor-Defendants deny the allegations contained in Paragraph 6 of the Complaint, and

respectfully refer the Court to the Final EA and FONSI for the Project and to the other document referenced in Paragraph 6 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

7.  Intervenor-Defendants deny the allegations contained in Paragraph 7 of the Complaint, except to the extent Paragraph 7 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

8.  Intervenor-Defendants deny the allegations contained in Paragraph 8 of the Complaint, except to the extent Paragraph 8 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

9.  Intervenor-Defendants deny the allegations contained in Paragraph 9 of the Complaint, and respectfully refer the Court to the Final EA and FONSI for the Project and to the EPA letter referenced in Paragraph 9 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

10.  Intervenor-Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that the Final EA considered a range of tolling scenarios with different attributes, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

11.  Intervenor-Defendants deny the allegations contained in Paragraph 11 of the Complaint, except to the extent Paragraph 11 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

12.  Intervenor-Defendants deny the allegations contained in Paragraph 12 of the Complaint,

except to the extent Paragraph 12 contains conclusions of law based on Executive Orders, for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project and to the Executive Orders referenced in Paragraph 12; to the extent the allegations are inconsistent with these documents, the allegations are denied.

13.  Intervenor-Defendants deny the allegations contained in Paragraph 13 of the Complaint, except to the extent Paragraph 13 contains conclusions of law for which no response is required.

14.  Intervenor-Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.  Intervenor-Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.  Intervenor-Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.  Intervenor-Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.  Intervenor-Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.  Intervenor-Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.  Intervenor-Defendants deny the allegations contained in Paragraph 20 of the Complaint and deny that Plaintiff is entitled to any relief.

## II.      JURISDICTION AND VENUE

21.  Intervenor-Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1346.

22.  Intervenor-Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.  Intervenor-Defendants admit that the State of New Jersey is resident in this District. Intervenor-Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint, except to the extent Paragraph 23 contains conclusions of law for which no response is required.

24.  Intervenor-Defendants deny the allegations contained in Paragraph 24 of the Complaint, except to the extent Paragraph 24 contains conclusions of law for which no response is required.

### III.   PARTIES

25. Intervenor-Defendants admit that the State of New Jersey is one of the United States of America.  Intervenor-Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint, except to the extent Paragraph 25 contains conclusions of law for which no response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint regarding the responsibilities and interests of the State of New Jersey, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

26. Intervenor-Defendants admit that Defendant the U.S. Department of Transportation ("USDOT") is the executive department of the federal government responsible for oversight of the transportation planning process, including implementing the requirements of the National Environmental Policy Act ("NEPA"), and ensuring the conformity of federally developed, funded or approved transportation projects.  Intervenor-Defendants deny the remaining allegations in Paragraph 26, except to the extent those allegations contain conclusions of law for which no response is required.

27. Intervenor-Defendants admit that Defendant the Federal Highway Administration ("FHWA") is a federal agency within USDOT with certain responsibilities under federal law, and deny the remaining allegations contained in Paragraph 27 of the Complaint, except to the extent those allegations contain conclusions of law for which no response is required.

28. Intervenor-Defendants admit that Defendant Shailen Bhatt is the Administrator of the FHWA; Intervenor-Defendants deny that the Project is a "scheme"; Intervenor-Defendants deny the remaining allegations in Paragraph 28, except to the extent these allegations contain conclusions of law for which no response is required.

29. Intervenor-Defendants admit that Defendant Richard J. Marquis is the Division Administrator for the New York Division of the FHWA and signed the Final EA and FONSI; Intervenor-Defendants

deny the remaining allegations in Paragraph 29, except to the extent these allegations contain conclusions of law for which no response is required.

## IV.    FACTUAL BACKGROUND[2]

30.  Intervenor-Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore deny those allegations.

31.  Intervenor-Defendants admit that NEPA was enacted by Congress in 1970, and respectfully refer the Court to the Senate Report and Federal Statutes cited in Paragraph 31 for their full contents; Intervenor-Defendants deny any allegations inconsistent with them.

