

                **U.S. Department of Justice**

                Environment and Natural Resources Division

---

*Natural Resources Section*                                                                                   *Telephone (202) 305-0457*
*P.O. Box 7611*                                                                                           *Facsimile (202) 305-0275*
*Washington, DC  20044*

<u>Via ECF</u>                                                                                                             November 1, 2023

Hon. Leda Dunne Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:    *State of New Jersey v. U.S. Dep't of Transp., et al.*, No. 23-3885 (BRM) (LDW)

Dear Judge Wettre,

      Defendants[1] write to request that the Court modify its October 13, 2023, Order (ECF No. 39) to excuse the Department of Justice ("DOJ") from producing an official with full settlement authority at the settlement conference set for November 13, 2023. Counsel for Defendants have conferred with all parties; Plaintiff takes no position and Defendant-Intervenor consents to the relief requested.

      By way of background, following an October 10, 2023, status conference, the Court issued an Order setting an in-person settlement conference in this case for November 13, 2023, and, among other things, ordering that "[c]lients with full and immediate settlement authority must attend for the duration unless excused by the Court."  ECF No. 39. Consistent with Local Rule 16.1(a)(4), which provides that "a governmental party may be represented by a knowledgeable delegate" at a settlement conference, Defendants request that they be excused from any requirement that a Department of Justice ("DOJ") official with full settlement authority attend, and to instead have Defendants be represented by trial counsel knowledgeable in this matter.[2]

      Defendants fully support the use of settlement conferences and other dispute resolution techniques to assist parties in exploring resolution of litigation without judicial intervention, and intend to participate in good faith in settlement efforts at the November 13 conference.

---

[1]     Defendants are the U.S. Department of Transportation ("DOT"), the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

[2]     In addition to DOJ trial counsel, FHWA agency counsel and Richard J. Marquis, Administrator of the New York Division of FHWA (an official capacity Defendant in this matter) intend to attend the conference.

However, undersigned counsel for Defendants are unable to comply with the requirement that a DOJ representative with full settlement authority attend the conference because trial attorneys for the United States cannot legally execute or agree to any final settlement agreement or compromise the claims of the United States.  That authority is instead vested in the Attorney General of the United States.  *See* 28 U.S.C. §§ 509; 516; and 519.

The Attorney General, in turn, has delegated to the Assistant Attorneys General the authority to accept offers in compromise in all non-monetary cases assigned to their respective divisions.  In this case, that authority resides with Todd Kim, Assistant Attorney General ("AAG") of the DOJ Environment and Natural Resources Division, a presidential appointee confirmed by Congress.  *See* 28 C.F.R. § 0.160(a)(4).  The AAG has a multitude of responsibilities, including ultimate settlement authority for thousands of cases to which the United States or its agencies or officers is a party.  Realistically, AAG Kim cannot attend or even be available by telephone for settlement conferences in all cases in which he has settlement authority.  Instead, any proposed terms for settlement or compromise by Defendants must be formally referred in writing to the AAG for approval.

Accordingly, Defendants respectfully request that the Court modify the Order to excuse DOJ from the requirement that an official with full settlement authority attend the conference.  Various courts have confirmed that such modification is appropriate.  *See United States v. U.S. Dist. Ct. for the N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012) (excusing "a government representative with full settlement authority to appear at the first settlement conference to be held with the court").  In reaching that conclusion the court explained, among other things, that:  (1) "the federal government, though not independent of the court's authority, is also not like any other litigant," *id*.; (2) for the AAG "to prepare for and appear at all settlement conferences . . . would be highly impractical, if not physically impossible," *id*.; and (3) "the first conference to be held in the case" did not provide "a basis to conclude that the direct involvement of the critical decisionmaker for the federal government was needed to achieve a settlement," *id*. at 1060.  So too, the Fifth Circuit explained that a "district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order" requiring full settlement authority.  *In re Stone*, 986 F. 2d 898 (5th Cir. 1993); *see also C1 Design Grp. v. United States*, No. 15-146, 2016 WL 3017380, at *2 (D. Id. May 24, 2016) (approving the attorney handling the case to attend the mediation, with the Assistant Section Chief available by telephone).

So too, the Advisory Committee Notes to Fed. R. Civ. P. 16 state that in litigation involving the government, "there may be no one with on-the-spot settlement authority, and that the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making authority."  Advisory Committees' Note, Subdivision (c), Fed. R. Civ. P. 16 (1993 Amend.).  And Congress has also recognized the need to account for the "unique situation" of the Department of Justice with respect to settlement in federal district court matters because the Department "does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials" within the Department of Justice.  *See* S. Rep. 101-416, 101st Cong., 2d. (Aug. 3, 1990), Senate Report to Accompany S. 2648, Pub. L. 101-650; H.R. Rep. 101-732 (Sept. 21, 1990), House Report to Accompany H.R. 3898, Pub. L. 101-650.

Finally, it is unlikely the Court's desire for meaningful settlement discussions at this early stage of the litigation would be better served by the participation or presence of high-level DOJ

officials. To the contrary, that goal can be achieved best by the participation of Defendants' trial attorneys who are knowledgeable about the parties, facts, issues, law, and any settlement options relating to this matter, and can accordingly recommend settlement proposals for approval by the AAG.

For the above reasons reasons, Defendants respectfully request that the Court modify the Court's order setting a settlement conference by excusing Defendants from the attendance requirement as to a DOJ representative with full and immediate settlement authority.

Respectfully submitted,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
SHARI HOWARD
SAMANTHA G. PELTZ
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov