## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**RENÉE MARIE BUMB**  
**CHIEF UNITED STATES DISTRICT JUDGE**

MITCHELL H. COHEN COURTHOUSE  
1 John F. Gerry Plaza  
P.O. Box 2797  
Camden, New Jersey 08101  
(856) 757-5020

December 13, 2023

**VIA EMAIL**- hoylman@nysenate.gov  
Senator Brad Hoylman-Sigal  
47th Senatorial District  
State of New York  
322 Eighth Avenue, Suite 1700  
New York, NY 10001

RE:  Your December 6, 2023 Correspondence Regarding Case Assignments to Judge Martinotti

Dear Senator Hoylman-Sigal:

I am in receipt of your December 6, 2023 correspondence requesting United States District Judge Brian R. Martinotti recuse himself from two cases, specifically: *New Jersey v. U.S. Department of Transportation*, No. 2:23-cv-03885 (D.N.J. July 1, 2023), and *Sokolich v. U.S. Department of Transportation*, No. 2:23-cv-21728 (D.N.J. Nov. 1, 2023). Notwithstanding the absence of a formal motion for disqualification or recusal, see 28 U.S.C. §§ 144 & 455, this Court takes all correspondence of this nature most seriously.

The first matter, *New Jersey v. U.S. Department of Transportation*, involves the State of New Jersey's challenge to the decision made by the United States Department of Transportation and Federal Highway Administration regarding the State of New York's congestion pricing plan. The second matter, *Sokolich v. U.S. Department of Transportation*, is a related proposed class action on behalf of, among others, all governmental officials of Bergen County, who will be impacted by New York's congestion pricing plan.

The decision to recuse rests solely with the judge presiding over the matters in question. Under 28 U.S.C. § 455(a), "discretion is confided in the district judge in the first instance to determine whether to disqualify himself **because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion**." In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) (emphasis added); see, e.g., Liteky v. United States, 510 U.S. 540, 548 (1994) (explaining that § 455 "place[s] the obligation to identify the existence of those grounds [of recusal] upon the judge himself"). This is because "'[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.'" In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007). After

1

all, great care must be exercised in contemplating a recusal motion, mindful that such motions may be used for inappropriate purposes, including judge shopping. See In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (noting that a court considering a disqualification motion should consider, among other things, "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.")

Given that the decision to recuse rests with Judge Martinotti, I cannot and will not interfere in any way with his sound decision-making. Nevertheless, in responding to your correspondence to me, I would be remiss if I failed to address some of your statements. First, as to your contention that Judge Martinotti should recuse himself because of his wife's ties to the Port Authority, I note that Councilwoman Dana Martinotti is no longer a Commissioner of the Port Authority, stepping down from that appointment nearly a year ago. Though she currently sits on the Maritime Pilot and Docking Pilot Commission, her role on that Commission is entirely unrelated to the litigation pending before Judge Martinotti.

While you direct the Court's attention to Canon 2 prohibitions, rest assured that the Court is well-versed in its Code of Conduct, including its ethical canons. To that end, Canon 2 does not automatically compel Judge Martinotti to recuse himself from either of these matters because of his wife's former appointment. Similarly, nothing in Advisory Opinion No. 107, which you suggest applies, supports a finding that Judge Martinotti must disqualify himself. Even a cursory review of Advisory Opinion No. 107, "Disqualification Based on Spouse's Business Relationships," reveals that it applies only to a spouse's current "client relationships" and/or "service provider relationships"; Councilwoman Martinotti has neither of these relationships, to my knowledge and understanding. See Advisory Opinion No. 107, available at www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies/published-advisory-opinions (last accessed Dec. 7, 2023).

As to your second contention that Judge Martinotti should recuse himself in the *Sokolich* matter because he and his spouse are members of the alleged class in that case, I do not see how Canon 3 supports your interpretation. As long as a judge and his/her spouse opt out of the class, a judge need not recuse himself. See also 28 U.S.C. § 455(f) (providing that a judge shall not be disqualified based on "financial interest," even "after substantial judicial time has been devoted to the matter," if he "divests himself . . . of the interest that provides the ground for the disqualification."). And, I reiterate that the decision to do so rests solely with the presiding judge, who is Judge Martinotti.

Further, you then go so far as to question Judge Martinotti's "willingness to appropriately disqualify himself from these proceedings" under the Code of Conduct. In this vein, you cite to a 2021 report regarding financial conflict disclosures in the federal judiciary and attack his integrity. To the extent that any judge of this Court did not make certain disclosures prior to 2021, he/she cannot and should not be faulted in the manner in which you do. In fact, only after that 2021 report did the Administrative Office of the U.S. Courts ("AO") clarify and strengthen conflict procedures and policies for the Federal Judiciary. The AO's initiative included, but was not limited to, the development of updated, specific checklists for judges to use in preparing or revising lists identifying financial and other conflicts for conflict screening purposes, which are now highlighted

in the Mandatory Screening Policy, which is available at: https://www.courts.gov/sites/default/files-guide-vol02c-ch04.pdf. It also stressed and prioritized participation in regular automated conflict screening, as a supplement to each judge's personal review of cases for conflicts. And, as I am sure you can appreciate, it is critical that all parties make accurate corporate disclosures to the Court, such as parent and subsidiary relationships, for the procedures in place to be effective.

Finally, it pains me to receive any letter, let alone one from a Legislator, that wages an *ad hominem* attack on a Judge in this District. Judge Martinotti is a most respected jurist not just in this District, but in the country. While your personal attack is both unnecessary and unfortunate, the sad reality is that attacks, in all forms, against the judiciary continue to rise. Such attacks are a disservice to the name of public service and the work that our dedicated public servants perform tirelessly day in and day out. These attacks serve no purpose other than to foment further attacks that threaten the sacred principle of judicial independence which is the great cornerstone of our democracy.

Sincerely,

Renée Marie Bumb
Chief U.S. District Judge

cc: Hon. Brian R. Martinotti, U.S.D.J.