# UNITED STATES DISTRCT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>                                  Defendants,<br><br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*,<br><br>                        *Defendant-Intervenors.* | Civil Action No. 2:23-cv-03885-BRM-LDW<br><br>MOTION FOR LEAVE OF AMICUS CURIAE THE COUNTY OF BERGEN TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Hon. Brian R. Martinotti |

Thomas J. Duch, Esq., County Counsel

*/s/ David Mateen*
_____
David Mateen, Esq., Assistant County Counsel
(Attorney ID 321122020)
Office of Bergen County Counsel
One Bergen County Plaza
Hackensack, New Jersey  07601
(201) 336-6950

1

*Amici curiae* the County of Bergen (hereinafter, "*amicus*") respectfully moves for leave to file an amicus curiae brief in this matter1. The proposed amicus brief is attached as **Exhibit A**.

## INTEREST OF THE *AMICUS CURIAE*

*Amicus* the County of Bergen is a public entity of the State of New Jersey, headquartered at One Bergen County Plaza, City of Hackensack, County of Bergen, State of New Jersey.

*Amicus* represents the interests of all Bergen County residents. The congestion pricing scheme will directly impact Bergen County, including multiple routes that connect New Jersey to New York City such as the George Washington Bridge, Lincoln Tunnel, and Holland Tunnel. Most of these routes are located in Bergen County.

Thus, many of the adverse impacts of Defendants' violations of the law, including environmental impacts as alleged herein, will occur in Bergen County and affect the safety, health and wellbeing of Bergen County residents. To protect the interests of Bergen County residents, amicus seeks to be heard on the issues of significant concern to the nearly 1 million residents of Bergen County and Amicus has a strong interest in ensuring that the congestion pricing program approved by the United State Department of Transportation and Federal Highway Administration does not go into effect, thereby protecting the quality of life and environment for Amicus' constituents in Bergen County.

## ARGUMENT

District courts have been guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts. U.S. v. Alkaabi, 223 F.Supp.2d 583, 592 (D.N.J. 2002). In accordance with this rule, courts consider the

---

1 *Amicus* states that no person other than *Amicus* assisted in writing this brief and no person or entity other than *Amicus* made any monetary contribution to the brief's preparation or submission.

following factors in deciding whether to grant amicus status: whether "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Prof'l Drug Co. Inc. v. Wyeth Inc., No. 11-5479, 2012 WL 4794587, *1 (D.N.J. 2012) (internal citation omitted). Whether to grant amicus status is within the "broad discretion of the district court." Id. (internal quotation omitted). However, at the district court level, "the aid of amicus curiae may be less appropriate than at the appellate level." Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J. 1985) aff'd, 782 F.2d 1033 (3d Cir. 1986).

1. Interest in the Case

Proposed *Amicus* offer a different perspective than any of the parties, as they represent all Bergen County Residents as well as specific interests in traffic control and environmental protection in Bergen County. When evaluating a potential amici's proffered interest in a case, the court looks to whether its "interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it." Yip, 606 F. Supp. at 1568. The potential amici must show more than simply "a generalized interest in all cases" of a similar subject matter. Sciotto v. Marple Newtown Sch. Dist., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999).

Here, the County of Bergen has a significant interest in arguing against the proposed congestion pricing plan. The congestion pricing plan has a different impact on commuters from Bergen County (as well as New York) and a different impact on the traffic and financial burden on commuters, as well as a different impact on the pollution that will ultimately be experienced by both New York and Bergen County residents. Additionally, the FONSI acknowledged that truck traffic on I-95 in

New Jersey and Bergen County will increase by up to 1,000 trucks and cost will increase for all drivers in New Jersey and Bergen County under each of the seven scenarios under consideration.

Thus, this factor supports granting Proposed *Amicus'* Motion.

2. <u>Whether Interest is Competently Represented</u>

The interests of Bergen County specifically are not represented by any party and thus the Court must find that this factor also weighs in favor of the Proposed *Amicus'* Motion.

3. <u>Usefulness of Proffered Information</u>

The FONSI acknowledges that there will be an increased cost to drivers under all tolling scenarios and even addresses the negative impact on Bergen County: the FONSI acknowledges that for New Jersey counties, including Bergen County, vehicle miles traveled ("VMT") would increase by 10.6 percent (an increase of more than 10 million VMT on an average weekday) without identifying the overall effects on the municipalities and roadways dealing with this increase. The Final EA and FONSI fails to propose or commit to or mitigate any of the impacts on Bergen County, failed to consult with Bergen County communities or include recommendations by the EPA and never considered how each possible scenario would affect Bergen County. Specifically, how it would affect Bergen County municipalities as a result of the redirection of traffic from the Lincoln and Holland Tunnels to the George Washington bridge. Highways such as Route 3, 4 and 17 will be directly affected in turn and will affect Bergen County municipalities including but not limited to Lyndhurst, Rutherford, East Rutherford, Carlstadt, Wood-Ridge, Hasbrouck Heights, Hackensack, Fort Lee, and Paramus.

Thus, the objections in the amicus brief are useful to the Court in deciding the Motion for Summary Judgment in favor of the State of New Jersey.

4. <u>Partiality to Particular Outcome</u>

"While the partiality of an amicus is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." <u>Alkaabi</u>, 223 F. Supp. 2d at 592. While the State of New Jersey includes the Counties within, the State of New Jersey has a broader concern than the County of Bergen. The impact of the congestion pricing plan is more direct to Bergen County residents than any other County in the State of New Jersey. Thus, the Court must find that this factor also weighs in favor of the Proposed *Amicus'* Motion.

## **CONCLUSION**

For the foregoing reason, proposed *Amicus* respectfully requests that this Court grant this motion for leave to file a brief in support of Plaintiff State of New Jersey's Motion for Summary Judgment. The proposed brief accompanies this motion.

*/s/ David Mateen/*

David Mateen, Esq.
Assistant Bergen County Counsel
Bergen County Counsel
One Bergen County Plaza
Hackensack, New Jersey 07601
201-336-6961
dmateen@co.bergen.nj.us

Dated: January 8, 2024