# EXHIBIT

# A

UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>                              Defendants.<br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*,<br><br>                    *Defendant-Intervenors.* | Civil Action No. 2:23-cv-03885-BRM-LDW<br><br>BRIEF OF AMICUS CURIAE THE COUNTY OF BERGEN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Hon. Brian R. Martinotti |

Thomas J. Duch, Esq., County Counsel

*/s/ David Mateen*

David Mateen, Esq., Assistant County Counsel
(Attorney ID 321122020)
Office of Bergen County Counsel
One Bergen County Plaza
Hackensack, New Jersey  07601
(201) 336-6950

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

INTEREST OF THE *AMICUS CURIAE* ........................................................................... 4

SUMMARY OF ARGUMENT ........................................................................................... 4

ARGUMENT ....................................................................................................................... 5

1. CONGESTION PRICING WILL SEVERELY BURDEN BERGEN COUNTY AND ITS RESIDENTS ............................................................................................................. 5

   A. Bergen County will experience increased air pollutants through at least 2045 in every measured category. .................................................................................... 5

   B. National Ambient Air Quality Standards ("NAAQS") criteria pollutants—such as carbon monoxide; nitrogen oxides; ozone; particulate matter ("PM"); sulfur dioxide; and lead and mobile source air toxins, as well as carcinogens like formaldehyde—will rise in ergen County. .................................................................................................. 6

   C. Bergen County will experience an increase in Annual Average Daily Traffic ("AADT") roughly two to four times greater than the corresponding increase in the Bronx without any mitigation efforts in Bergen County. ........................................ 7

   D. Bergen County would be subject to the biggest increase in vehicle miles traveled ("VMT") would increase as a result of the CBD Tolling Program ........................ 8

2. BERGEN COUNTY WILL RECEIVE ZERO BENEFITS AS A RESULT OF THE TOLLING PROGRAM ................................................................................................... 9

3. LOCAL TRAFFIC WILL INCREASE AS A RESULT OF THE TOLLING PROGRAM ..................................................................................................................... 9

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

Cases

Citizens for Clean Energy v. U.S. Dep't of Interior, 621 F.Supp.3d 1165, 1173–74 (D. Mont. 2022) .......... 8

Comm. To Stop Rte. 7 v. Volpe, 346 F. Supp. 731, 739–41 (D. Conn. 1972) .......... 8

m. Canoe Ass'n v. White, 277 F. Supp. 2d 1244, 1262 (N.D. Ala. 2003) .......... 8

Nat'l Parks & Conservation Ass'n v. Babbitt, 241 F.3d 722, 733- 35 (9th Cir. 2001), *abrogated on other grounds by* Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 157 (2010) .......... 8

O'Reilly v. U.S. Army Corps of Eng'rs, 477 F.3d 225, 231 (5th Cir. 2007) .......... 7

## INTEREST OF THE *AMICUS CURIAE*

*Amicus* the County of Bergen is a public entity of the State of New Jersey, headquartered at One Bergen County Plaza, City of Hackensack, County of Bergen, State of New Jersey. *Amicus* represents the interests of all Bergen County residents.

*Amicus* strongly opposes the Manhattan Central Business District ("CBD") Tolling Program ("Tolling Program") and opposes the attempt by Defendants United States Department of Transportation, Federal Highway Administration, Shailen Bhatt, and Richard J. Marquis to implement the congestion pricing program which benefits *only* New York, at the expense of Bergen County and the rest of New Jersey. As stated by Plaintiff, every single one of the billions of dollars in annual proceeds from New York's scheme of charging drivers up to $23 when they cross into midtown Manhattan will go to the MTA to fund its mass transportation system and mitigate adverse environmental impacts in New York and *only* in New York. Meanwhile, Bergen County residents will be faced with an increase in air pollution and traffic as a result of the Tolling Program.

## SUMMARY OF ARGUMENT

The Tolling Program will substantially burden Bergen County for the following reasons:

- Bergen County will experience increased air pollutants through at least 2045 in *every* measured category.

- National Ambient Air Quality Standards ("NAAQS") criteria pollutants—such as carbon monoxide; nitrogen oxides; ozone; particulate matter ("PM"); sulfur dioxide; and lead and mobile source air toxins, as well as carcinogens like formaldehyde—will rise in Bergen County.

- Bergen County will experience an increase in Annual Average Daily Traffic ("AADT") roughly ***two to four times greater*** than the corresponding increase in the Bronx.

- Bergen County would be subject to the biggest increase in vehicle miles traveled ("VMT") would increase as a result of the CBD Tolling Program.

- Bergen County will receive zero benefits as a result of the Tolling Program.

