**UNITED STATES DISTRCT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE OF NEW JERSEY,<br>　　　　　　　　　*Plaintiff,*<br>v.<br><br>UNITED STATE DEPARTMENT OF TRANSPORTATION, et al.<br>　　　　　　　　　*Defendants,*<br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, et al.<br>　　　　　　　　*Defendant-Intervenors.* | Civil Action No. 2:23-cv-03885<br>　　　　　　　CCC-LDW |
| MARK SOKOLICH, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and RICHARD GALLER, individually and on behalf of all others similarly situated,<br>　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration; THE MANHATTAN TRANSIT AUTHORITY (MTA),  JOHN JANNO LIEBER, in his official capacity as Chair and CEO of the MTA, the TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY (TBTA), DANIEL DECRESCENZO, in his official capacity as President of the  (TBTA), the TRAFFIC MOBILITY REVIEW BOARD (TMRB),  CARL WEISBROD, in his capacity as Chair of the (TMRB),<br>　　　　　　　　*Defendants.* | Civil Action No. 2:23-cv-21728<br>　　　　　　　CCC-LDW |

**BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE**

　　　　　　　　　　　Bruce H. Nagel, Esq.
　　　　　　　　　　　Randee M. Matloff, Esq.
　　　　　　　　　　　NAGEL RICE, LLP
　　　　　　　　　　　103 Eisenhower Parkway
　　　　　　　　　　　Roseland, New Jersey 07068
　　　　　　　　　　　Telephone: (973) 618-0400 Email: bnagel@nagelrice.com
　　　　　　　　　　　*Attorneys for Plaintiffs, Mark Sokolich, in his capacity as the*
　　　　　　　　　　　*Mayor of Fort Lee and a resident of Fort Lee, and*
　　　　　　　　　　　*Richard Galler, individually and on behalf of all others similarly situated*

Plaintiff, Mark Sokolich, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and Richard Galler, individually and on behalf of all others similarly situated (herein "Movants"), respectfully submits this memorandum in support of Plaintiffs' motion for entry of an order consolidating the above-captioned proposed class action pending in this Court, along with any related class actions that are subsequently filed in, removed to, or transferred to this Court with the first-filed action filed by the State of New Jersey.

## FACTUAL SUMMARY

On November 1, 2023, this firm, Nagel Rice, LLP, filed a class action litigation in this District entitled *Mark Sokolich, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and Richard Galler, individually and on behalf of all others similarly situated v. United States Department of Transportation, et als,,* No. 2:23-cv-21728. (herein "Class Action") The case concerns Mark Sokolich, in his capacity as the Mayor of Fort Lee, and on behalf of all other government officials and residents of Bergen County and the area surrounding the George Washington Bridge that will be impacted by the New York Central Business District Tolling Program , ("congestion pricing scheme") and Mr. Richard Galler, individually and on behalf of classes of similarly situated individuals; (i) suffering from asthma or other respiratory ailments who will be subject to increased respiratory injury and (ii) commuters to New York City who will be subjected to increased tolls and/or inconvenience and cost of rerouting in order to avoid congestion pricing .

On July 21, 2023, the State of New Jersey filed a Complaint against the United States Department of Transportation and the Federal Highway Administration in this District entitled *State of New Jersey v. United States Department of Transportation, et als.*, Case No. 2:23-03885. .(herein "State Case")This case primarily challenges the procedural improprieties and Clean Air

Act violations emanating for the rushed procedure, failure to consider numerous scenarios and approving the plan with requiring an Environmental Impact Statement

The Complaints in both actions seek injunctive relief and both of these cases are defended by the same counsel. Not consolidating these actions could result in inconsistent judgments and create havoc . Counsel in both the State Case and the Class Action are both are pursuing similar claims relating to approval of the congestion pricing plan without appropriately considering mandatory factors required under the Clean Air Act ("CAA") and the failure of the FHWA to require a comprehensive environmental impact statement ("EIS" instead moving forward with only a Finding of No Significant Impact ("FONSI"). Both lawsuits question the fast-tracking of the project to plug the MTA's budget gap for the sole benefit of New York and at the extreme detriment of New Jersey.  However, the Class Action also seeks relief on behalf of a medical monitoring class for respiratory injury as well as on behalf of New Jersey commuters.

