# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

January 16, 2024

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

**VIA ECF**
Hon. Leda Dunn Wettre
United States Magistrate Judge
District of New Jersey
50 Walnut Street
Room PO 01
Newark, NJ 07102

Re: *State of New Jersey v. U.S. Dep't of Transportation et al.*, No. 2:23-cv-03885

Dear Judge Wettre:

Plaintiff State of New Jersey ("Plaintiff" or "New Jersey") submits this letter to respectfully request leave to file a motion to supplement its Complaint pursuant to Your Honor's Judicial Preferences and in accordance with Rule 15 of the Federal Rules of Civil Procedure.[1] New Jersey's proposed amended complaint is enclosed as Exhibit A.

**Relevant Background**

New Jersey filed its Complaint on July 21, 2023, alleging violations of the National Environmental Policy Act ("NEPA") and the Clean Air Act ("CAA") against DOT, FHWA, Shailen Bhatt, in his official capacity, and Richard Marquis, in his official capacity. Dkt. 1. New Jersey's claims arose from the FHWA's issuance of a Final Environmental Assessment ("Final EA") and Finding of No Significant Impact ("FONSI"), its decision to bypass a full environmental review of New York's Central Business District ("CBD") Tolling Program (the "congestion pricing scheme") and failure to complete an adequate transportation conformity analysis under the CAA. On October 6, 2023, the MTA and TBTA moved to intervene in this case because they are charged by law with designing, developing, and implementing the congestion pricing scheme in New York City. Dkts. 33, 33-1 at 2. New Jersey did not oppose intervention. Dkt. 33-1 at 2 n.5. On October 12, 2023, Your Honor granted Defendant-Intervenors' motion to intervene. Dkt. 38.

Pursuant to the Scheduling Order (Dkt. 32), New Jersey filed a motion for summary judgment on its NEPA and CAA claims on November 10, 2023. Dkt. 67. Meanwhile, on November 30, 2023, the Traffic Mobility Review Board ("TMRB")—the TBTA affiliate tasked with establishing the congestion pricing scheme—issued its recommendation for the congestion

---

[1] Defendants Department of Transportation ("DOT"), Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard Marquis, in his official capacity as Division Administrator of the New York Division of FHWA (collectively "Defendants") do not take a position on New Jersey's request. Defendant-Intervenors Metropolitan Transit Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA") (collectively, "Defendant-Intervenors") oppose New Jersey's request.

pricing scheme, and on December 6, 2023, the TBTA Board voted to commence the toll setting process under the New York State Administrative Procedure Act. *See* Dkt. 74-1 (Defendant-Intervenors' Cross-Motion and Opposition to Summary Judgment) at 9-10 n.8. On December 15, Defendants and Defendant-Intervenors filed their cross-motions for summary judgment and opposition to New Jersey's motion. Dkts. 74, 79. On January 12, New Jersey filed its Opposition to Defendants' cross-motions and its reply brief in further support of its summary judgment motion. Dkt. 86.

New Jersey makes this request to supplement the Complaint as a result of the recent TMRB recommendation.

**New Jersey's Request to Supplement its Complaint**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Likewise, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Pro. 15(d). Requests to amend and supplement are subject to the "same liberal standards" and "leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility." *7-Eleven, Inc. v. Sodhi*, 2016 WL 541135, at *8 (D.N.J. Feb. 9, 2016) (granting leave to supplement the original pleading where plaintiff's "new allegations are neither futile nor disconnected from the underlying basis for the suit as a whole" and there was "no basis to believe the proposed supplemental pleading is offered for a bad faith motive"). Indeed, "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Planker v. Christie*, 2018 WL 4639197, at *3 (D.N.J. Sept. 27, 2018); *see also Love v. Does 1-9*, 2021 WL 2134940, at *4 n.3 (D.N.J. May 26, 2021). New Jersey's pleading meets this standard.

New Jersey respectfully requests permission to supplement its Complaint as a result of the TMRB's recommended tolling scheme. While FHWA arbitrarily and capriciously issued its Final EA and FONSI without requiring the project sponsors to identify the congestion pricing scheme that they would deploy, it is now apparent that the toll will likely discriminate against New Jerseyans—especially low-income New Jersey drivers who are not eligible for a low-income tax credit (unlike low-income drivers residing in the CBD)—and the tolling scheme will not fairly approximate use of the CBD by New Jersey residents and CBD residents. New Jersey's proposed supplemental complaint adds Co-Plaintiffs who live in New Jersey, work in the CBD, have lower incomes, and will not be eligible for this tax credit since they do not live in New York. *See e.g., Conrad v. Lopez De Lasalle*, 2023 WL 4534110 (D.N.J. July 12, 2023) (granting supplemental pleading that also added new parties). Further, the recommendation confirms that only the Lincoln and Holland Tunnels will be eligible for a crossing credit, and the George Washington Bridge will not—a decision that further discriminates against New Jersey drivers. Based on the TMRB's recommendation, New Jersey's supplemental complaint would add claims based on the dormant Commerce Clause, Privileges & Immunities Clause, and Privileges or Immunities Clause against the MTA/TBTA, which were not apparent when New Jersey filed the original complaint.

