# SIVE | PAGET | RIESEL

DAN CHOROST
DIRECT DIAL: 646.378.7207
DCHOROST@SPRLAW.COM

January 18, 2024

**VIA ECF**
Hon. Leda Dunne Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re: *State of New Jersey v. U.S. Dep't of Transp., et al.*, No. 23-cv-03885 (LMG) (LDW)

Dear Judge Wettre:

Intervenor-Defendants the Metropolitan Transportation Authority (the "MTA") and the Triborough Bridge and Tunnel Authority (the"TBTA"), through undersigned counsel, write in response to Plaintiff State of New Jersey's recent letter to Your Honor requesting leave to file a motion to amend the Complaint. ECF No. 87.

As a threshold matter, neither this Court's Local Civil Rules, nor Your Honor's Judicial Preferences, appear to require a pre-motion letter before filing a motion for leave to amend a complaint. Nonetheless, as New Jersey has submitted a request to make a motion, Intervenor-Defendants oppose New Jersey's application. The proposed amendment would be futile, for reasons including that the claims New Jersey seeks to add are unripe.[1] *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (courts may deny leave to amend on the basis of "futility," meaning "that the complaint, as amended, would fail to state a claim upon which relief could be granted"). Amendment would also risk undue delay by injecting new claims at the eleventh hour after the NEPA claim has already been fully briefed. *See, e.g.*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("[D]elay alone is an insufficient ground to deny leave to amend. However, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.").

The proposed amendment would add purported constitutional claims challenging a rate schedule and structure for tolling vehicles entering and (in the case of taxis and for-hire vehicles) driving within the Manhattan Central Business District that have not yet been adopted or authorized. New Jersey states that it seeks to amend the Complaint "as a result of the [Traffic Mobility Review Board's ("TMRB's")] *recommended* tolling scheme," and as a result of New

---

[1] In the event that New Jersey files a motion for leave to amend the Complaint, Intervenor-Defendants would file a more detailed brief in opposition and reserve the right to raise other arguments as to why such motion should be denied.

Hon. Leda Dunn Wettre
January 18, 2024
Page 2 of 3

Jersey's belief that the final tolling structure "will *likely* discriminate against New Jerseyans." *Id.* at 2 (emphases added). However, multiple steps remain in the process before any tolling structure is finalized.

First, the proposed tolling structure must go through a proposed ratemaking pursuant to the New York State Administrative Procedure Act ("SAPA"), which includes at least 60 days for the public to comment; this process will include four public hearings. Second, following the public participation period, and informed by public input, the TBTA Board will vote to adopt the proposed tolling structure or may adopt a modified or different structure. Contrary to New Jersey's assumptions, this process is not predetermined. Under state law, the TBTA Board may adopt a modified or different structure in response to input received during the public comment period.

Third, even once a tolling structure is adopted by the TBTA, FHWA's NEPA regulations require the agency to conduct a reevaluation "to determine if the decision made in the FONSI is still valid. This requires that the TBTA demonstrate to FHWA that the effects of the final tolling rates and structure are consistent with the effects disclosed in the Final EA and that the mitigation is still valid." FONSI at 26; Admin. Record at 394. *See also* 23 C.F.R. § 771.129. Finally, only once the reevaluation process has concluded would the Project Sponsors enter into a formal agreement with FHWA under the Value Pricing Pilot Program, which provides the necessary federal authority to implement the Project.

"A claim is not ripe for adjudication if it rests upon 'contingent events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). New Jersey's proposed motion to amend the Complaint indisputably relies on multiple contingent events, and thus its request for leave to amend the Complaint should be denied as futile.

Respectfully submitted,

*/s/ Dan Chorost*
Dan Chorost
Mark A. Chertok*
Elizabeth Knauer*
John F. Nelson*
Sive, Paget & Riesel, P.C.
560 Lexington Ave., 15th Floor
New York, NY 10022
(646) 378-7207
(646) 378-7228
(646) 378-7272
dchorost@sprlaw.com
mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com

Hon. Leda Dunn Wettre
January 18, 2024
Page 3 of 3

        Roberta A. Kaplan*
        Gabrielle E. Tenzer*
        Kaplan Hecker & Fink LLP
        350 Fifth Avenue, 63rd Floor
        New York, NY 10118
        rkaplan@kaplanhecker.com
        gtenzer@kaplanhecker.com

        Raymond P. Tolentino*
        Kate Harris*
        Kaplan Hecker & Fink LLP
        1050 K Street NW | Suite 1040
        Washington, DC 20008
        rtolentino@kaplanhecker.com
        kharris@kaplanhecker.com

*Counsel for Intervenor-Defendants the Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority*

\**Admitted Pro Hac Vice*