**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE OF NEW JERSEY, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) No. 23-3885 (LMG-LDW) |
| *Defendants*, | ) |
| and | ) |
| METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*, | ) |
| *Defendant-Intervenor*. | ) |

**DEFENDANTS' OPPOSITION TO THE *SOKOLICH* PLAINTIFFS'**
**MOTION TO CONSOLIDATE**

On January 10, 2024, the Plaintiffs in *Sokolich v. U.S. Dep't of Transp.*, No. 23-21728 (D.N.J) (LMG-LDW) filed a Motion to Consolidate ("Motion") (ECF No. 84) that matter with this case. For the four reasons below, Defendants[1] submit that the Court should deny the Motion.

First, the *Sokolich* Plaintiffs' request is untimely. To the extent they wished to join this action, the appropriate time for them to do so was shortly after filing their Complaint on November 1, 2023. *See* ECF No. 1, No. 23-21728. At that time, the administrative record had

---

[1] Defendants are the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

just been lodged in this matter pursuant to the operative Scheduling Order, ECF No. 32, and the State of New Jersey had yet to file its opening motion for summary judgment. *See id*. Thus, if the *Sokolich* Plaintiffs had moved to consolidate then, they potentially could have participated in merits briefing under the schedule agreed to by the Parties. Instead, they chose to wait over two months before requesting consolidation. That delay alone merits denying their request.

Second, and similarly, the cases are in markedly different procedural postures. Merits briefing in this matter will be completed as of January 26, 2024. *See* ECF No. 32. In *Sokolich*, however, all Defendants have until February 15, 2024, to respond to the Complaint. *See* ECF Nos. 49-50, No. 23-21728. When Defendants respond they intend to move to dismiss, rather than answering, given the *Sokolich* Plaintiffs have failed to plead valid claims for relief. As such, even if the Motion to Consolidate were granted, the cases would nonetheless be in different procedural postures, which weighs against consolidation. *See Landsman & Funk, P.C. v. Skinder-Strauss Assoc.*, No. 08-3610, 2012 WL 2476371, at *2 (D.N.J. June 27, 2012) (explaining the "disparate . . . procedural postures of the cases militates against consolidation.") (citation omitted).[2]

Third, the *Sokolich* Plaintiffs bring different claims and request different relief. Although they now claim the two cases "are pursuing similar claims," ECF No. 84-2 at 2, they acknowledge their case is pled "as a class action, and also seeks relief in the form of medical monitoring for New Jersey residents . . . ." *Id*. at 4. This is separate and distinct from the relief

---

[2] Not to mention, the *Sokolich* Plaintiffs have styled their Complaint as one seeking certification of a class. *See* Compl. ¶¶ 24-33, No. 23-21728. Fed. R. Civ. P(23)(c)(1)(A) requires that a court determine "[a]t an early practicable time" whether to certify a class. As such, even were the actions to be consolidated, and even if the Court denies Defendants' forthcoming motion to dismiss, the class allegations would still require resolution of separate procedural issues before proceeding to the merits.

2

requested by the State of New Jersey in this matter, which is solely limited to injunctive and declaratory relief. *See* Compl. at 66-67 (ECF No. 1). The inclusion of the *Sokolich* Plaintiffs' disparate claims would thus risk confusing the issues in this litigation. *See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (noting "inconvenience, delay or expense" are reasons to deny consolidation). This is particularly so where those disparate claims are far more emphasized in the *Sokolich* complaint than any of their environmental claims. *Compare* Compl. No. 23-21728 ¶¶ 24-33 (class allegations), ¶¶ 54-61 (claims for medical monitoring) *with id.* ¶¶ 63 (incorporating the State's allegations). This disparity too weights against consolidation. *See Dae Sub Choi v. Sushi Maru Express Corp.*, No. 17-5230, 2018 WL 5630760, at *4 (D.N.J. Oct. 30, 2018) (finding consolidation inappropriate where "[m]ost of the facts alleged" in one complaint differed from those in the other). And even if both cases allege similar environmental claims, "mere existence of common issues . . . does not require consolidation." *ARC Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015).[3]

Fourth and finally, if the *Sokolich* Plaintiffs only "intend to file a short letter brief adopting and supporting the arguments advanced by the State," ECF No. 84-2 at 2, they can accomplish that goal through the filing of an amicus brief, rather than consolidation. In fact, other New Jersey entities have taken that same approach. *See, e.g.*, ECF No. 81 (request by Bergen County to file amicus brief).

---

[3] To the extent the Court has concerns regarding the *Sokolich* Plaintiffs' contention that a decision in this action will "directly impact the relief being sought in their action, ECF No. 54-2 at 4, one court has posited that resolving common issues in a "single, consolidated decision" is an alternative to consolidation. *See id.* at 195.

In sum, and for the foregoing reasons, the Court should deny the *Sokolich* Plaintiffs' Motion.

Respectfully submitted this 22nd day of January, 2024,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ GREGORY M. CUMMING*
GREGORY M. CUMMING
SAMANTHA G. PELTZ
Trial Attorneys
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

*Counsel for Defendants*