UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.<br><br>　　　　　　　　Defendants,<br><br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, et al.<br><br>　　　　　　　　Intervenor-Defendants. | Civil Action No.<br>2:23-cv-03885-LMG-LDW |
| MARK SOKOLICH, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and RICHARD GALLER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.<br><br>　　　　　　　　Defendants. | Civil Action No.<br>2:23-cv-21728-LMG-LDW |

**MTA/TBTA DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................1

ARGUMENT .....................................................................................................................3

CONCLUSION ..................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**                                                                                                                                                      **PAGE(S)**

*Ford Motor Credit Co. v. Chiorazzo*,
529 F. Supp. 2d 535 (D.N.J. 2008) ..................................................................................6

*Grodko v. Cent. European Distrib. Corp.*,
2012 U.S. Dist. LEXIS 160248 (D.N.J. Nov. 8, 2012)..................................................3, 4

*In re Consolidated Parlodel Litig.*,
182 F.R.D. 441, 444 (D.N.J. 1998)....................................................................................4

*J.A. v. N.J. Dep't of Educ.*,
2022 U.S. Dist. LEXIS 50744 (D.N.J. Mar. 21, 2022)..................................................3, 5

*Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*,
785 F.3d 96 (3d Cir. 2015).................................................................................................5

*Schueneman v. Arena Pharms., Inc.*,
2011 WL 3475380 (S.D. Cal. Aug. 8, 2011) .....................................................................5

*Younes v. 7-Eleven, Inc.*,
2014 U.S. Dist. LEXIS 7990 (D.N.J. Jan. 13, 2014) .........................................................4

## PRELIMINARY STATEMENT

Plaintiffs Mark Sokolich and Richard Galler (the "*Sokolich* plaintiffs") have moved to consolidate their putative class action with the State of New Jersey's Administrative Procedure Act ("APA") challenge to the Federal Highway Administration's ("FHWA's") Finding of No Significant Impact ("FONSI") for the Central Business District Tolling Program (the "CBD Tolling Program") pursuant to the National Environmental Policy Act ("NEPA"). Defendants The Metropolitan Transportation Authority ("MTA"),[1] John Janno Lieber, in his official capacity as Chair and CEO of the MTA, the Triborough Bridge and Tunnel Authority ("TBTA"), Catherine T. Sheridan,[2] in her official capacity as President of the TBTA, the Traffic Mobility Review Board ("TMRB"), and Carl Weisbrod, in his capacity as Chair of the TMRB (collectively, the "MTA/TBTA Defendants"), oppose this belated and purposeless motion. The actions proposed for consolidation both challenge FHWA's NEPA decision. But the actions have greatly divergent procedural postures, and any common issues between the cases will be resolved by the cross-motions for summary judgment currently being briefed in the *State of New Jersey* action. Moreover, because the two cases are assigned to the same judges, denying consolidation would not yield inconsistent rulings or undermine judicial efficiency. For these reasons, the Court should deny the motion for consolidation.

## STATEMENT OF FACTS

On July 21, 2023, New Jersey filed its action in this Court against FHWA and other federal defendants, challenging the FONSI pursuant to the APA. NJ ECF No. 1.[3] New Jersey requests a

---

[1] MTA was incorrectly named in the first *Sokolich* complaint as The Manhattan Transit Authority and in a "corrected" complaint as The Metropolitan Transit Authority.
[2] Substituted for named defendant Daniel DeCrescenzo pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
[3] References to docket items in the *State of New Jersey* action, Case 2:23-cv-03885-LMG-LDW, are identified by "NJ ECF No." followed by the docket number, while references to docket items

declaration that the FONSI is arbitrary and capricious and an injunction requiring the preparation of an environmental impact statement ("EIS"). NJ ECF No. 1 pp. 66-67. New Jersey sought an aggressive schedule for the filing of the administrative record and briefing of cross-motions for summary judgment so that its challenge to the CBD Tolling Program could be resolved before the program's anticipated start date. NJ ECF No. 23. Informed by the guidance of the Court, the parties agreed upon a schedule pursuant to which briefing will conclude on January 26, 2024. NJ ECF No. 31. On October 6, 2023, MTA and TBTA moved to intervene in the *State of New Jersey* action with the consent of all parties. NJ ECF No. 33. Currently, only the defendants' reply briefs—which will be submitted four days from the date of this filing—remain pending. NJ ECF Nos. 67, 74, 79, 86.

