# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

January 24, 2024

**VIA ECF**
Hon. Leda Dunn Wettre
United States Magistrate Judge
District of New Jersey
50 Walnut Street
Room PO 01
Newark, NJ 07102

> Re:   *State of New Jersey v. U.S. Dep't of Transportation et al.*, No. 2:23-cv-03885

Dear Judge Wettre:

Plaintiff State of New Jersey ("New Jersey") submits this letter in reply to Intervenor-Defendants the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority (the "TBTA")'s opposition, ECF No. 91, to New Jersey's letter request to file a motion to supplement the Complaint, ECF No. 87 ("New Jersey's Letter).

As explained in New Jersey's Letter, this Court should grant leave to file a motion to supplement because supplementing will not delay this case, and instead, will aid judicial economy. *Id.* at 2–3.  The MTA and TBTA's arguments to the contrary are not persuasive.

As an initial matter, New Jersey's proposed constitutional claims are ripe.[1] "[A] claim is ripe for review if it is fit for judicial decision and withholding court consideration of the issue would constitute a hardship to the parties." *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 (3d Cir. 2018) (citation omitted). Whether an action seeking declaratory relief is ripe depends on "three main considerations: the adversity of the parties' interests, the conclusiveness of the judgment, and the practical utility of that judgment." *Id.*  All three factors are satisfied here.

*First,* "adversity of legal interests" exists because there is a "real and substantial threat of harm." *Id.* at 523.  If New Jersey and its co-Plaintiffs are unable to bring these claims before the final TBTA vote in Spring 2024, they will be deprived of the opportunity to challenge the tolling scheme before experiencing "significant hardship" in the form of high, daily tolls, traffic diversions, and adverse environmental consequences. *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 373 (W.D. Pa. 2020) (claims related to an upcoming election were

---

[1] Even if these claims were not to become ripe until the requisite agencies formally adopt the recommended tolling scheme, that is no basis for denying the request to amend the complaint now because the claims would doubtlessly ripen before the pending litigation is finally concluded. *See Congregation Kollel, Inc. v. Twp. of Howell, N.J.*, 2017 WL 637689, at *5 (D.N.J. Feb. 16, 2017) ("Ripeness, therefore, is peculiarly a question of timing as cases may later become ready for adjudication even if deemed premature on initial presentation." (citation omitted)).

ripe because they "could significantly affect the implementation of Pennsylvania's electoral procedures").

*Second*, the new claims "present sufficiently concrete facts to allow for a conclusive legal judgment" and adjudication will "determine the parties' rights" because—as the MTA Chairman, Janno Lieber, has said—the scheme is unlikely to change.[2] Indeed, sixty percent of the infrastructure for the scheme has already been built.[3] The MTA and TBTA have not only taken concrete steps to implement the scheme, but delaying adjudication until congestion pricing is well underway risks the MTA and TBTA arguing the inverse—that these claims are moot.

*Third*, "utility" exists because New Jersey must resolve this dispute as soon as possible, *before* the congestion pricing scheme is implemented and the harms of the scheme take full effect. *Wayne Land*, 894 F.3d at 524 (explaining that "utility exists when the judgment would 'materially affect the parties and serve . . . [to] clarify[] legal relationships so that plaintiffs . . . [can] make responsible decisions about the future'").

Finally, New Jersey's request also promotes judicial economy because it will enable this Court to deal with the entire dispute at once, rather than requiring New Jersey and the co-plaintiffs to bring their constitutional claims in a separate action. *See Garrett v. Wexford Health*, 938 F.3d 69, 89 (3d Cir. 2019) ("Because [Plaintiff] could have chosen to file a new suit but did not do so, his decision to amend promoted judicial economy."); *Colonial Sur. Co. v. Alpha Software Corp.*, 2019 WL 2137365, at *6 (D.N.J. May 16, 2019) ("[J]udicial economy will be served by having all claims by all parties arising out of the same transaction . . . litigated before a single judge.").

As always, we thank the Court for its consideration.

                                            Respectfully,

                                            /s/ *Randy M. Mastro*
                                            Randy M. Mastro
                                            KING & SPALDING LLP
                                            1185 Avenue of the Americas
                                            New York, New York 10036

                                            *Attorney for Plaintiff*

Cc:    All counsel of record (via ECF)

---

[2] Stephen Nessen and Clayton Guse, Don't Expect Changes to MTA's Congestion Pricing Even After Final Public Review, GOTHAMIST (Dec. 8, 2023), https://gothamist.com/news/changes-to-mtas-congestion-pricing-nyc-nj

[3] *See* MTA Press Release, MTA Board Votes to Begin Public Review Process for Central Business District Tolling Rate Schedule (Dec. 6, 2023), https://new.mta.info/press-release/mta-board-votes-begin-public-review-process-central-business-district-tolling-rat