UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br>       *Plaintiff,*<br>v.<br><br>UNITED STATE DEPARTMENT OF TRANSPORTATION, et al.<br>       *Defendants,*<br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, et al.<br>       *Defendant-Intervenors.* | Civil Action No. 2:23-cv-03885<br>      LMG-LDW<br><br>**Return Date:**<br>**February 5, 2024** |
| MARK SOKOLICH, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and RICHARD GALLER, individually and on behalf of all others similarly situated,<br>       *Plaintiffs,*<br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration; THE MANHATTAN TRANSIT AUTHORITY (MTA), JOHN JANNO LIEBER, in his official capacity as Chair and CEO of the MTA, the TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY (TBTA), DANIEL DECRESCENZO, in his official capacity as President of the (TBTA), the TRAFFIC MOBILITY REVIEW BOARD (TMRB), CARL WEISBROD, in his capacity as Chair of the (TMRB),<br>       *Defendants.* | Civil Action No. 2:23-cv-21728<br>      LMG-LDW |

## **REPLY BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE**

Bruce H. Nagel, Esq.
Randee M. Matloff, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 618-0400 Email: bnagel@nagelrice.com
*Attorneys for Plaintiffs, Mark Sokolich, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and Richard Galler, individually and on behalf of all others similarly situate*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

ARGUMENT
    CONSOLIDATION IS APPROPRIATE IN THIS CASE ............................. 2

CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*ARC Energy Partners, LLC v. Polo N. Country Club, Inc.*,
309 F.R.D. 193 (D.N.J. 2015) .................................5

*Dae Sub Choi v. Sushi Maru Express Corp.*,
2018 WL 5630760 (D.N.J. Oct. 30, 2018)..........................5

*Durigon v. Toronto-Dominion Bank*,
2017 WL 6388954 (D.N.J. Dec. 13, 2017) .........................7

*Ford Motor Credit Co. v. Chiorazzo*,
529 F. Supp. 2d 535 (D.N.J. 2008) ..............................8

*Grodko v Cent. Eur. Distribution Corp.*,
2012 WL 5465799 (D.N.J. Nov. 8, 2012)...........................6

*J.A. v. New Jersey Dep't of Educ.*,
2022 WL 844422 (D.N.J. Mar. 22, 2022)...........................7

*Landsman & Funk, P.C. v. Skinder-Strauss Assoc.*,
2012 WL 2476371 (D.N.J. June 27, 2012)..........................4

*Lehman Bros. Holdings v. Gateway Funding Diversified
Mortg. Servs., L.P.*, 785 F.3d 96 (3d Cir. 2015)..................8

*Liberty Lincoln Mercury, Inc. v. v .Ford Marketing Corp.*,
149 F.R.D. 65 (D.N.J. 1993)...............................4, 5, 6

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985) ...................6

*Younes v. 7-Eleven, Inc.*,
2014 WL 585968 (D.N.J. Feb. 14, 2014)...........................7

**Rules**
Fed. R. Civ. P. 42..................................................2

## **PRELIMINARY STATEMENT**

This reply brief is respectfully submitted on behalf of the Sokolich/Galler Plaintiffs (herein "Sokolich plaintiffs") in further support of their motion to consolidate the two pending Congestion Pricing cases.

On January 9, 2024, at defendants' counsels' request, counsel for the Sokolich plaintiffs had a phone call with both the U.S. Department of Justice representing the federal agency defendants ("federal defendants") and counsel for the intervenor defendants MTA/TBTA ("MTA defendants") to discuss, *inter alia*, our December 21, 2023 letter to the Court requesting consolidation (*Sokolich* ECF No. 34) and other issues. That phone call was the first time we learned that the Defendants in the *State of New Jersey Action* would not consent to consolidation. The very next day we filed our motion to consolidate the *Sokolich Action* with the *State of New Jersey Action*. (ECF No. 84)

Counsel for the State of New Jersey has already indicated that they have no objection to the consolidation so long as it does not delay resolution of the pending cross-motions for summary judgment. (ECF No. 92) Our request to consolidate is not intended to delay a ruling on the cross-motions for summary judgment. We merely seek to have an opportunity to participate in any hearing on those motions and to submit a letter indicating that we are adopting the arguments of the State of New Jersey. Although our initial letter mentioned the possibility of submitting

1

briefs, we no longer believe that is necessary. Indeed, we advised defendants Counsel that this was our intentions during the phone call on January 9, 2024.

