UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>                      *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>                      *Defendants*. | Hon. Leo M. Gordon<br><br>No. 2:23-cv-03885-LMG-LDW<br><br>**[PROPOSED] ORDER GRANTING ADMISSION OF JOSHUA A. MATZ *PRO HAC VICE*** |

This matter having been brought before the Court by Daniel Chorost, Esq., of Sive, Paget & Riesel, P.C., counsel for Intervenor-Defendants the Metropolitan Transportation Authority (the "MTA") and the Triborough Bridge and Tunnel Authority ("TBTA"), for an Order allowing Joshua A. Matz, Esq. to appear and participate *pro hac vice*; and the Court having considered the moving papers; and for good cause shown pursuant to Local Civil Rule 101.1(c) of the United States District Court for the District of New Jersey;

IT IS on this ____ day of _____, 2024,

**ORDERED** that the application of Joshua A. Matz, Esq., be and hereby is granted;

**ORDERED** that Joshua A. Matz, Esq., a member in good standing of the Bar of the District of Columbia, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to Local Civil Rule 101.1(c);

**ORDERED** that all pleadings, briefs and other papers filed with the Court shall be signed by a partner or associate of the law firm of Sive, Paget & Riesel, P.C., attorneys of record for Intervenor-Defendants the MTA and TBTA, who is admitted to the Bar of this Court and shall be

held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby.

**ORDERED** that Joshua A. Matz, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a) within twenty (20) days from the date of the entry of this Order;

**ORDERED** that Joshua A. Matz, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order;

**ORDERED** that Joshua A. Matz, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to, the provisions of Local Civil Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Civil Rule 104.1, Discipline of Attorneys;

**ORDERED** that Joshua A. Matz, Esq., notify this Court immediately of any disciplinary charges brought against him in the Bar of any other court;

**ORDERED** that Joshua A. Matz, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and

**ORDERED** that Sive, Paget & Riesel, P.C. may file a request, the form of which is available at the Court's website, with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter.

                                                                         Hon. Leo M. Gordon