UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants,<br><br>    and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, et al.,<br><br>    Defendant-Intervenors. | Before: Leo M. Gordon, Judge<br><br>Court No. 2:23-cv-03885 |

**MEMORANDUM and ORDER**

This matter is before the court pursuant to a letter filed by Plaintiff seeking leave to file a motion to supplement its complaint. See Letter Requesting Leave to File Mot. to Supplement its Compl., ECF No. 87 ("Letter Request"); see also Reply Letter in Support of Request, ECF No. 95 ("Reply"). Defendants[1] take no position on the request. See Letter Request at 1 n.1. Defendant-Intervenors[2] oppose the request. See Letter in Opposition, ECF No. 91.

---

[1] Defendants are the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

[2] Defendant-Intervenors are the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA").

Court No. 2:23-cv-03885                                                                                             Page 2

      Plaintiff seeks permission to supplement the complaint to include factual allegations regarding a recent tolling recommendation issued by the Traffic Mobility Review Board ("TMRB"), a TBTA affiliate, in connection with the challenged congestion pricing scheme.  See Letter Request at 1–2.  Plaintiff also seeks permission to add two co-plaintiffs[3], as well as new claims based on the dormant Commerce Clause of the U.S. Constitution, the Privileges and Immunities Clause of Article IV of the U.S. Constitution, and the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution.  Id. at 2.  Plaintiff asserts that its request is timely, notwithstanding the fact that a final vote on the TMRB's recommendation is yet to occur, because, by then, "the tolling scheme will essentially have become a *fait accompli*."  Id. at 3.  Defendant-Intervenors argue that the proposed amendment would be futile because the claims are not yet ripe, and that amendment risks undue delay.  See Letter in Opposition at 1.  Plaintiff argues that its proposed constitutional claims are ripe, or at least would be "before the pending litigation is finally concluded."  Reply at 1 n.1.

      Although Plaintiff's request is framed as a letter seeking leave to file a motion, Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

---

[3] The proposed new co-plaintiffs are Timothy Horner and Eric Grossman, residents of New Jersey who claim that they will suffer direct injury from the congestion pricing plan. See Proposed Amended Compl. ¶¶ 31, 32, ECF No. 87-1.

Court No. 2:23-cv-03885                                                                                           Page 3

supplemented." Fed. R. Civ. P. 15(d).  If granted, "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time."  Id.

In its request, Plaintiff recognizes that briefing on cross-motions for summary judgment in connection with its existing claims concluded on January 26, 2024, and that resolution of these claims in Plaintiff's favor will obviate any need to resolve the proposed claims.  Letter Request at 4.  Plaintiff therefore urges adjudication of the existing claims prior to adjudication of the proposed claims.  Id.  Given these considerations, the court finds that granting Plaintiff's request at this stage of the litigation does not serve judicial economy.  Instead, the prudent course is to deny Plaintiff's request without prejudice so that Plaintiff may renew the request after the court adjudicates the existing claims.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Letter Requesting Leave to File a Motion to Supplement the Complaint, ECF No. 87, is denied without prejudice.

/s/ Leo M. Gordon  
Leo M. Gordon, Judge  
U.S. Court of International Trade  
(sitting by designation in the District of New Jersey)

Dated: February 8, 2024  
      Newark, New Jersey