

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Natural Resources Section*  *Telephone (202) 305-0457*
*P.O. Box 7611*  *Facsimile (202) 305-0275*
*Washington, DC  20044*

Via ECF                                                                                        March 7, 2024

Hon. Leda Dunne Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:  Global Settlement in *State of New Jersey v. U.S. Dep't of Transp.*, No. 23-3885 (D.N.J.) (LNG-LDW); *Sokolich v. U.S. Dep't of Transp.*, No. 23-21728 (D.N.J.) (LNG-LDW); *Chan v. U.S. Dep't of Transp.*, No. 23-10365 (S.D.N.Y.) (LJL); *Mulgrew v. U.S. Dep't of Transp.*, No. 24-1644 (S.D.N.Y.) (LJL); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24-367 (S.D.N.Y.) (LJL)

Dear Judge Wettre,

Federal Defendants[1] write to request that the Court modify its February 21, 2024, Order (ECF No. 122) to excuse Federal Defendants from producing an official with full settlement authority at the settlement conference set for March 13, 2024.  Counsel for Federal Defendants have conferred with all Parties; all Plaintiffs take no position as to the request, and all other Defendants consent.

By way of background, following a February 21, 2024, status conference, the Court issued an Order setting an in-person settlement conference in this case for March 13, 2024, and, among other things, ordering that "[c]lients with full and immediate settlement authority must attend for the duration unless excused by the Court."  ECF No. 122.  Consistent with Local Rule 16.1(a)(4), which provides that "a governmental party may be represented by a knowledgeable delegate" at a settlement conference, Defendants request that they be excused from any requirement that an official with full settlement authority attend, and to instead have Federal Defendants be represented by trial counsel knowledgeable in this matter.[2]

---

[1]  Federal Defendants are the U.S. Department of Transportation ("DOT"), the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

[2]  Federal Defendants submitted a similar request in advance of the November 12, 2023, settlement conference.  ECF No. 57.  The Court granted that request on November 3, 2023.  ECF No. 59.

Federal Defendants fully support the use of settlement conferences and other dispute resolution techniques to assist parties in exploring resolution of litigation without judicial intervention.  However, Federal Defendants are unable to comply with the requirement that a representative with full settlement authority attend the March 13 conference because trial attorneys for the United States cannot legally execute or agree to any final settlement agreement or compromise the claims of the United States.  That authority is instead exclusively vested in the Attorney General of the United States.  *See* 28 U.S.C. §§ 509; 516; and 519; *see also* Justice Manual § 4-1.410.

The Attorney General, in turn, has delegated to the Assistant Attorneys General the authority to accept offers in compromise in all non-monetary cases assigned to their respective divisions.  In this case, that authority resides with Todd Kim, Assistant Attorney General ("AAG") of the DOJ Environment and Natural Resources Division, a presidential appointee confirmed by Congress.  *See* 28 C.F.R. § 0.160(a)(4).  The AAG has a multitude of responsibilities, including ultimate settlement authority for thousands of cases to which the United States or its agencies or officers is a party.  Realistically, AAG Kim cannot attend or even be available by telephone for settlement conferences in all cases in which he has settlement authority.  Instead, any proposed terms for settlement or compromise by Federal Defendants must be formally referred in writing to the AAG for approval.

Accordingly, Federal Defendants respectfully request that the Court modify the Order to excuse them from the requirement that an official with full settlement authority attend the conference.  Various courts have confirmed that such modification is appropriate.  *See United States v. U.S. Dist. Ct. for the N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012) (excusing "a government representative with full settlement authority to appear at the first settlement conference to be held with the court").  In reaching that conclusion the court explained, among other things, that: (1) "the federal government, though not independent of the court's authority, is also not like any other litigant," *id*.; (2) for the AAG "to prepare for and appear at all settlement conferences . . . would be highly impractical, if not physically impossible," *id*.; and (3) "the first conference to be held in the case" did not provide "a basis to conclude that the direct involvement of the critical decisionmaker for the federal government was needed to achieve a settlement," *id*. at 1060.  So too, the Fifth Circuit explained that a "district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order" requiring full settlement authority.  *In re Stone*, 986 F. 2d 898 (5th Cir. 1993); *see also C1 Design Grp. v. United States*, No. 15-146, 2016 WL 3017380, at *2 (D. Id. May 24, 2016) ("approving the attorney handling the case to attend the mediation, with the Assistant Section Chief available by telephone.").

In addition, the Advisory Committee Notes to Fed. R. Civ. P. 16 state that in litigation involving the government, "there may be no one with on-the-spot settlement authority, and that the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making authority."  Advisory Committees' Note, Subdivision (c), Fed. R. Civ. P. 16 (1993 Amend.).  And Congress has also recognized the need to account for the "unique situation" of the Department of Justice with respect to settlement in federal district court matters because the Department "does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials" within the Department of Justice.  *See* S. Rep. 101-416, 101st Cong., 2d. (Aug. 3,

1990), Senate Report to Accompany S. 2648, Pub. L. 101-650; H.R. Rep. 101-732 (Sept. 21, 1990), House Report to Accompany H.R. 3898, Pub. L. 101-650.

      For the above reasons, Federal Defendants respectfully request that the Court modify the Court's order setting a settlement conference by excusing Federal Defendants from the attendance requirement as to a representative with full and immediate settlement authority.

      Respectfully submitted,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
SHARI HOWARD
SAMANTHA G. PELTZ
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
shari.howard@usdoj.gov
samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

ZACHARY BANNON
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007

Tel.: (212) 637-2728

4