# NAGEL RICE, LLP
### COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS
LORI I. MAYER
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN
SUSAN F. CONNORS*
BRADLEY L. RICE
MICHAEL J. PARAGANO

HARRY A. MARGOLIS
1928-2002

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
WWW.NAGELRICE.COM

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

PLEASE REPLY TO
ROSELAND OFFICE

ANDREW I. PEPPER
CHRISTOPHER G. LOBOZZO
ANDREW J. NEES

SENIOR COUNSEL
S.M. CHRIS FRANZBLAU

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY
 MEMBER OF NJ & NY BARS
 MEMBER OF NJ, NY & DC BARS

March 8, 2024

**VIA ELECTRONIC FILING**
Hon. Leo M. Gordon, sitting by designation
U.S. District Court for the District of New Jersey
U.S. Post office & Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re: State of New Jersey v. United States Department
        of Transportation, et al.
        Civil Action No. 2:23-cv-03885-LMG -LDW

Dear Judge Gordon:

Please accept this letter brief pursuant to Your Honor's February 13, 2024, Order granting the Sokolich Plaintiffs' *amicus* status and leave to file a letter brief in support of the State of New Jersey's motion for summary judgment. ECF No. 119.

We wholeheartedly support the arguments put forth by the State of New Jersey in their moving memorandum of law in support of summary judgment (ECF No. 67-1), and memorandum of law in opposition to Defendants' and Defendants-Intervenors cross-motion for summary judgment. ECF No. 86.

It is apparent from the facts put forth by the State of New Jersey, and not contested by the FHWA or the MTA/TBTA, that the process was rushed primarily to satisfy the main goal of the Congestion Pricing Plan, which is to provide full funding for the struggling MTA.

It is uncontested that an EIS does take more time and effort to complete than a Final Environmental Assessment ("EA"). However, given the historic nature of the Congestion Pricing Plan, (it is the first to be attempted in the nation), the adverse impact on neighboring states, (especially New Jersey, which raises issues of Constitutional magnitude, notably the Dormant Commerce Clause), and the NEPA mandate that the agency take a 'hard look' at the environmental impact of its decisions prior to granting approvals, it is clear that an EIS should have been completed.

Taking a 'hard look' is inconsistent with the current result. A 'hard look' would have provided for a Congestion Pricing Plan with built-in remediation measures applicable to Bergen County from the outset, (as they were for the Bronx). It was no secret that Bergen County would bear the brunt of the environmental impact. The FHWA knew of the increase in Annual Average Daily Traffic that would occur as a result of the plan, which ranged from 1,766 to 3,996 vehicles per day in the Bronx under the various tolling scenarios considered, but ranges from 5,003 to 12,506 vehicles per day in Bergen County. ECF No. 123-2 at p.18, DOT_378.

2

Furthermore, the FHWA found that in Bergen County, there will be increases in every category of pollutant, volatile organic compounds, nitrogen oxides, carbon monoxide and carbon dioxide equivalents. But then determined "no mitigation [was] needed" in relation to Bergen County. Id. Further, the EA explicitly states that "increases in all pollutants" will occur in Bergen County in 2023 and even in 2045 due to shifts in truck traffic. ECF No. 123-7 at p.73; ECF No. 123-7 at p.100, DOT_36867,DOT_36840. Specifically, the National Ambient Air Quality Standards ("NAAQS") criteria pollutants including carbon monoxide; nitrogen oxides; ozone; particulate matter ("PM"); sulfur dioxide; and lead and mobile source air toxins, as well as carcinogens like formaldehyde—will rise in Bergen County. ECF No. 127-2 at pp. 73, 74, 75-88, DOT_36840-DOT_36855. This will impact human health by increasing the likelihood of premature mortality, increased hospital admissions for heart or lung causes, acute and chronic bronchitis, asthma attacks, emergency room visits, and respiratory problems. ECF 1-4 at p.14 of 16, n.46. Particularly since Bergen County already suffers from health problems resulting from air pollution.  As FHWA acknowledged, individuals in southeast Bergen County are already exposed to "air toxics cancer risk worse than 94 percent of the nation." ECF No. 123-3 pp. 277-78, DOT_7266; see also DOT_7267. Additionally, diesel particulate matter levels in "large portions" of Bergen County are "at or above the 95th

3

percentile" of all U.S. communities. Id at p.277, DOT_7266; DOT_7270; see also Id at p.277 DOT_7261.

Here, the EA and FONSI were issued prior to the TMRB issuing its Final Report coming up with a congestion pricing plan that was not even among the seven proposals considered in preparing the EA. While the FHWA and MTA contend that the TBTA has funds that can be used for mitigation of environmental impacts throughout the region, it is undisputed that as of today, no dedicated mitigation funding for *any* New Jersey community has been offered or even proposed. That stands in sharp contrast with the $155 million in mitigation funding committed to New York-based agencies to distribute, including more than $20 million devoted to the Bronx.

Even the omnibus *amicus* brief, which argues that the entire region would benefit from the tolling program, does not successfully address the increase in traffic and air pollution, with resultant negative air quality and health impacts, that will be experienced in Bergen County. This county will feel the brunt of the increase in traffic and pollution as New Jersey residents opt to travel over the George Washington Bridge to avoid entering New York within the CBD. ECF No. 78-1 at p.27. The *amici* focus on Hudson County which will allegedly benefit from some reduction in VMTs and toxic air emissions from mobile sources, compared to taking no action, at least as of 2045. Id. at pp.17, 20. However, these *amici* also concede, that Bergen County and the Bronx could

see an increase in truck traffic and pollution. Id. at p.26. While the *amici* claim that the increase in traffic in Bergen County would be 'slight' the footnote citation shows a .2 to .74% change. Id. That is almost a 4x increase. The amici also acknowledge findings from the EA assessment stating that the chronic disease rate is higher in Bergen and other NJ counties by 66%. Id.; see also ECF No. 123-3 at pp. 283-86, DOT_7272, DOT_7275. This is a significant problem without any proposed remedy currently being recommended.

Because the present tolling program includes remediation funds for the Bronx but not for Bergen County and the Plan was rushed through for the wrong reasons, the Court should rule in favor of the State of New Jersey, find that the current EA and FONSI violates NEPA and the CAA and remand so that a full EIS can be prepared as required by law. The State of New Jersey's motion for summary judgment should be granted and Defendants' cross-motions for summary judgment should be denied.

The Sokolich Plaintiffs look forward to participating in oral argument on this matter scheduled for April 3 and 4, 2024 pursuant to ECF No. 119.

> Very respectfully yours,
> s/ *Bruce H. Nagel*
> BRUCE H. NAGEL

cc. All Counsel of Record (Via ECF)