IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>*Defendants,*<br><br>and<br><br>THE METROPOLITAN TRANSPORTATION AUTHORITY and THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>*Intervenor-Defendants.* | Civ. No. 2:23-cv-03885-LMG-LDW |

**RESPONSE OF INTERVENOR-DEFENDANTS THE METROPOLITAN TRANSPORTATION AUTHORITY AND THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA") hereby respond to the State of New Jersey's ("Plaintiff") putative Notice of Supplemental Authority (the "NSA") (Dkt. 163). Plaintiff's NSA informs the Court of a decision issued by the United States Court of Appeals for the District of Columbia Circuit in *City of Port Isabel, et al. v. Federal Energy Regulatory Commission ("City of Port Isabel")*, No. 23-1174 (D.C. Cir. Aug. 6, 2024); the case is readily distinguishable and has no bearing on the instant litigation.

NSAs are permitted only where "pertinent and significant authorities" come to a party's attention after the party's brief has been submitted or after oral argument. *Atkins v. Capri Training Ctr., Inc.*, No. 2:13-cv-06820 (SDW), 2014 U.S. Dist. LEXIS 139989, at *28, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014).  The *City of Port Isabel* case does not qualify.  Initially, the case arose in a materially different procedural posture and is inapplicable for this reason alone.  The D.C. Circuit in *City of Port Isabel* found procedural and substantive inadequacies in the defendant's attempt to correct deficiencies in an Environmental Impact Statement ("EIS") prepared for a natural gas terminal and pipeline project, which deficiencies the Court had previously identified in a prior challenge that resulted in a remand to the Federal Energy Regulatory Commission ("FERC").  Reviewing the revised analysis following the remand, the D.C. Circuit held that the new analysis should have been published in a Supplemental EIS to enable public comment because of material differences in the analysis and results. *City of Port Isabel*, at *12–20.  Here, by contrast, the instant litigation challenges a Final Environmental Assessment that resulted from a formal comment period and was itself the subject of a public availability period during which public comments (including from Plaintiff) were accepted and considered by the Federal Highway Administration ("FHWA").  Unlike *City of Port Isabel*, here there has been no remand, and the parties' cross motions for summary judgment on the Final Environmental Assessment are still pending.

Moreover, it is black-letter law that a party cannot use an NSA to "advance new arguments that were absent from the movant's complaint." *Atkins*, 2014 U.S. Dist. LEXIS 139989, at *28, 2014 WL 4930906, at *10; *see also Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255 (3d Cir. 2008). The argument advanced in the NSA that Defendants and Intervenor-Defendants did not solicit public comments on "their final tolling scheme," NSA at 2, improperly advances not just a new argument but an entirely new legal challenge that is not part of this litigation. Plaintiff has not

challenged the adequacy of the Reevaluation of the final tolling structure issued on June 14, 2024, which the parties agreed "is not part of this administrative record and is a separate agency decision from the underlying decision now being reviewed by this Court." *See* Exhibit A (containing email from Plaintiff's counsel to the Court). Thus, the Court should disregard Plaintiff's putative effort to use the NSA to assert a new claim that it has not alleged in its Complaint (Dkt. 139).

Finally, Plaintiff argues that the *City of Port Isabel* case "confirmed" that an EIS is required if, even with mitigation, a significant impact "might" result from the proposed action. NSA at 1. As Plaintiff admits, it already made this argument here. In any event, the case is neither "pertinent" nor "significant" because the FHWA's Finding of No Significant Impact determined that the Central Business District Tolling Program "*will not* have significant effects." 40 C.F.R. § 1501.6(a) (emphasis added); *see also Trenton Threatened Skies, Inc v. Fed. Aviation Admin.*, 90 F.4th 122, 132 (3d Cir. 2024); *Atkins*, 2014 U.S. Dist. LEXIS 139989, at *28, 2014 WL 4930906, at *10. Therefore, the legal standard that Plaintiff claims *City of Port Isabel* stands for has no applicability here.

For the reasons stated above, the holding in *City of Port Isabel, et al. v. Federal Energy Regulatory Commission* has no impact on this litigation. The MTA and TBTA respectfully request that the Court disregard the Plaintiff's NSA.

Dated: August 23, 2024                                   Respectfully submitted,

*/s/ Daniel Chorost*
Daniel Chorost
Mark A. Chertok*
Elizabeth Knauer*
John Nelson*
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
dchorost@sprlaw.com

3

mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com


<u>/s/ Roberta A. Kaplan</u>
Roberta A. Kaplan*
KAPLAN MARTIN LLP
156 West 56th Street, Suite 207
New York, NY 10019
(212) 316-9500
rkaplan@kaplanmartin.com

<u>/s/ Gabrielle E. Tenzer</u>
Gabrielle E. Tenzer*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
gtenzer@heckerfink.com

Joshua A. Matz*
Kate Harris*
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
jmatz@heckerfink.com
kharris@heckfink.com

*Counsel for Intervenor-Defendants the Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority*

*\*Admitted pro hac vice*