# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STATE OF NEW JERSEY, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*, <br><br> *Defendant-Intervenor*. | No. 23-3885 (LMG-LDW) |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

On August 20, 2024, Plaintiff the State of New Jersey ("the State") submitted a notice of supplemental authority directing the Court to the D.C. Circuit's recent decision in *City of Port Isabel, et al. v. Federal Energy Regulatory Commission*, No. 23-1174 (D.C. Cir. Aug. 6, 2024) (ECF No. 163-1). For the following reasons, the State is incorrect that *Port Isabel* is persuasive here.

First, *Port Isabel* is inapposite because it concerns the Federal Energy Regulatory Commission's ("FERC") preparation of an Environmental Impact Statement ("EIS") rather than the Final Environmental Assessment ("EA") at issue here. *See Citizens Advisory Comm. on Private Prisons v. U.S. Dep't of Justice*, 197 F. Supp. 2d 226, 239 (W.D. Pa. 2001) ("the EA and the EIS play different roles in the NEPA framework"). Indeed, the Federal Highway

Administration ("FHWA") maintains separate regulations governing the content and form of EISs and EAs. *Compare* 23 C.F.R. § 771.119 (FHWA regulation governing EAs) *with* 23 C.F.R. § 771.123-127 (FHWA regulations governing EISs). Accordingly, *Port Isabel* concerns a categorically different form of review under the National Environmental Policy Act ("NEPA") and its implementing regulations.

Second, *Port Isabel* concerned the plaintiffs' claim that FERC was required to prepare a supplemental EIS, whereas here, the State seeks remand of FHWA's Final EA. The analogous claim to the one brought in *Port Isabel* would be one by the State challenging the sufficiency of FHWA's re-evaluation, *see* ECF No. 156, but no such claim is before this Court.

Third, the D.C. Circuit merely recited the standard position that an agency must prepare an EIS where it is uncertain whether significant effects will result from the proposed action. ECF No. 163-1 at 15. Here, however, FWHA reasonably determined implementation of mitigation would reduce any adverse effects below the threshold of significance and, therefore, that preparation of an EIS was not needed. *See, e.g.*, *Twp. of Bellville v. Fed. Transit Admin.*, 30 F. Supp. 2d 782, 801 (D.N.J. 1998).

Fourth, the State analogizes the holding in *Port Isabel* (where on remand FERC was required to prepare a supplemental EIS because it relied on entirely new data regarding environmental justice) to its argument here that FHWA improperly failed to assess the final tolling schedule adopted by the MTA. But that comparison fails because while FERC conducted brand new analysis to "arrive[] at different conclusions," FHWA assessed the significance of the final tolling schedule in its re-evaluation, and determined that the conclusions in the final EA remained valid. Similarly, the D.C. Circuit's finding that FERC should have provided for public comment on its draft supplemental EIS hinged on the fact the public had not been given an

opportunity to offer input as to the agency's changing conclusions. In this case, however, FHWA's re-evaluation determined that the final tolling schedule did *not* alter its prior conclusions, such that the public had already been provided the opportunity to comment on the expected range of effects of the project during the comment period on the draft EA. Indeed, the U.S. District Court for the Southern District of New York has rejected a similar argument regarding the appropriateness of FHWA's methodology in the Final EA. *See Mulgrew v. U.S. Dep't of Transp.*, No. 24-1644, 2024 WL 3251732, at *29 (S.D.N.Y. June 20, 2024) ("The EA's examination of tolling scenarios, prior to the [ ] adoption of a final tolling structure, did not violate NEPA.").

Fifth and finally, the D.C. Circuit rejected the contention that *any* new information requires an agency to prepare a supplemental analysis. Instead, the court explained that new information must meet the threshold of "significance," ECF No. 163-1 at 12; here, however, the State has not brought a claim challenging the sufficiency of FHWA's re-evaluation and cannot use its existing claims to challenge a different agency analysis.

Accordingly, and for all the reasons above, *Port Isabel* is not authority that properly guides the Court here.

Respectfully submitted this 23rd day of August, 2024,

          TODD KIM
          Assistant Attorney General
          United States Department of Justice
          Environment & Natural Resources Division

          */s/ GREGORY M. CUMMING*
          GREGORY M. CUMMING
          Senior Attorney
          SHARI HOWARD
          SAMANTHA PELTZ

Trial Attorneys
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
shari.howard@usdoj.gov
samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

*Counsel for Defendants*