# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

October 4, 2024

**VIA ECF**

Hon. Leo M. Gordon
United States District Court
District of New Jersey
2 Federal Square
Newark, NJ 07102

> **Re:** *State of New Jersey v. U.S. Dep't of Transportation et al.*, No. 2:23-cv-03885

Dear Judge Gordon:

I respectfully write on behalf of the State of New Jersey ("New Jersey") to update Your Honor on a recent decision issued in *Riders Alliance et al. v. Hochul et al.*, Index No. 156711/2024 (Sup. Ct. N.Y. Cnty.). On September 30, 2024, Justice Engoron denied Governor Hochul's motion to dismiss a special proceeding seeking, *inter alia*, a writ of mandamus to compel the New York State Department of Transportation Commissioner to execute the Tolling Agreement. *See* Exhibit A. Justice Engoron held, in part, that "there remains a more than plausible argument at this stage that NYSDOT's execution of the Tolling Agreement is ministerial." Exhibit A at 5. Respondents will have to answer on October 15. To the extent Justice Engoron grants the writ of mandamus, the Tolling Agreement would be executed. Therefore, the upcoming merits ruling in that case has implications for this case in that a ruling in Petitioners' favor could green light this scheme going forward, absent a contrary ruling here.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

cc: All counsel of record (via ECF)

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 09/30/2024 04:17 PM
NYSCEF DOC. NO. 57

INDEX NO. 156711/2024
RECEIVED NYSCEF: 09/30/2024

Case 2.23-cv-03885-LMG-LDW    Document 166    Filed 10/04/24    Page 3 of 8 PageID:
7525

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| PRESENT: | HON. ARTHUR F. ENGORON | PART | 37 |
|---|---|---|---|
| | *Justice* | | |

------------------------------------------------------------------X

| | | |
|---|---|---|
| RIDERS ALLIANCE, SIERRA CLUB, NEW YORK CITY ENVIRONMENTAL JUSTICE ALLIANCE, | INDEX NO. | 156711/2024 |
| | MOTION DATE | 09/06/2024 |
| Petitioners, | MOTION SEQ. NO. | 005 |

- v -

KATHY HOCHUL, NEW YORK STATE DEPARTMENT OF TRANSPORTATION, MARIE THERESE DOMINGUEZ, METROPOLITAN TRANSPORTATION AUTHORITY, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

**DECISION + ORDER ON MOTIONS**

Respondents.

------------------------------------------------------------------X

| | | |
|---|---|---|
| THE CITY CLUB OF NEW YORK, CHRISTINE BERTHET, KATHLEEN TREAT, | INDEX NO. | 156696/2024 |
| | MOTION DATE | 09/06/2024 |
| Petitioners, | MOTION SEQ. NO. | 006 |

-against-

KATHY HOCHUL, NEW YORK STATE DEPARTMENT OF TRANSPORTATION, MARIE THERESE DOMINGUEZ, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY,

Respondents.

------------------------------------------------------------------X

**156711/2024**
The following e-filed documents, listed by NYSCEF document number (Motion 005) 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 56

**156696/2024**
The following e-filed documents, listed by NYSCEF document number (Motion 006) 46, 47, 48, 49, 50, 51, 52, 53, 57, 63

were read on these motions to _____ DISMISS _____.

Upon the foregoing documents, and for the reasons stated during oral argument on September 27, 2024, it is hereby ordered that respondents' motions to dismiss the petitions are denied.

| 156711/2024   RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No.  005 | Page 1 of 6 |
|---|---|
| 156696/2024   CITY CLUB ET AL vs. HOCHUL, KATHY ET AL.  Motion No.  006 | |

1 of 6

## Background

These two related special proceedings challenge respondent Governor Kathy Hochul's determination that she was "indefinitely pausing" a congestion pricing plan for Manhattan that had been scheduled to go into effect on June 30, 2024.

The congestion pricing plan was a result of nearly a century of legislative debate and study arising out of concerns over ever-increasing traffic and air pollution, particularly in Manhattan's Central Business District (the "CBD"), coupled with a dire need to raise revenue for the Metropolitan Transportation Authority (the "MTA").

On April 1, 2019, the New York State Legislature enacted the Traffic Mobility Act ("TMA"), which was signed into law by then Governor Andrew Cuomo and codified in the New York State Vehicle and Traffic Law § 1701 *et seq.* The TMA vested power with the Triborough Bridge and Tunnel Authority ("TBTA") to establish, design, and implement the congestion pricing plan within the CBD. The TMA also specifically vested TBTA with the power to determine: the boundaries of the CBD; the price of the tolls that would be charged for vehicles entering the CBD; and the start date for the plan (the only limitation on which that it not go into effect prior to December 31, 2020). The TBTA spent the next five years studying, reviewing, designing, and preparing to implement the congestion pricing plan. The TBTA ultimately set the start date for June 30, 2024.

