# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, *Plaintiff*, v. UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, *Defendants*, and METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*, *Defendant-Intervenors*. | No. 23-3885 (LMG-LDW) |

## DEFENDANTS' NOTICE OF LODGING SUPPLEMENTAL RECORD

Pursuant to this Court's November 27, 2024 Order, ECF No. 184, Defendants[1] hereby lodge a supplemental Administrative Record, together with a supporting declaration and index of the contents of the supplemental record. The certified supplemental Administrative Record filed with the Court today reflects those documents considered directly or indirectly by Defendants in issuing the June 14, 2024 and November 21, 2024 re-evaluations, which found that no further review of FHWA's May 5, 2023, Final Environmental Assessment ("EA") was needed.

---

[1] Defendants are the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

In so doing, Defendants do not concede that the supplemental record is properly before the Court with respect to Plaintiff State of New Jersey's ("the State") present claims in this litigation. Those claims challenge only the sufficiency of the Final EA and FHWA's subsequent June 23, 2023 Finding of No Significant Impact ("FONSI"). *See* Compl. ¶¶ 123-58. Because the State challenges only the agency's decision to issue the final EA and FONSI, the record before the court is necessarily limited to those documents in existence "at the time of [that] decision." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (the court's review is based upon "the administrative record already in existence, not some new record made initially in the reviewing court."). In other words, because FHWA issued the FONSI on June 23, 2023, that is the "legally relevant date" for fixing the record. *Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 535, 542 (D. Del. 2010). Indeed, courts have routinely rejected requests to supplement the record with information post-dating an agency's determination. *Id*. at 542-43 (rejecting request to consider "post-decisional" documents, particularly where they concerned the "substantive merits of the agency's determination").

While a record may be supplemented, the circumstances under which it is appropriate are limited, given supplementation runs contrary to the principle that "an agency's designation of the administrative record is generally afforded a presumption of regularity." *Id*. at 542; *see New Jersey v. U.S. Army Corps of Eng'rs*, No. 09-5591, 2010 WL 2771771, at *4 (D.N.J. July 13, 2010) ("The Third Circuit allows supplementation of the administrative record in APA cases under two circumstances—in cases where the administrative record 'does not disclose the factors considered by an agency or the agency's construction of the evidence,' and in cases where there

2

is agency bias." (citing *Horizons Int'l, Inc. v. Baldrige*, 811 F.2d 154, 161–62 (3d Cir. 1987)); *see also NVE, Inc. v. Dep't of Health & Hum. Servs.*, 436 F.3d 182, 194–95 (3d Cir. 2006) ("Reversal is appropriate only where the administrative action is irrational or not based on relevant factors."). The State has neither moved to supplement the record nor has the Court determined that the State has met its burden to show that supplementation is appropriate under the narrow factors articulated by the Third Circuit. *See AgustaWestland N. Am., Inc. v. U.S.*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (where the administrative record was "sufficient to determine whether the Government acted in an arbitrary and capricious manner" the court "abused its discretion by sua sponte supplementing the administrative record."). Thus, in the absence of the State making the requisite showing, consideration of post-decisional information risks at least impliedly shifting the burden of proof to Defendants by permitting the Court to examine issues as-of-yet untested by party briefing. *See Citizens Advisory Comm. on Private Prisons v. U.S. Dep't of Justice*, 197 F. Supp. 2d 226, 241 (W.D. Pa. 2001) ("the plaintiff has the burden to establish that the agency's decision violated NEPA").[2]

---

[2] While remand for further factfinding is an appropriate remedy in cases applying a "substantial evidence" standard of review, *see, e.g.*, *Eary v. Halter*, No. 2001 WL 695045, at *6 (E.D. Pa. June 18, 2001), that is not the standard applicable here. *See Friends of the Floridas v. U.S. Bureau of Land Mgmt.*, — F. Supp. 3d —, 2024 WL 3952037, at *57 (D.N.M. Aug. 27, 2024) ("Section 706's substantial evidence test, on the other hand, 'applies almost exclusively to *formal adjudication*,' *Ass'n of Data Processing Serv. Organizations, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 745 F.2d 677, 686 n.6 (D.C. Cir. 1984) (Scalia, J.)., because 'a case subject to sections 556 and 557 of this title' refers to the formal adjudication and formal rulemaking provisions of the APA, 5 U.S.C. § 706(2)(E).") (emphasis added). Instead, the Third Circuit has made clear that "an agency decision under NEPA and its implementing regulations" "is subject to review under [an] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard. *Twp of Bordentown v. Fed. Energy Reg. Comm'n*, 903 F.3d 234, 248 (3d. Cir. 2018); *see also Pub. Interest Research Grp. v. Fed. Highway Admin.*, 884 F. Supp. 876, 888 n.17 (D.N.J. 1995) (noting remand is only appropriate "if the agency's decision is not supported by the record").

3

Finally, supplementing the record with materials relevant to FHWA's subsequent re-evaluations of the analysis and conclusions in the Final EA and FONSI risks conflating the claims in this lawsuit with a challenge the State has not brought—a challenge to the sufficiency of the re-evaluation. *See Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 190 (4th Cir. 1999) (explaining different statute of limitations applied to claims challenging agency's original "siting decision" in NEPA document versus claims challenging agency's decision not to prepare a supplemental analysis); *see also Mulgrew v. U.S. Dep't of Transp.*, No. 24- 1644, 2024 WL 3251732, at *46-47 (S.D.N.Y. June 20, 2024) (treating allegations about the re-evaluation separately from challenges to the validity of the EA and FONSI); *Native Songbird Care and Conservation v. LaHood*, No. 13-2265, 2013 WL 3355657, at *5 (N.D. Cal. July 2, 2013) (distinguishing between challenge to underlying NEPA document and challenge based on alleged failure to supplement). By its own admission, the State has thus far declined to pursue such a claim. And tacit consideration of claims not currently before this Court (and the record underlying those claims) also violates the party-presentation principle—that federal courts are neutral arbiters that "rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020).[3]

In sum, based on the claims presently before the Court, Defendants do not concede that consideration of this supplemental record is appropriate at this time.

> Respectfully submitted this 3rd day of December, 2024,

---

[3] However, whether post-decisional materials are relevant to determination of the appropriate remedy is a different question from whether those materials are relevant to the merits. *See Midwater Trawlers Coop. v. Dep't of Comm.*, 393 F.3d 994, 1007 (9th Cir. 2004); *Forest Serv. Emps. for Env'tl Ethics v. U.S. Forest Serv.*, No. 17-5747, 2019 WL 28001, at *3 (D. Or. Jan. 22, 2019).

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ GREGORY M. CUMMING*
GREGORY M. CUMMING
Senior Attorney
SHARI HOWARD
SAMANTHA G. PELTZ
Trial Attorneys
Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
shari.howard@usdoj.gov
samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

*Counsel for Defendants*