# UNITED STATES DISTRCT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>          Defendants.<br><br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*,<br><br>        *Defendant-Intervenors.* | Civil Action No. 2:23-cv-03885-LMG-LDW |

**BRIEF OF AMICUS CURIAE THE COUNTY OF BERGEN IN SUPPORT OF PLAINTIFF STATE OF NEW JERSEY'S APPLICATION BY ORDER TO SHOW CAUSE FOR CLARIFICATION AND/OR RECONSIDERATION AND FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 2

INTEREST OF THE AMICUS CURIAE ........................................................................... 3

SUMMARY OF ARGUMENT ............................................................................................ 3

ARGUMENT ......................................................................................................................... 5

REMAND WITHOUT VACATUR IS UNUSUAL AND INAPPROPRIATE IN THIS ACTION ................................................................................................................................ 5

CONCLUSION ..................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Cases**
Comite' De Apoyo A Los Trabajadores Agricolas v. Perez, 774 F.3d 173, 191 (3d Cir. 2014) ..... 5

Council Tree Commc'ns, Inc. v. F.C.C., 619 F.3d 235, 258 (3d Cir. 2010) .................................. 6

**Statutes**
5 U.S.C. § 706(2) ............................................................................................................... 5, 6

## INTEREST OF THE AMICUS CURIAE

*Amicus* the County of Bergen is a public entity of the State of New Jersey, headquartered at One Bergen County Plaza, City of Hackensack, County of Bergen, State of New Jersey. *Amicus* represents the interests of the County of Bergen and its residents. *Amicus* were previously approved to participate in the prior proceedings and hereby incorporates by reference those arguments setting forth the interests of *Amicus* in its January 8, 2024 submission. See ECF 82.

## SUMMARY OF ARGUMENT

The limited purpose of this brief is to request that the Court explicitly address what effect the Court-ordered remand has on the Metropolitan Transportation Authority ("MTA") and its affiliate, the Triborough Bridge and Tunnel Authority ("TBTA"), and their proposed program to impose tolls on vehicles entering the Central Business District ("CBD") of Manhattan (the "Program" or "Project"). As the Court is aware, the State of New Jersey ("Plaintiff") challenged the final determinations by the U.S. Department of Transportation's ("DOT") Federal Highway Administration ("FHWA") regarding the environmental review process under the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq. (2018) ("NEPA") and the Clean Air Act, 42 U.S.C. §§ 7401 et seq. (2018) ("CAA") for the establishment of the Program.

The specific relief sought by Plaintiff was to: "(1) issue preliminary and permanent injunctions vacating and setting aside Defendants' FONSI and Final EA, and compelling Defendants to complete a full and proper EIS for the Manhattan CBD; (2) declare that the FHWA's failure to prepare an EIS for the Manhattan CBD congestion pricing scheme, or to adequately explain why an EIS is unnecessary, violates NEPA, its implementing regulations, and the APA; (3) issue preliminary and permanent injunctions vacating and setting aside Defendants' FONSI and Final EA until a proper transportation conformity analysis under the CAA is completed in New Jersey; (4) declare that Defendants violated the CAA and APA, and that the transportation

3

conformity determination for congestion pricing in the Manhattan CBD was incomplete and provided no lawful basis for granting any approval; (5) declare that Defendants' actions, including their FONSI and Final EA, are invalid as a matter of law; (6) order the FHWA to prepare a full and proper EIS for the Manhattan CBD Tolling Program; and (7) order the FHWA to conduct the transportation conformity analysis as required by the CAA." See ECF 139.

On December 30, 2024, this Court issued its summary judgment decision, granting Plaintiff summary judgment in part, and ruling that the "FHWA and Project Sponsors acted in an arbitrary and capricious manner in reaching their mitigation determination in the Final EA and FONSI." See ECF No. 191. The Court ruled that there are "areas in New Jersey entitled to mitigation." *Id.* at 50. However, the Final EA and FONSI "provide[] no insight as to why areas in New Jersey with similarly high pre-existing burdens [as the Bronx] did not receive place-based mitigation commitments" and do not provide a justification for the "apparent disparate treatment" that was afforded to the Bronx as compared to New Jersey. *Id.* at 50–53. The Court therefore correctly remanded this matter to the FHWA on the most critically important issue there could be in this Final EA and FONSI—the adequacy of the mitigation measures provided for adversely affected communities. Only if those communities' significant adverse impacts are adequately addressed through identified mitigation measures funded in the plan can an unprecedented project such as this one proceed without first conducting a full environmental impact statement ("EIS").