32.  Intervenor-Defendants admit that the U.S. Supreme Court issued *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), respectfully refer the Court to the Federal regulation cited in Paragraph 32 as the best evidence of its contents and deny any allegations inconstant with it, and deny the remaining allegations in Paragraph 32, except to the extent these allegations contain conclusions of law for which no response is required.

33.  Intervenor-Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore deny those allegations, except admit that certain decisions made by federal agencies, including transportation agencies such as FHWA, are subject to NEPA.

34.  Intervenor-Defendants aver that Paragraph 34 of the Complaint contains conclusions of law for which no response is required.

35.  Intervenor-Defendants aver that Paragraph 35 of the Complaint contain conclusions of law for which no response is required.

36.  Intervenor-Defendants aver that Paragraph 36 of the Complaint contains conclusions of law

---

[2] Subheadings are not repeated as they are argumentative; as noted in footnote 1, to the extent required, Intervenor-Defendants deny the subheadings.

for which no response is required.

37.  Intervenor-Defendants aver that Paragraph 37 of the Complaint contains conclusions of law for which no response is required.

38.  Intervenor-Defendants deny the allegations contained in Paragraph 38 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 38 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

39.  Intervenor-Defendants deny the allegations contained in Paragraph 39 of the Complaint, respectfully refer the Court to the documents referenced in Paragraph 39 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied. Intervenor-Defendants aver that a determination of a federal agency to require an Environmental Assessment or Environmental Impact Statement is a fact-specific determination.

40.  Intervenor-Defendants deny the allegations contained in Paragraph 40 of the Complaint, respectfully refer the Court to the documents referenced in Paragraph 40 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied. Intervenor-Defendants aver that a determination of a federal agency to require an Environmental Assessment or Environmental Impact Statement is a fact-specific determination.

41.  Intervenor-Defendants deny the allegations contained in Paragraph 41 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 41 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied. Intervenor-Defendants aver that a determination of a federal agency to require an Environmental Assessment or Environmental Impact Statement is a fact-specific determination.

42.  Intervenor-Defendants aver that Paragraph 42 of the Complaint contains conclusions of law based on an Executive Order and federal agency guidance for which no response is required.

43.  Intervenor-Defendants aver that Paragraph 43 of the Complaint contains conclusions of law

based on an Executive Order for which no response is required.

44. Intervenor-Defendants aver that Paragraph 44 of the Complaint contains conclusions of law based on an Executive Order for which no response is required.

45. Intervenor-Defendants aver that Paragraph 45 of the Complaint contains conclusions of law based on federal agency guidance for which no response is required.

46. Intervenor-Defendants aver that Paragraph 46 of the Complaint contains conclusions of law based on correspondence for which no response is required.

47. Intervenor-Defendants aver that Paragraph 47 of the Complaint contains conclusions of law based on federal agency guidance for which no response is required.

48. Intervenor-Defendants deny the allegations contained in Paragraph 48 of the Complaint, except admit that in 2007 New York City sought to implement a congestion pricing program.

49. Intervenor-Defendants deny the allegations contained in Paragraph 49 of the Complaint and respectfully refer the Court to "PlaNYC: A Greener, Greater New York" and to the other documents referenced in Paragraph 49 for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

50. Intervenor-Defendants deny the allegations contained in Paragraph 50 of the Complaint and respectfully refer the Court to "PlaNYC: A Greener, Greater New York" and to the other documents referenced in Paragraph 50 for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

51. Intervenor-Defendants deny the allegations contained in Paragraph 51 of the Complaint and respectfully refer the Court to the report of the "Fix NYC Advisory Panel" for its full and accurate contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

52. Intervenor-Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.  Intervenor-Defendants aver that Paragraph 53 of the Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the Traffic Mobility Act for its full and accurate contents; to the extent the allegations in Paragraph 53 are inconsistent with the Traffic Mobility Act, those allegations are denied.