# ARGUMENT

## 1. CONGESTION PRICING WILL SEVERELY BURDEN BERGEN COUNTY AND ITS RESIDENTS

Congestion Pricing will severely burden Bergen County and its residents in the following ways:

### A. Bergen County will experience increased air pollutants through at least 2045 in every measured category.

According to the Federal Highway Administration ("FHWA"), once this congestion pricing scheme is implemented, it is expected by the FHWA that Bergen County will experience increased air pollutants through at least 2045 in *every* measured category. This finding is heightened by FHWA's acknowledgment that several communities with environmental justice concerns in Bergen County already rank above the 95th percentile in air toxics cancer risk, among other public health indicators. *See* ECF 7-7 at 17D-17–17D-20. The project's lack of concern and lack of research for that matter for the residents of Bergen County strongly support the State's position that the project warrants completion of an Environmental Impact Statement ("EIS") or mitigation. Yet FHWA somehow determined the probable impacts on Bergen County and its residents do not require further assessment or mitigation measures. *See* ECF 1-3 at 10. While Bergen County does not dispute that the Bronx is entitled to mitigation, it is unfathomable as to how they can also conclude that Begen County is not entitled to mitigation notwithstanding the Final EA's finding that traffic increases in Bergen County—which are linked to adverse air quality impacts—will be *two to four times greater* in Bergen County than in the Bronx. *See id.* FHWA's failure to address these environmental concerns defies the requirements of NEPA to investigate relevant environmental concerns and therefore the project must be halted until a proper ESI can be completed.

5

### B. National Ambient Air Quality Standards ("NAAQS") criteria pollutants—such as carbon monoxide; nitrogen oxides; ozone; particulate matter ("PM"); sulfur dioxide; and lead and mobile source air toxins, as well as carcinogens like formaldehyde—will rise in Bergen County.

Furthermore, the FHWA found that in Bergen County, there will be increases in every category of pollutant, volatile organic compounds, nitrogen oxides, carbon monoxide and carbon dioxide equivalents. ECF 7-5 at 10-23 to 10-24. Nonetheless, the FHWA determined there was "no mitigation needed" in relation to Bergen County. ECF 1-8. Further, the Final environmental assessment ("EA") explicitly states that "increases in *all pollutants*" will occur in Bergen County in 2023 and 2045 due to shifts in truck traffic. ECF 7-5 at 10-21 (emphasis added). Specifically, National Ambient Air Quality Standards ("NAAQS") criteria pollutants—such as carbon monoxide; nitrogen oxides; ozone; particulate matter ("PM"); sulfur dioxide; and lead and mobile source air toxins, as well as carcinogens like formaldehyde—will rise in Bergen County. *Id.* at 10-21, 10-23, 10-24, 10-37, 10-38; *see* Exs. 1–2.

These identified significant harms to Bergen County's air quality will seriously impact human health by increasing the likelihood of premature mortality, increased hospital admissions for heart or lung causes, acute and chronic bronchitis, asthma attacks, emergency room visits, respiratory problems. ECF 1-4 at 13 n.46. That is all the more likely because Bergen County *already* experiences poor air quality and resulting health impacts. Indeed, as FHWA itself acknowledged, individuals in southeast Bergen are already exposed to "air toxics cancer risk worse than 94 percent of the nation." ECF 7-7 at 17D-18; *see also id.* at 17D-19. And diesel particulate matter levels in "large portions" of Bergen County are "at or above the 95th percentile" of all U.S. communities. *Id.*

### C. Bergen County will experience an increase in Annual Average Daily Traffic ("AADT") roughly two to four times greater than the corresponding increase in the Bronx without any mitigation efforts in Bergen County.

Under every tolling scenario, Bergen County will experience an increase in Annual Average Daily Traffic ("AADT") roughly *two to four times greater* than the corresponding increase in the Bronx:

| LOCATION | DATA SHOWN IN TABLE | TOLLING SCENARIO | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | A | B | C | D | E | F | G |
| Cross Bronx Expressway at Macombs Road, Bronx, NY | Increase or decrease in Annual Average Daily Traffic (AADT) | 3,901 | 3,996 | 2,056 | 1,766 | 3,757 | 2,188 | 3,255 |
| | Increase or decrease in daily number of trucks | 509 | 704 | 170 | 510 | 378 | 536 | 50 |
| | Potential adverse air quality effects from truck diversions | No | No | No | No | No | No | No |
| I-95, Bergen County, NJ | Increase or decrease in AADT | 9,843 | 11,459 | 7,980 | 5,003 | 7,078 | 5,842 | 12,506 |
| | Increase or decrease in daily number of trucks | 801 | 955 | 729 | 631 | 696 | 637 | -236 |
| | Potential adverse air quality effects from truck diversions | No | No | No | No | No | No | No |

ECF 1-3 at 10 (alterations added); Ex. 1. As set forth in the above chart, while the increase in AADT ranges from 1,766 to 3,996 vehicles per day in the Bronx under every tolling scenario, it ranges *from 5,003 to 12,506* vehicles per day in Bergen County. *Id.* The numbers speak for themselves AADT in Bergen County may be as much as *four times greater* than the Bronx but no mitigation was committed to Bergen County. FHWA's decision to mitigate air quality impacts in New York but not Bergen County prejudices the residents of Bergen County and unfairly benefits the state of New York and its residents.