While a response to the Sokolich action is not due until January 15, 2023, counsel in the first filed action has moved for summary judgment (ECF 67-1) on November 10, 2023, and a response and cross-motion for summary judgment was filed by the Defendants in that case (ECF 79) as well as,  a brief as amici in support of Defendants' cross-motion. (ECF 78-1) both filed on December 15, 2023.

This application to consolidate will not effect the current briefing or argument schedule as we intend to file a short letter brief adopting and supporting the arguments advanced by the State.

## ARGUMENT

## POINT I

## CONSOLIDATION IS APPROPRIATE

Local Civil Rule 42.1[1] allows for motions to consolidate "two or more civil cases pending upon the docket of the Court." Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any of all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. Civ. P. 42(a).

Consolidation of the congestion pricing cases is appropriate because the two suits involve common questions of law and fact and allege similar and/or related claims against the same defendants. *Smith v Suprema Speci*alties, 206 F. Supp. 2d 627, 630 (D.N.J. 2002) (consolidating 11 securities fraud cases under earliest docketed case).  As set forth in *Borough of Edgewater v. Waterside Constr., LLC*, No. CV 14-5060 (JMV), 2017 WL 1758062, at *2 (D.N.J. May 3, 2017):

> The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). Accordingly, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).

---

[1] This motion is being filed in the earlier filed action with notice to all counsel via ECF in both actions.

3

*See also Akshayraj, Inc. v. Getty Petroleum Marketing, Inc.,* No. 06-2002, 2007 WL 4554212, at *9 (D.N.J. Dec. 20, 2007) (consolidating cases to "help prevent conflicting outcomes involving similar legal and factual issues").

A number of common factors indicate that the two actions are, indeed, related and are ripe for consolidation to prevent overlapping or divergent outcomes. In each of the congestion pricing cases, the Plaintiffs allege that the Federal Highway Authority's (FHWA)'s June 27, 2023 decision to approve the environmental review phase of New York's Central Business District Tolling Program which imposes an additional toll on drivers in Manhattan's Central Business District was improper. Both cases allege that approval was imprudently given without the preparation of a complete environmental impact statement (EIS). The Sokolich and Galler later filed action is plead as a class action, and also seeks relief in the form of medical monitoring for New Jersey residents impacted by the increased air pollution caused by New Jersey residents traveling to the George Washington Bridge to avoid having to pay the additional congestion pricing toll, recently approved at $15 per day. However, the varying types of relief sought in the two cases are complimentary, not contradictory.

Because the recently filed briefs in the first filed action will directly impact the relief being sought in the Sokolich action, we submit that consolidation will provide counsel the later filed action with the opportunity to submit substantive briefs and evidence relevant in both cases. Additionally, counsel in the Sokolich action seeks the ability to participate in any ongoing or future mediation in the State Case.

For the same reasons, consolidation of any related actions that are subsequently filed in, removed to, or transferred to this District is appropriate. *See, e.g., Waltz v. Lee,* 199 F.R.D. 129, 134-35 (S.D.N.Y 2001). Accordingly, the Congestion Pricing Cases, and any subsequently filed

related actions, should be consolidated for all purposes in the interests of judicial economy and overall efficiency.[2]

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court consolidate the two Congestion Pricing cases.

                NAGEL RICE LLP

                By: *s/ Bruce H. Nagel*
                Bruce H. Nagel, Esq.
                Randee M. Matloff, Esq.
                103 Eisenhower Parkway
                Roseland, New Jersey 07068
                Telephone: (973) 618-0400
                *Attorneys for Plaintiffs*
                *in Sokolich/Galler Action*

Dated: January 10, 2024

---

[2] The proposed order submitted with this motion uses the first filed docket number first for the new caption.