2

New Jersey's request is also timely. There is no dispute that the TMRB's recommendation was issued on November 30, 2023, and approved to go forward by the TBTA on December 6, 2023. Both of these events took place "after the date of the pleading"—July 21, 2023—and therefore are appropriately added in a supplemental pleading.[2] Fed. R. Civ. Pro. 15(d); *U.S. ex rel. McDermott v. Life Source Srvs., LLC*, 2023 WL 2238550, at *5 (D.N.J. Feb. 27, 2023) (undue delay looks at the movant's reasons for not amending sooner); *Planker*, 2018 WL 4639197, at *3 ("The purpose of Rule 15(d) is to … allow[] the addition of claims which arise after the initial pleadings are filed." (quotation marks and citations omitted)).

Moreover, New Jersey and its co-Plaintiffs should not have to wait until the formal vote finalizing this tolling scheme to bring these claims because, at that stage, the tolling scheme will essentially have become a *fait accompli*. Thus, absent this supplemental pleading before such a formal vote in the coming months, these Plaintiffs will be deprived of any reasonable opportunity to challenge the tolling scheme before being forced to incur substantial financial harm in the form of high, daily tolls, traffic diversions, and an increase in pollutants. Indeed, the MTA/TBTA's publicly-announced timeline for implementation fast-tracks the TBTA's approval process: the TBTA announced that it will have only four hearings, on February 29, 2024, March 1, 2024, and two on March 4, 2024, before the vote on the TMRB's recommendation sometime in the Spring of 2024, and then the tolling scheme will "go[] live in late Spring."[3] New Jersey should be permitted the right to supplement its complaint to ensure that it will have the opportunity to be heard on these claims.

While respectfully requesting that Your Honor grant permission to file its motion, New Jersey also appreciates that its NEPA and CAA claims will be fully briefed on January 26, 2024. A resolution of the core environmental claims fully in New Jersey's favor will dispose of the case and obviate the need to resolve the other claims that are the subject of this proposed supplemental pleading. Therefore, we respectfully request that the Court proceed with the resolution of these core environmental claims, schedule oral argument, and render a decision on them as soon as feasible. *Contra Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (discussing undue prejudice where an amendment will "significantly delay the resolution of the dispute"). Thus, we intend for there to be no delay here and for these proposed additional claims to be resolved only if necessary, after the core environmental claims are adjudicated. Hence, New Jersey merely seeks to preserve its constitutional claims as a result of the TMRB's recommendation.

Finally, "[j]udicial economy is an equitable consideration that can be considered in deciding whether amendment should be allowed." *Mullin v. Balicki*, 875 F.3d 140, 157 (3d Cir.

---

[2] Although New Jersey did not file its request immediately after December 6, that is because New Jersey and Defendants/Defendant-Intervenors have been engaged in good-faith settlement discussions with Your Honor. As of the last settlement conference on January 5, there had been no further progress toward settlement, so it remains the case that this litigation is continuing, and therefore, New Jersey timely requests Your Honor's permission to supplement its Complaint. We also appreciate that there will continue to be good-faith settlement negations, resuming on January 19, and we will continue to participate in them as we continue to litigate.

[3] *See* MTA, *MTA Board Meeting - 12/6/2023*, YOUTUBE (Dec. 6, 2023), https://www.youtube.com/live/0pfJ-S9myBk?si=4BnXippfzAml3OoC&t=6022 at 1:40:22 (Allison C. de Cerreño (MTA Chief Operating Center: "We're looking forward to going live in late Spring.").

3

2017). Judicial economy will be served by allowing New Jersey to supplement its complaint because it will "promote the just disposition of the case." *Planker*, 2018 WL 4639197, at *3. All the parties involved in approving, creating, and implementing the congestion pricing scheme have appeared in this lawsuit, the Court is familiar with the facts of the case, and thus "judicial economy will be served by having all claims by all parties arising out of the same transaction, i.e., the entire controversy, litigated before a single judge." *Colonial Surety Co. v. Alpha Software Corp.*, 2019 WL 2137365, at *6 (D.N.J. May 16, 2019).

      As always, we thank the Court for its consideration.

      Respectfully,

/s/ *Randy M. Mastro*
Randy M. Mastro
Craig Carpenito
Jessica Benvenisty (*pro hac vice*)
Lauren Kobrick Myers (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

Peter Hsiao (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Cynthia AM Stroman (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006

*Attorneys for Plaintiff*

Enclosures

Cc:    Honorable Judge Claire C. Cecchi (via ECF)
       All counsel of record (via ECF)