On November 2, 2023, the *Sokolich* plaintiffs filed their putative class action, which was initially assigned to the same district and magistrate judges as the *State of New Jersey* action; both cases have subsequently been reassigned to another same district judge while retaining the same magistrate judge. *Sokolich* ECF Nos. 1, 6, 52; NJ ECF No. 90. The *Sokolich* case appears to allege non-compliance with NEPA, and seeks compensation and medical monitoring on behalf of two putative classes. *Sokolich* Compl. ¶¶ 24; 58-61; 63. Although the *State of New Jersey* action had been pending for more than three months, and although an aggressive briefing schedule was imposed in the *State of New Jersey* action to facilitate a speedy resolution, the *Sokolich* plaintiffs did not seek to consolidate the two actions when they filed their complaint, which purports to "incorporate" New Jersey's NEPA claim "by reference." *Id.* ¶ 5.

On December 21, 2023, counsel for the *Sokolich* plaintiffs submitted a letter to the Court previewing their intention to seek consolidation of the two actions and stating, "[i]n the interim,

---

in the *Sokolich* action, Case 2:23-cv-21728-LMG-LDW, are identified by "*Sokolich* ECF No." followed by the docket number.

2

we seek permission to appear in the first-filed action for purposes of taking a position with respect to Defendants' Cross-Motion for Summary Judgment (ECF 79-1) as well as, the Brief of Amici Curiae filed in Support of Defendants' Cross-Motion for Summary Judgment (ECF No. 78-1)." *Sokolich* ECF No. 34. During the following two weeks, the *Sokolich* plaintiffs did not file the previewed consolidation motion. The U.S. Department of Justice, representing the federal agency defendants, requested a call to discuss the December 21, 2023 letter and a schedule for responding to the *Sokolich* complaint. In the interim, the parties agreed to a schedule by which all defendants would respond to the *Sokolich* complaint on or before February 15, 2024; this schedule was subsequently approved by the Court. *Sokolich* ECF Nos. 49, 50. On a January 9, 2024 call among the parties, defendants stated their opposition to the proposed consolidation. A day later, over two months after the filing of the *Sokolich* action and in the midst of the final rounds of briefing cross-motions for summary judgment in the *State of New Jersey* action, the *Sokolich* plaintiffs filed this motion. NJ ECF No. 84.

## ARGUMENT

Under Federal Rule of Civil Procedure 42(a), a court has discretion to determine whether to consolidate cases, and "common questions of law or fact do not necessitate consolidation." *Grodko v. Cent. European Distrib. Corp.*, 2012 U.S. Dist. LEXIS 160248, at *22 (D.N.J. Nov. 8, 2012). This is particularly true where consolidation would prejudice a party or result in delay or confusion, and where denying consolidation would not yield inconsistent rulings or delay because the same judges preside over both actions. *J.A. v. N.J. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 50744, at *9 (D.N.J. 2022) (noting that the risk of inconsistent rulings or delay from not consolidating a class action with an individual action was minimal where both actions are pending before the same district and magistrate judges). The burden is on the movant to convince the court

that there should be consolidation. *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998); *Younes v. 7-Eleven, Inc.*, 2014 U.S. Dist. LEXIS 7990, at *3 (D.N.J. Jan. 13, 2014). Here, the request for consolidation comes too late to be sensible, and offers no logical reason for granting the relief requested.

The MTA/TBTA Defendants do not object to the *Sokolich* plaintiffs' stated intent (in one part of their motion) to "file a short letter brief adopting and supporting the arguments advanced by the State" in the *State of New Jersey* action. *Sokolich* ECF No. 84-2 at 2. Indeed, given that the *Sokolich* complaint either duplicates or references New Jersey's allegations and request for injunctive relief concerning FHWA's NEPA review of the CBD Tolling Program, the MTA/TBTA Defendants agree that resolution of the cross-motions for summary judgment in the *State of New Jersey* action should dispose of the *Sokolich* plaintiffs' duplicative demand for preparation of an EIS. However, that does not require consolidation. Rule 42(a) specifically allows a court to take action short of consolidation where two cases involve common questions of law or fact, including "join[ing] for hearing or trial any or all matters at issue in the actions" or "issu[ing] any other orders to avoid unnecessary cost or delay." *See also Grodko*, 2012 U.S. Dist. LEXIS 160248, at *21-22 ("[T]he Rule incorporates flexibility: the court 'may' consolidate or issue 'any other order' to avoid unnecessary expense or delay.").