One of Defendants primary arguments for denial of consolidation is that the State's case and the Sokolich case now have "widely staggered procedural postures." However, it was counsel for Defendants who requested an extension until February 15, 2024, to respond to our Class Action Complaint, (which was filed on November 2, 2023). The attorneys for the Defendants indicated that they needed this much time because they were very busy responding to motions in the State's case. As a professional courtesy we agreed. However, in a classic case of "no good deed goes unpunished" counsel for defendants are using the extended deadline to argue that consolidation would be improper because briefing in the *Sokolich case* will not begin until mid-February. We submit that this is not a basis to deny consolidation, and that none of the reasons proffered by the Defendants justify denying the Sokolich's plaintiffs' motion which is always a matter of the Court's discretion.

## ARGUMENT

## CONSOLIDATION IS APPROPRIATE IN THIS CASE

None of the four reasons to deny consolidation raised by the federal defendants' have merit. First, the motion to consolidate is not untimely. Neither Fed. R. Civ. P. 42 nor Local Civ. Rule 42.1 contain any specific time parameters. The fact that this motion has been filed after the administrative record was lodged is

2

irrelevant. The administrative record was provided to the State of New Jersey by way of a flash drive. No discovery has been exchanged between the State of New Jersey and either set of Defendants and no depositions have been taken. Further, as we have indicated, the Sokolich Plaintiffs do not intend to file a separate brief regarding the cross-motions for summary judgment.

Second, the two cases are not in 'markedly different procedural postures.' While full briefing on the summary judgment motions will be in the hands of the Court a few days prior to this reply brief being filed, at present there is no date set for argument on the summary judgment motions and presumably this Court will require sufficient time to absorb the numerous arguments and substantial record prior to hearing the motions and then writing a decision. Additionally, the State of New Jersey has requested leave to move to amend the complaint to supplement with allegations regarding the TMRB's recommendations issued on November 30, 2023 and to add two individual plaintiffs pursuing Constitutional Claims. (ECF No. 87) These claims may not need to be reached if the core environmental claims are resolved fully in New Jersey's favor. This is similar to the class claims being raised in the *Sokolich case*. If the Court grants summary judgment in favor of the State of New Jersey on the NEPA and CAC claims, which are echoed in the *Sokolich case*, the class claims may not need to be adjudicated by the District Court at this time. Thus, the procedural postures are not really that different.

3

This scenario should be contrasted *with Landsman & Funk, P.C. v. Skinder-Strauss Assoc.*, No. 08-3610, 2012 WL 2476371 (D.N.J. June 27, 2012) relied upon by the federal defendants. In that case Judge Hayden denied consolidation of ten (10) different cases involving TCPA class actions which implicated choice of law issues. Three of the seven cases had been litigated through dispositive motion practice, and an appeal and remand while the other cases were stayed. The case seeking consolidation had been pending for four years, while the others were filed just a year earlier all before different judges. Further, none of the cases involved the same transaction or occurrence. Here, the two cases to be consolidated were filed within four months of each other, there has been no substantive rulings in either case, and they both involve the same federal statutes and anticipated injuries that will result if the Congestion Pricing Scheme is implemented as currently configured. It may be premature to vigorously litigate the class issues until the cross motions for summary judgment are resolved.

Third, although the *Sokolich case* seeks relief on behalf of a class, this is not a basis to deny consolidation. In *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993), the Court denied both class certification and consolidation but actually stated that "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." The court did

4

not deny consolidation because one case was a class action and one was not, but denied consolidation because of "disparate factual analyses and sources of proof" required by the claims in the two actions. *Id.* at 81-82.

In this case the NEPA and CAC claims are the unifying factors in both cases. This should be contrasted with *Dae Sub Choi v. Sushi Maru Express Corp.*, No. 17-5230, 2018 WL 5630760, at *4 (D.N.J. Oct. 30, 2018) cited by the federal defendants, where consolidation was denied because discovery for the NJ CEPA, defamation, and retaliation claims would be vastly different than discovery for the FLSA, New Jersey Labor Law, and failure to keep proper records claims. The federal defendants' reliance upon *ARC Energy Partners, LLC v. Polo N. Country Club, Inc.* 309 F.R.D. 193, 194 (D.N.J. 2015) is also misplaced. In that case, Judge Simandle denied consolidation without prejudice because there was an issue as to whether one case seeking consolidation had been improperly removed from state court. Although the court indicated that the jurisdictional issue would be addressed in a single consolidated decision, the Court also indicated that if the jurisdictional question was resolved favorably ARC could renew its motion for consolidation.