A condition precedent to the plan's implementation is execution of a road-tolling agreement (the "Tolling Agreement") promulgated by the Federal Highway Administration ("FHWA"), in which the federal government would permit the state to impose tolls on Federal-aid highways. The Tolling Agreement requires signatures from: FHWA; TBTA; the MTA; the New York City Department of Transportation ("City DOT"), which controls the streets and roads upon which the congestion pricing plan would be imposed; and the New York State Department of Transportation ("NYSDOT"). NYSDOT is a required signatory to the FHWA agreement because it maintains some gantries over the West Side Highway leading into the CBD; however, under the TMA, those gantries will be operated by TBTA once, and if, the congestion pricing plan is implemented.

On June 5, 2014, Governor Hochul announced, via a recorded video published online, that she was "indefinitely pausing" implementation of the congestion pricing plan. Consequently, the Commissioner of NYSDOT has refused to execute the Tolling Agreement.

Petitioners then commenced the instant special proceedings, respectively, seeking, *inter alia*, a writ of mandamus to compel the NYSDOT Commissioner to execute the Tolling Agreement, and a judgment declaring that Governor Hochul's halting of the congestion pricing plan was *ultra vires*, illegal, null, and void.

**156711/2024  RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No. 005**
**156696/2024  CITY CLUB ET AL vs. HOCHUL, KATHY ET AL. Motion No. 006**    Page 2 of 6

2 of 6

## Discussion

### *Standing*

As an initial matter, respondents assert that petitioners in Riders Alliance do not have standing to bring this special proceeding. The petitioners' causes of action in Riders Alliance allege that Governor Hochul's actions violate the New York State Constitution's newly enacted provisions guaranteeing New Yorkers the "right to clean air and water, and a healthful environment." N.Y. Const. art. XIX, § 1. Respondents argue that because these causes of action sound in "generalized grievances," the Riders Alliance petitioners have no standing to bring this special proceeding.

It is true that "[f]or standing to sue, petitioners must show that they have suffered an injury in fact, distinct from that of the general public." Transactive Corp. v New York State Dep't of Soc. Servs., 92 NY2d 579, 587 (1998). To that end, respondents are correct that not just any New Yorker can bring a claim alleging constitutional violations where the alleged injury to the claimant is no different from that to the public at large. However, respondents mischaracterize the Riders Alliance petitioners' claims, which do not just assert that the Governor's actions "will exacerbate climate change and put the State's greenhouse gas emissions limits further out of reach." Indeed, had citizens from upstate New York attempted to bring this particular cause of action, they would presumably be without standing, as their alleged injuries would be no different from those to the general public. However, the individual Riders Alliance petitioners live in the CBD.

> "To establish standing to challenge respondent's governmental action, ... [petitioners must] demonstrate both that [they] might suffer an injury in fact – i.e., actual harm by the action challenged that differs from that suffered by the public at large – and that such injury falls within the zone of interests" of the legislation or statute through which the government acted. ... Nevertheless, as articulated in the petition, by virtue of petitioners' members' proximity to the facilities, the proposed increase in use of those facilities will affect them differently than other members of the public, thus conferring standing under the specific facts of this case.

Clean Air. Coal. of W. New York, Inc. v New York State Pub. Serv. Comm'n, 226 AD3d 108, 114-115 (3d Dept 2024) (internal citations omitted).

As the Riders Alliance petitioners live in the CBD, they have alleged damages "real and different from the injur[ies] most member of the public face." Sierra Club v Vill. of Painted Post, 26 NY3d 301, 311 (2015) (finding petitioner had standing where other village residents did not because his proximity rendered him within the zone of interest).

Accordingly, the Riders Alliance petitioners have standing to bring the instant special proceeding.

156711/2024  RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No. 005
156696/2024  CITY CLUB ET AL vs. HOCHUL, KATHY ET AL. Motion No. 006

Page 3 of 6

FILED: NEW YORK COUNTY CLERK 09/30/2024 04:17 PM
INDEX NO. 156711/2024
NYSCEF DOC. NO. 57
Case 2:23-cv-03885-LMG-LDW    Document 166    Filed 10/04/24    Page 6 of 8 PageID:
7528
RECEIVED NYSCEF: 09/30/2024

<u>Ripeness</u>

Respondents argue that because Governor Hochul has only "paused" implementation of the plan, albeit indefinitely, there is no final determination, and this issue is not ripe for Article 78 review.