Notably, the Court's decision did not state what effect its remand has on the Project Sponsors' intended launch of congestion pricing on January 5, 2025. Clarification is an absolute must because it is Plaintiff's belief, as well as *Amicus'*, that the remand vacated the Final EA and FONSI until the FHWA takes the appropriate actions in conformity with this Court's decision.

4

# ARGUMENT

## REMAND WITHOUT VACATUR IS UNUSUAL AND INAPPROPRIATE IN THIS ACTION

When a court finds that an agency action was arbitrary and capricious, unlawful, or unsupported by substantial evidence, the action is vacated, and the agency must try again. Remand without vacatur is an extraordinarily rare remedy that is not warranted here. See Comite' De Apoyo A Los Trabajadores Agricolas v. Perez, 774 F.3d 173, 191 (3d Cir. 2014) ("Ordinarily, reviewing courts have applied [Section 706(2) of the Administrative Procedure Act ("APA")] by vacating invalid agency action and remanding the matter to the agency for further review."). 5 U.S.C. § 706(2), provides in part that reviewing courts "shall. . . hold unlawful and set aside agency action, findings, and conclusions" found to violate one of the APA's specified standards of review. The Third Circuit has also stated that vacatur is "particularly appropriate" where, as here, the Court would otherwise leave in place an agency action "that is causing the very adverse effect that [the agency] is charged with preventing, and [thus] would be 'legally sanction[ing] an agency's disregard of its statutory or regulatory mandate.'" Comite' De Apoyo, 774 F.3d at 191 (reversing district court and ordering remand with vacatur) (final alteration in original) (citation omitted).

It would be remarkable if this Court will permit the FHWA's decision to remain in effect despite errors that are prejudicial to the interests of the challenging parties. The findings of this Court indicate that the FHWA's flawed decision in making was not harmless error that could be remedied by supplemental submissions after the fact. Thus, vacatur is required under the APA where, as here, the "deficiencies in the challenged [agency action are] serious" *and* vacatur is not "likely to create any serious disruption." Council Tree Commc'ns, Inc. v. F.C.C., 619 F.3d 235, 258 (3d Cir. 2010). Nothing could be more "serious" in this case than the absence of sufficient specific mitigation measures for adversely affected New Jersey communities. And there will be no

"disruption" from maintaining the *status quo*, which is no congestion pricing, pending the remand proceedings.

If this Court intended its decision to be interpreted as a remand without vacatur, then this Court is essentially finding that prejudicial agency errors do not justify setting aside the challenged action, a conclusion that deviates from long-standing legal norms. Further, if the Court's decision was intended to be interpreted as a remand without vacatur, then this Court tolerates agency deviations and thereby reduces incentives for agencies to respond and to comply with legal requirements in future proceedings. On review of agency action, courts should uniformly and clearly identify whether they are vacating the agency action. This did not occur here. Instead, the parties, as well as the general public, are left in a state of uncertainty as to the legal status of this action.

Ultimately, there is no dispute that congestion pricing will have an adverse impact on the County of County. Without specific mitigation efforts, this Court must vacate the FHWA's findings until they supply further information and/or reconsideration of specific place-based mitigation.

## **CONCLUSION**

For the foregoing reasons, *Amicus* respectfully requests that this Court clarify whether its decision had the effect of vacating the Final EA and FONSI, as controlling Third Circuit law requires it to do.

/s/ David Mateen

David Mateen, Esq.
Assistant Bergen County Counsel
Bergen County Counsel
One Bergen County Plaza
Hackensack, New Jersey 07601
201-336-6961
dmateen@bergencountynj.gov

Dated: January 3, 2025

6