54.  Intervenor-Defendants aver that Paragraph 54 of the Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for the Project for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

55.  Intervenor-Defendants deny the allegations contained in Paragraph 55 of the Complaint, and respectfully refer the Court to the Traffic Mobility Act, the New York State 2019-2020 Budget, and the other document referenced in Paragraph 55 for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

56.  Intervenor-Defendants deny the allegations contained in Paragraph 56 of the Complaint, except to the extent that Paragraph 56 contains conclusions of law for which no response is required, and admit that the Project Sponsors (TBTA, an affiliate of the MTA; the New York State Department Transportation; and the New York City Department of Transportation) submitted to FHWA an Expression of Interest for federal approval under the Value Pricing Pilot Program ("VPPP") to initiate the CBD Tolling Program, and that FHWA has to date not issued approval of the Project under the VPPP.

57.  Intervenor-Defendants deny the allegations contained in Paragraph 57 of the Complaint, except admit that one or more of the Project Sponsors met with representatives of the federal government in 2019 and 2020 to discuss advancing the Project consistent with law and that as of July 2020 the Project Sponsors had not been advised of the type of review that would be, at least initially, required pursuant to NEPA; Intervenor-Defendants respectfully refer the Court to the document cited in Paragraph 57 for its full and accurate contents; to the extent the allegations are inconsistent with the contents of this document,

the allegations are denied.

58.  Intervenor-Defendants deny the allegations contained in Paragraph 58 of the Complaint, except to admit that Intervenor-Defendants received federal pandemic relief funding and respectfully refer the Court to the documents referenced in Paragraph 58 for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

59.  Intervenor-Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny those allegations.

60.  Intervenor-Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny those allegations.

61.  Intervenor-Defendants respectfully refer the Court to the documents referenced in Paragraph 61 for their full and accurate contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

62.  Intervenor-Defendants respectfully refer the Court to the MTA Board Meeting Minutes on March 17, 2021 referenced in Paragraph 62 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

63.  Intervenor-Defendants admit that FHWA authorized the Project Sponsors to proceed with a NEPA Class III (EA) action under 23 C.F.R. § 771, and respectfully refer the Court to the documents referenced in Paragraph 63 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

64.  Intervenor-Defendants admit that preparation of the Draft EA began in the Spring of 2021; Intervenor-Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

65.  Intervenor-Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.  Intervenor-Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.  Intervenor-Defendants deny the allegations contained in Paragraph 67 of the Complaint,

except admit that the identified agencies were invited to and did attend a meeting held by FHWA and the Project Sponsors.

68.  Intervenor-Defendants admit that New Jersey agencies were invited to attend a briefing on the Draft EA on August 4, 2022, and that those agencies were afforded the opportunity to ask questions at that briefing, and deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.  Intervenor-Defendants deny the allegations contained in Paragraph 69 of the Complaint and respectfully refer the Court to the documents cited in Paragraph 69 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

70.  Intervenor-Defendants admit that the Draft EA was made available to the public on August 10, 2022, deny the remaining allegations contained in Paragraph 70 of the Complaint, and respectfully refer the Court to the Draft EA for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

71.  Intervenor-Defendants deny the allegations contained in Paragraph 71 of the Complaint, except admit that the Draft EA was made available for a 30-day formal comment period, that FHWA extended the comment period for 14 days pursuant to 23 C.F.R. § 771.119(e)(e), and that FHWA and the Project Sponsors received more than 14,000 individual submissions, 55,000 form letters, and a total of over 22,000 individual comments on the Draft EA, and respectfully refer the Court to the Draft EA for its full contents; to the extent the allegations in Paragraph 71 are inconsistent with the contents of this document, the allegations are denied.

72.  Intervenor-Defendants admit that New Jersey, Governor Murphy, and several New Jersey agencies submitted comments on the Draft EA, and deny the remaining allegations contained in Paragraph 72 of the Complaint and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

73.  Intervenor-Defendants admit that the North Jersey Transportation Planning Authority was a

participating agency in the Final EA, and deny the remaining allegations contained in Paragraph 73 of the Complaint and respectfully refer the Court to the documents cited in Paragraph 73 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

74.   Intervenor-Defendants deny the allegations contained in Paragraph 74 of the Complaint and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

75.   Intervenor-Defendants deny the allegations contained in Paragraph 75 of the Complaint, except admit that Governor Murphy sent a letter dated September 23, 2022 to FHWA, and respectfully refer the Court to that letter for its full contents; to the extent the allegations are inconsistent with the contents of the letter, the allegations are denied.