While "proposed mitigation measures need not be laid out to the finest detail," O'Reilly v. U.S. Army Corps of Eng'rs, 477 F.3d 225, 231 (5th Cir. 2007), an agency may only avoid an EIS if mitigation measures compensate for otherwise significant environmental impacts. Nat'l Parks & Conservation Ass'n v. Babbitt, 241 F.3d 722, 733-35 (9th Cir. 2001), *abrogated on other grounds*

7

*by* Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 157 (2010); Am. Canoe Ass'n v. White, 277 F. Supp. 2d 1244, 1262 (N.D. Ala. 2003). In this instance, they do not. Despite identifying significant impacts on air quality in Bergen County, FHWA did not propose or commit to a single mitigation measure in Bergen County. *Contra* 40 C.F.R. § 1501.6 (requiring federal agency to conduct an EIS when significant impacts are identified but not mitigated). Because FHWA failed to fulfill this obligation under NEPA, the Court should vacate the Final EA and FONSI.

### D. Bergen County would be subject to the biggest increase in vehicle miles traveled ("VMT") would increase as a result of the CBD Tolling Program.

Further, the Final EA did not analyze **any** intersections in Bergen County—the New Jersey County that will see the biggest increase in VMT as a result of the scheme—which would not have yielded a favorable outcome. ECF 7-5 at 10-11. The Final EA and FONSI fail to propose or commit to or mitigate any of the impacts on Bergen County, failed to consult with Bergen County communities, local officials or include recommendations by the EPA and never considered how each possible scenario would affect Bergen County. Specifically, how it would affect Bergen County municipalities as a result of the redirection of traffic from the Lincoln and Holland Tunnels to the George Washington Bridge. Highways such as Route 3, 4 and 17 will be directly affected in turn and will affect Bergen County municipalities including but not limited to Lyndhurst, Rutherford, East Rutherford, Carlstadt, Wood-Ridge, Hasbrouck Heights, Hackensack, Fort Lee, and Paramus.

NEPA's "hard look" requirement cannot be satisfied when an agency "attempt[ed] to curtail the potential environmental impacts" of a project by failing to consider relevant facts. Citizens for Clean Energy v. U.S. Dep't of Interior, 621 F.Supp.3d 1165, 1173–74 (D. Mont. 2022); Comm. To Stop Rte. 7 v. Volpe, 346 F. Supp. 731, 739–41 (D. Conn. 1972*)* ("[c]onsideration of the environmental impact of a small segment of a proposed route" does not fulfill NEPA's "hard look"

8

requirement). There is no good reason (or really any reason at all) for excluding the portions of Bergen County most likely to be adversely impacted by the congestion pricing scheme.

FHWA failed to take the requisite "hard look" by failing to (1) adequately consult Bergen County's data on communities with environmental justice concerns, (2) adequately consider and mitigate identified impacts on communities with environmental justice concerns in Bergen County, and (3) adequately assess impacts on other communities with environmental justice concerns across Bergen County.

### 2. BERGEN COUNTY WILL RECEIVE ZERO BENEFITS AS A RESULT OF THE TOLLING PROGRAM

While New York receives the substantial benefits of a reduction in traffic, reduction in air pollution and estimated $15 billion for capital projects, including an Asthma Center in the Bronx, Bergen County and its residents are burdened with an increase in traffic and an increase in air pollution. Bergen County receives zero monetary, environmental or societal benefits as a result of the Tolling Program.

### 3. LOCAL TRAFFIC WILL INCREASE AS A RESULT OF THE TOLLING PROGRAM

Residents of Bergen County and the area feeding into the George Washington Bridge access, will face increased traffic and congestion leading to a worsening of the quality of life for the surrounding community as a result of the Tolling Program. Traffic crossing at the Lincoln and Holland Tunnel for 2023 was almost 110,000 daily crossings.[1] This is projected to decline by 20% with the implementation of congestion pricing. However, many of these vehicles are already being driven by individuals who are unable to use mass transit in Manhattan for a myriad of reasons, hence, these drivers will either have to pay an economically prohibitive congestion pricing toll or

---

[1] https://www.panynj.gov/bridges-tunnels/en/traffic---volume-information---b-t.html

will have to increase pollution in Bergen County by driving up Route 17 and surrounding highways to cross the George Washington Bridge.

## CONCLUSION

For the foregoing reason, proposed Amicus Curiae respectfully urges the Court to grant Plaintiff's Motion for Summary Judgment and deny Defendants' Cross-Motion for Summary Judgment

*David Mateen*

David Mateen, Esq.
Assistant Bergen County Counsel
Bergen County Counsel
One Bergen County Plaza
Hackensack, New Jersey 07601
201-336-6961
dmateen@co.bergen.nj.us

Dated: January 8, 2024