The *Sokolich* complaint seeks to establish two different classes of plaintiffs and funding from New York State for a medical monitoring program and to help defray purported increased costs to New Jersey drivers that the complaint claims will result from the CBD Tolling Program. *See Sokolich* Compl. ¶¶ 24, 58-61, 63, Relief Demanded (d), (e), (f), and (g). While resolution of the putative class claims may be informed by the disposition of the *State of New Jersey* action, consolidating the class claims with New Jersey's APA action would, at best,

4

needlessly confuse the proceedings and, at worst, delay final resolution of the first-filed action with no benefit. *J.A.*, 2022 U.S. Dist. LEXIS 50744 at *3 ("[E]ven where it might not be improper to consolidate class actions with an individual action[] [given common questions of law or fact], if judicial economy would not be served, the court could properly deny a motion for consolidation.") (*citing Schueneman v. Arena Pharms., Inc.*, 2011 WL 3475380, at *2 (S.D. Cal. Aug. 8, 2011)).

Indeed, this possibility is clearly reflected in the *Sokolich* plaintiffs' moving brief, which states: "consolidation will provide counsel [in] the later filed action with the opportunity to submit substantive briefs and evidence relevant in both cases." *Sokolich* ECF No. 84-2 at 4. This statement calls into question the earlier assurance proffered by the *Sokolich* plaintiffs that "[t]his application to consolidate will not effect [sic] the current briefing or argument schedule." It also suggests, even if not the intent of the *Sokolich* plaintiffs, at least the real possibility of improperly prolonging the proceedings in the *State of New Jersey* case through an attempt to seek discovery and introduce additional (extra-record) evidence, despite all parties in the *State of New Jersey* action having agreed that the case will be decided based solely on the administrative record, as is typical in APA cases.

While the briefing schedule in the *State of New Jersey* case was intentionally aggressive to permit a final resolution prior to the contemplated start of the CBD Tolling Program this spring, answers or Rule 12 motions in response to the *Sokolich* complaint will not be filed until mid-February. The widely staggered procedural postures across cases present the potential for unnecessary delays in resolving a case with major importance for the regional transportation system. This alone warrants denial of the motion. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (consolidation was

5

improper where two cases were in different stages, with discovery having closed and the plaintiff having already submitted its trial brief in the first action when the other party moved to consolidate); *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008) (declining consolidation due to the disparities in the cases' procedural postures, including that there were motions for summary judgment already pending before the court in one of the cases).

The *Sokolich* plaintiffs also assert that consolidation would allow them to "participate in any ongoing or future mediation in the State Case." *Sokolich* ECF No. 84-2 at 4. But this belated attempt to improperly insert themselves into the *State of New Jersey* action is puzzling. Settlement conferences were publicly scheduled on the docket in the *State of New Jersey* case for November 13, 2023, shortly after the *Sokolich* plaintiffs filed their complaint, and again for December 18, 2023. NJ ECF Nos. 39, 72. Yet the *Sokolich* plaintiffs never once requested to participate in mediation outside of their brief in support of this motion. Moreover, consolidation is wholly unnecessary to any joint mediation of the claims in the two cases.

In summary, the potential complications of consolidating a straightforward APA challenge with a later-filed class action clearly outweigh the lack of any potential efficiency. In any event, consistency of substantive rulings is already assured by the current assignment of both actions to the same district and magistrate judges.

## **CONCLUSION**

For the reasons stated above, the MTA/TBTA Defendants respectfully request that the Court deny the *Sokolich* plaintiffs' motion to consolidate, with the exception of allowing them to "file a short letter brief adopting and supporting the arguments advanced by the State" in the *State of New Jersey* action.

6

Dated: January 22, 2024                                  Respectfully submitted,

/s/ Daniel Chorost
Daniel Chorost
Mark A. Chertok*
Elizabeth Knauer*
John F. Nelson*
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
dchorost@sprlaw.com
mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com


/s/ Roberta A. Kaplan
Roberta A. Kaplan*
Gabrielle E. Tenzer*
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com

Raymond P. Tolentino*
Kate Harris*
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
rtolentino@kaplanhecker.com
kharris@kaplanhecker.com

*Counsel for Defendants MTA, John Janno Lieber, in his official capacity as Chair and CEO of the MTA, TBTA, Catherine T. Sheridan, in her official capacity as President of the TBTA, TMRB, and Carl Weisbrod, in his capacity as Chair of the TMRB*

*Admitted pro hac vice

7