Fourthly, Defendants suggest that Plaintiffs should simply file an *amicus* brief instead of seeking consolidation. However, this is not a basis to deny the Sokolich plaintiffs' motion to consolidate. As the plaintiffs in Sokolich have their own case pending, asserting many of the same positions as the State of New Jersey they are

5

not disinterested parties. As the Court stated in *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, *supra* 149 F.R.D. at 82 cited here by defendants, "When the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied. *"citing Yip v. Pagano,* 606 F. Supp. 1566, 1568 (D.N.J. 1985). As the court stated in *Yip*: "Where a petitioner's attitude toward a litigation is patently partisan, he should not be allowed to appear as amicus curiae." Although this position has not been uniformly adopted by the Courts in New Jersey, it should be applied here. Hence, none of the arguments raised by the federal defendants have merit.

Similarly, the MTA's arguments are also without merit. *Grodko v Cent. Eur. Distribution Corp..*, No. CIV.A. 11-6247 2012 WL 5465799, at *8 (D.N.J. Nov. 8, 2012) was a complicated Private Securities Litigation Reform Act ("PSLRA") action with numerous separate class actions and a fight over Lead Plaintiff. For factual reasons, the court deconsolidated certain actions and directed consolidation over other more related class actions. Besides citing to 'black letter law' on consolidation this case is not relevant.

Reliance on *J.A. v. New Jersey Dep't of Educ., No.* 18-09580, 2022 WL 844422, at *1 (D.N.J. Mar. 22, 2022), is also misplaced. That case involved four separate actions pending against the NJDOE and the Office of Administrative Law

6

that were filed at various times and were in different procedural postures. The Plaintiffs sought to consolidate all the cases which was opposed by defendants. Relying upon *Durigon v. Toronto-Dominion Bank*, 2017 WL 6388954, at *3 (D.N.J. Dec. 13, 2017) where the Court stated: "[t]he most efficient way to resolve these questions is by consolidating these actions. The Court does not find any specific risks of prejudice or confusion.", the Court agreed that consolidating two of the matters would be a better use of judicial resources and "greatly streamline the litigation" *Id.* at *2. However, the Court declined to consolidate the first action that had been filed in 2018, which included numerous claims and had already survived a motion to dismiss or the fourth action that was filed in 2019 and involved a different child, a different school, a pending motion to dismiss and ongoing discovery.

This case is clearly distinguishable as here, no discovery has taken place and no rulings have been issued, the NEPA and CAC issues in both cases are identical, and the two cases were filed only months apart. It is more efficient to treat the two cases together at this stage of the proceeding. Courts can and sometimes do change their approach to consolidation depending on how the case proceeds. This is apparent from *Younes v. 7-Eleven, Inc.*, No. CIV. 13-3500, 2014 WL 585968, at *1 (D.N.J. Feb. 14, 2014), where the Court granted reconsideration of its earlier opinion (which was cited by the MTA in its submission) due to "new evidence in favor of consolidation that was not available when the Court issued its prior decision. The

court stated: "In exercising its discretion to consolidate matters, a court should weigh the interests of judicial economy against the potential for delays, expense, confusion, or prejudice. The Court has considered these factors and finds, based on the current posture of all three above-captioned matters, that consolidation is appropriate for case management and discovery purposes only before the Honorable Joel Schneider."

Contrary to MTA's assertion, the differences in procedural postures between the *State of New Jersey case* and the *Sokolich case* is unlike the differences in *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015)(one case filed eight days before motion and other case discovery closed and trial briefs submitted) or *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008)(court refuses to consolidate where legal issues were different and discovery was complete with two pending summary judgment motions in the 2006 case while the 2007 case was in its preliminary stages).

While consolidation is clearly within the discretion of the Court, the Sokolich Plaintiffs contend that given (1) the identical claims regarding the NEPA and CAC issues in both cases, (2) the fact that the Sokolich case is only a few months behind the State's case and we intend to merely submit a letter saying we support the State's position rather than submitting additional briefs, and (3) the class issues will not be

8

in the forefront until those other issues are decided, consolidation is appropriate. It will streamline the proceedings, increase efficiency, and avoid confusion and prejudice.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court consolidate the two Congestion Pricing cases.

**NAGEL RICE LLP**

By: *s/ Bruce H. Nagel*
 Bruce H. Nagel, Esq.
 Randee M. Matloff, Esq.
 103 Eisenhower Parkway
 Roseland, New Jersey 07068
 Telephone: (973) 618-0400
 *Attorneys for Plaintiffs*
 *in Sokolich/Galler Action*

Dated: January 29, 2024