> Whether the agency action is ripe for review depends upon several considerations. First, the action must "impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." In other words, "a pragmatic evaluation [must be made] of whether the 'decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury.'" Further, there must be a finding that the apparent harm inflicted by the action "may not be 'prevented or significantly ameliorated by further administrative action or by steps available to the complaining party.'"

Gordon v Rush, 100 NY2d 236, 242 (2003). The facts and circumstances of the instant proceedings satisfy these criteria.

As Governor Hochul has not indicated when, if ever, she intends to instruct her commissioner to execute the Tolling Agreement, there is no evidence that the alleged harm will be prevented or significantly ameliorated by further administration action. Additionally, there are no further administrative steps available to the complaining party outside of Article 78 review. Accordingly, this issue is ripe.

<u>Mandamus Relief</u>

The TMA states, as here pertinent, that:

> The Triborough bridge and tunnel authority shall enter into a memorandum of understanding with the city department of transportation for purposes of coordinating the planning, design, installation, construction and maintenance of the central business district tolling infrastructure including required signage. The Memorandum shall address the use of existing systems, devices and other facilities owned and operated by the city for the purposes of a central business district tolling program, as well as reimbursable costs associated with the planning, design, installation, construction and maintenance of such program. Such memorandum of understanding shall be entered into no later than sixty days from the effective date of this article.

N.Y. Veh. & Traf. Law § 1704(2-a).

The TMA further states that:

> Consistent with the goals of reducing traffic congestion within the central business district and funding capital projects the Triborough

156711/2024  RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No. 005
156696/2024  CITY CLUB ET AL vs. HOCHUL, KATHY ET AL. Motion No. 006

Page 4 of 6

4 of 6

Case 2:23-cv-03885-LMG-LDW    Document 166    Filed 10/04/24
7529    Page 7 of 8 PageID:

bridge and tunnel authority shall have the power, *subject to agreements with its bondholders, and applicable federal law* to establish and charge variable tolls and fees for vehicles entering or remaining in the central business district at any time and shall have the power, subject to agreements with bondholders, and applicable federal law to make rules and regulations for the establishment and collection of central business district tolls, fees, and other charges.

N.Y. Veh. & Traf. Law § 1704(a) (emphasis added).

Respondents assert that the petitions must be dismissed because Governor Hochul's decision to direct[1] NYSDOT not to execute the Tolling Agreement is discretionary, not ministerial, and thus cannot be subject to mandamus relief. This argument rests on the premise that the language "subject to… applicable federal law" indicates that the Tolling Agreement is a condition precedent to congestion pricing's implementation, and that it is within Governor Hochul's discretion to negotiate and execute the agreement.[2]

Petitioners argue that "subject to… applicable federal law" means only that the Federal Government must approve the tolling plans on Federal-aid highways and that NYSDOT's signature as a "technical" sponsor is ministerial.

"In considering a motion to dismiss a CPLR article 78 proceeding pursuant to CPLR 3211(a)(7) and 7804(f), all of the allegations in the petition are deemed to be true and are afforded the benefit of every favorable inference." E. Oaks Dev., LLC v Town of Clinton, 76 AD3d 676, 678 (2d Dept 2010).

Petitioners have stated causes of action sufficient to survive a motion to dismiss. While respondents will have the opportunity to furnish with their answers, an administrative record, if any exists, in support of their arguments, there remains a more than plausible argument at this stage that NYSDOT's execution of the Tolling Agreement is ministerial.

The Court has considered respondents' remaining arguments, including that these issues are non-justiciable, and finds them unavailing and/or non-dispositive.

---

[1] There is a question of fact as to how, if at all, Governor Hochul instructed the NYSDOT Commissioner not to execute the Tolling Agreement. At oral argument, it was implied that the Commissioner took it upon herself not to sign it based upon her viewing of the Governor's announcement of the "indefinite pause."

[2] During oral argument, respondents undercut their argument by conceding that the terms of the Tolling Agreement have already been agreed upon, but that the only "discretion" being exercised was "that the Governor didn't want the contract finalized."

156711/2024  RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No. 005          Page 5 of 6
156696/2024  CITY CLUB ET AL vs. HOCHUL, KATHY ET AL. Motion No. 006

Conclusion

Thus, for the reasons stated herein, the motions to dismiss are denied. Respondents have until October 15, 2024 to file their answers.

HON. ARTHUR F. ENGORON J.S.C.

_____
ARTHUR F. ENGORON, J.S.C.

9/30/2024
_____
DATE

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156711/2024  RIDERS ALLIANCE ET AL vs. HOCHUL, KATHY ET AL Motion No. 005      Page 6 of 6
156696/2024  CITY CLUB ET AL vs. HOCHUL, KATHY ET AL. Motion No. 006

6 of 6