76.   Intervenor-Defendants aver that Paragraph 76 contains conclusions of law for which no response is required; otherwise, Intervenor-Defendants deny the allegations contained in Paragraph 76 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 76 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

77.   Intervenor-Defendants deny the allegations contained in Paragraph 77 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 77 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

78.   Intervenor-Defendants deny the allegations contained in Paragraph 78 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 78 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

79.   Intervenor-Defendants deny the allegations contained in Paragraph 79 of the Complaint, and

respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 79 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

80.   Intervenor-Defendants deny the allegations contained in Paragraph 80 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 80 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

81.   Intervenor-Defendants deny the allegations contained in Paragraph 81 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 81 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

82.   Intervenor-Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.   Intervenor-Defendants deny the allegations contained in Paragraph 83 of the Complaint, except admit that the FHWA published the Final EA in early May 2023. Intervenor-Defendants respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

84.   Intervenor-Defendants admit that in conjunction with the Final EA, FHWA published a Draft FONSI.  Intervenor-Defendants respectfully refer the Court to the Draft FONSI for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

85.   Intervenor-Defendants deny the allegations contained in Paragraph 85 of the Complaint, and respectfully refer the Court to the Draft FONSI referenced in Paragraph 85 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

86.   Intervenor-Defendants deny the allegations contained in Paragraph 86 of the Complaint, and respectfully refer the Court to the Draft FONSI referenced in Paragraph 86 for its full contents; to the

extent the allegations are inconsistent with the contents of this document, the allegations are denied.

87.  Intervenor-Defendants deny the allegations contained in Paragraph 87 of the Complaint, except admit that the Draft FONSI was made available for public review for 30 days.

88.  Intervenor-Defendants deny the allegations contained in Paragraph 88 of the Complaint, and respectfully refer the Court to the June 12, 2023 letter from Governor Murphy to FHWA referenced in Paragraph 88 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

89.  Intervenor-Defendants deny the allegations contained in Paragraph 89 of the Complaint, and respectfully refer the Court to the June 12, 2023 letter from Governor Murphy to FHWA referenced in Paragraph 89 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

90.  Intervenor-Defendants admit that FHWA published the FONSI on June 23, 2023, and deny the remaining allegations contained in Paragraph 90 of the Complaint, and respectfully refer the Court to the FONSI referenced in Paragraph 90 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

91.  Intervenor-Defendants deny the allegations contained in Paragraph 91 of the Complaint, except to the extent that Paragraph 91 contains conclusions of law for which no response is required.

92.  Intervenor-Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.  Intervenor-Defendants deny the allegations contained in Paragraph 93 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 93 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

94.  Intervenor-Defendants deny the allegations contained in Paragraph 94 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 94 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

95.  Intervenor-Defendants deny the allegations contained in Paragraph 95 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 95 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

96.  Intervenor-Defendants deny the allegations contained in Paragraph 96 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 96 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

97.  Intervenor-Defendants deny the allegations contained in Paragraph 97 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 97 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

98.  Intervenor-Defendants deny the allegations contained in Paragraph 98 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 98 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

99.  Intervenor-Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.  Intervenor-Defendants deny the allegations contained in Paragraph 100 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 100 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

101.  Intervenor-Defendants deny the allegations contained in Paragraph 101 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 101 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

102.  Intervenor-Defendants deny the allegations contained in Paragraph 102 of the Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 102 for its full contents; to the extent the allegations are

inconsistent with the contents of this document, the allegations are denied.

103.   Intervenor-Defendants deny the allegations contained in Paragraph 103 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 103 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

104.   Intervenor-Defendants deny the allegations contained in Paragraph 104 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 104 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

105.   Intervenor-Defendants deny the allegations contained in Paragraph 105 of the Complaint, except to the extent that Paragraph 105 contains conclusions of law for which no response is required.

106.   Intervenor-Defendants deny the allegations contained in Paragraph 106 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 106 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

107.   Intervenor-Defendants deny the allegations contained in Paragraph 107 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 107 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

108.   Intervenor-Defendants deny the allegations contained in Paragraph 108 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 108 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

109.   Intervenor-Defendants deny the allegations contained in Paragraph 109 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 109 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

110.   Intervenor-Defendants deny the allegations contained in Paragraph 110 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 110 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

111.  Intervenor-Defendants deny the allegations contained in Paragraph 111 of the Complaint, except to the extent that Paragraph 111 contains conclusions of law for which no response is required, and respectfully refer the Court to the documents referenced in Paragraph 111 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

112.  Intervenor-Defendants deny the allegations contained in Paragraph 112 of the Complaint, except to the extent that Paragraph 112 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA referenced in Paragraph 112 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

113.  Intervenor-Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.  Intervenor-Defendants deny the allegations contained in Paragraph 114 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 114 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

115.  Intervenor-Defendants deny the allegations contained in Paragraph 115 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 115 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

116.  Intervenor-Defendants deny the allegations contained in Paragraph 116 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 116 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

117.  Intervenor-Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.  Intervenor-Defendants deny the allegations contained in Paragraph 118 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 118 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

119.  Intervenor-Defendants deny the allegations contained in Paragraph 119 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 119 for their full contents; to

the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

120. Intervenor-Defendants deny the allegations contained in Paragraph 120 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 120 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

121. Intervenor-Defendants deny the allegations contained in Paragraph 121 of the Complaint, and respectfully refer the Court to the Final EA and FONSI to the extent referenced in Paragraph 121 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

122. Intervenor-Defendants deny the allegations contained in Paragraph 122 of the Complaint.

## V.    <u>FIRST CAUSE OF ACTION</u>

123. Intervenor-Defendants adopt by reference their responses to Paragraphs 1 through 122 above.

124. Intervenor-Defendants deny the allegations contained in Paragraph 124 of the Complaint, except to the extent these allegations contain conclusions of law for which no response is required.

125. Intervenor-Defendants deny the allegations contained in Paragraph 125 of the Complaint, except to the extent that Paragraph 125 contains conclusions of law for which no response is required.

126. Intervenor-Defendants deny the allegations contained in Paragraph 126 of the Complaint, except to the extent that Paragraph 126 contains conclusions of law for which no response is required.

127. Intervenor-Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Intervenor-Defendants aver that Paragraph 128 of the Complaint contains conclusions of law for which no response is required.

129. Intervenor-Defendants aver that Paragraph 129 of the Complaint contains conclusions of law for which no response is required.

130. Intervenor-Defendants deny the allegations contained in Paragraph 130 of the Complaint,

except to the extent that Paragraph 130 contains conclusions of law for which no response is required.

131. Intervenor-Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Intervenor-Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Intervenor-Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Intervenor-Defendants aver that Paragraph 134 of the Complaint contains conclusions of law for which no response is required.

135. Intervenor-Defendants deny the allegations contained in Paragraph 135 of the Complaint, except to the extent that Paragraph 135 contains conclusions of law for which no response is required.

136. Intervenor-Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Intervenor-Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Intervenor-Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Intervenor-Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Intervenor-Defendants deny the allegations contained in Paragraph 140 of the Complaint, except to the extent that Paragraph 140 contains conclusions of law for which no response is required.

141. Intervenor-Defendants deny the allegations contained in Paragraph 141 of the Complaint, except to the extent that Paragraph 141 contains conclusions of law for which no response is required.

142. Intervenor-Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143. Intervenor-Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Intervenor-Defendants deny the allegations contained in Paragraph 144 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 144 for its full content; to the extent the allegations characterize or paraphrase the contents of this document, the allegations are denied.

145. Intervenor-Defendants aver that Paragraph 145 contains conclusions of law for which no response is required.

146. Intervenor-Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.   Intervenor-Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.   Intervenor-Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.   Intervenor-Defendants deny the allegations contained in Paragraph 149 of the Complaint, except to the extent that Paragraph 149 contains conclusions of law for which no response is required.

150.   Intervenor-Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.   Intervenor-Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.   Intervenor-Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.   Intervenor-Defendants deny the allegations contained in Paragraph 153 of the Complaint, except to the extent that Paragraph 153 contains conclusions of law for which no response is required.

154.   Intervenor-Defendants aver that Paragraph 154 of the Complaint contains conclusions of law for which no response is required.

155.   Intervenor-Defendants aver that Paragraph 155 of the Complaint contains conclusions of law for which no response is required.

156.   Intervenor-Defendants aver that Paragraph 156 of the Complaint contains conclusions of law for which no response is required.

157.   Intervenor-Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.   Intervenor-Defendants deny the allegations contained in Paragraph 158 of the Complaint.

## VI.   <u>SECOND CAUSE OF ACTION</u>

159.   Intervenor-Defendants adopt by reference their responses to Paragraphs 1 through 158 above.

160.   Intervenor-Defendants aver that Paragraph 160 of the Complaint contains conclusions of law for which no response is required.

161.   Intervenor-Defendants aver that Paragraph 161 of the Complaint contains conclusions of law for which no response is required.

162.  Intervenor-Defendants aver that Paragraph 162 of the Complaint contains conclusions of law for which no response is required.

163.  Intervenor-Defendants aver that Paragraph 163 of the Complaint contains conclusions of law for which no response is required.

164.  Intervenor-Defendants aver that Paragraph 164 of the Complaint contains conclusions of law for which no response is required.

165.  Intervenor-Defendants aver that Paragraph 165 of the Complaint contains conclusions of law for which no response is required.

166.  Intervenor-Defendants aver that Paragraph 166 of the Complaint contains conclusions of law for which no response is required.

167.  Intervenor-Defendants deny the allegations contained in Paragraph 167 of the Complaint, except to the extent that Paragraph 166 contains conclusions of law for which no response is required.

168.  Intervenor-Defendants deny the allegations contained in Paragraph 168 of the Complaint, except to the extent that Paragraph 167 contains conclusions of law for which no response is required.

169.  Intervenor-Defendants deny the allegations contained in Paragraph 169 of the Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 169 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

170.  Intervenor-Defendants deny the allegations contained in Paragraph 170 of the Complaint, except to the extent that Paragraph 170 contains conclusions of law for which no response is required.

171.  Intervenor-Defendants deny the allegations contained in Paragraph 171 of the Complaint, except to the extent that Paragraph 171 contains conclusions of law for which no response is required.

172.  Intervenor-Defendants deny the allegations contained in Paragraph 172 of the Complaint, except to the extent that Paragraph 172 contains conclusions of law for which no response is required.

## **REQUEST FOR RELIEF**

Intervenor-Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **GENERAL DENIAL**

Intervenor-Defendants hereby deny any of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied, or otherwise answered.

## **AFFIRMATIVE DEFENSES**

1. The claims asserted in the Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

2. The claims asserted in the Complaint are barred, in whole or in part, by equitable doctrines, including but not limited to laches, waiver, and estoppel and unclean hands.

3. Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

4. Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies.

5. Venue is improper in this Court.

6. The claims asserted in the Complaint are not ripe for adjudication.

7. The FHWA undertook the functional equivalent of an EIS.

**WHEREFORE**, Intervenor-Defendants hereby requests that this Court dismiss Plaintiff's Complaint with prejudice and award Intervenor-Defendants such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, costs and attorneys' fees.

Dated: October 6, 2023                                    Respectfully submitted,

                                                          */s/ Daniel Chorost* _____
                                                          Daniel Chorost
                                                          Mark A. Chertok*
                                                          Elizabeth Knauer*
                                                          John F. Nelson*
                                                          SIVE, PAGET & RIESEL, P.C.
                                                          560 Lexington Avenue, 15th Floor
                                                          New York, NY 10022
                                                          (212) 421-2150
                                                          dchorost@sprlaw.com
                                                          mchertok@sprlaw.com
                                                          eknauer@sprlaw.com
                                                          jnelson@sprlaw.com

                                                          *Counsel for Proposed Intervenor-*
                                                          *Defendants the Metropolitan*
                                                          *Transportation Authority and the*
                                                          *Triborough Bridge and Tunnel Authority*

                                                          *Application for pro hac vice admission*
                                                          *pending*