# NAGEL RICE, LLP

COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS
LORI I. MAYER
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN
SUSAN F. CONNORS*
BRADLEY L. RICE
MICHAEL J. PARAGANO

HARRY A. MARGOLIS
1928-2002

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
WWW.NAGELRICE.COM

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

PLEASE REPLY TO
ROSELAND OFFICE

ANDREW I. PEPPER
CHRISTOPHER G. LOBOZZO
ANDREW J. NEES

SENIOR COUNSEL
S.M. CHRIS FRANZBLAU

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY
 MEMBER OF NJ & NY BARS
 MEMBER OF NJ, NY & DC BARS

February 9, 2024

*Via E-filing*
Honorable Leo M. Gordon
US Court of International Trade
(Sitting by designation in the
District of New Jersey)
50 Walnut Street
Newark, NJ  07102

Re:  *State of New Jersey v. United States Department of Transportation et al and Metropolitan Transportation Authority*
     Civil Action No. 2:23-03885
*Sokolich et al. v. US Department of Transportation et al*
     Civil Action No.:  2:23-cv-21728-LMG-LDW

Dear Judge Gordon:

Our firm represents the Sokolich plaintiffs in the class action seeking damages and injunctive relief in connection with the Congestion Pricing Plan. We respectfully file this Order to Show Cause Seeking to Lift the Stay and Restore our Standing as party in the related class action.

There is no compelling reason to continue the stay of this case.  Indeed, the continuation of the stay of the Sokolich Action for what remains of the 30 day period will severely prejudice the

Sokolich Plaintiffs. It may preclude them from participating in an expedited appeal of this Court's Order denying relief pending resolution of the aspects of the Congestion Pricing Plan that the Court found insufficient and hence, arbitrary and capricious. If the stay of the Sokolich matter is not lifted now, the result would be two appeals proceeding in parallel which would result in both a waste of judicial resources and may lead to inconsistent results.

The Sokolich Plaintiffs have standing to participate in all appellate proceedings because they are suffering irreparable injury as a result of the introduction of congestion pricing which cannot be fully compensated through a monetary award. Respiratory injuries are not a mere inconvenience. Hence, the Court should lift the stay and permit the Sokolich Plaintiffs to participate going forward.

### FACTUAL SUMMARY

By order entered on February 8, 2024, this court denied our application to consolidate our action with the State of New Jersey v United States Department of Transportation, Civ. No. 2:23-cv-03885. However, the court also permitted our firm to appear as amicus in the related action.

The State of New Jersey moved for clarification of the Court's decision and injunctive relief pending resolution of the issue of whether congestion pricing could be implemented prior to resolution of the aspects of the plan that the Court found were

arbitrary and capricious. Argument was heard on January 3, 2025; however, the court did not permit amicus to be heard. After the court denied the State's application, the State filed an emergent appeal in the Third Circuit which was denied on January 4, 2025.

The issue before the District Court and now the Third Circuit Cour of Appeals is whether the implementation of the congestion pricing plan where the court has found an invalid FONSI and environmental review will result in irreparable harm. Your Honor will recall that during our oral argument in early April, we used two charts comparing the increase/decrease of 6 different toxins from exhaust between Bergen County and both Bronx County and New York County. As to every one of the 6 toxins, there was a significant increase in Bergen County and a significant decrease in the New York Counties. Without question, the increase in these 6 toxins will have major and irreparable impact on the citizens of Bergen County especially those with pre-existing pulmonary disease as plead in our complaint, and these detrimental health issues cause irreparable harm and are not simply monetary claims are as by the MTA parties.

## ARGUMENT

### -THIS COURT SHOULD EXERCISE ITS POWER AND LIFT THE STAY IT PREVIOUSLY IMPOSED

It is our desire to join the pending appeal and also to move forward with our case, which seeks injunctive relief as well. This

3

Court previously stayed our case until 30 days after resolution of the cross-motions for summary judgment in the State of New Jersey Case (ECF 61). Thus, we respectfully request that our amicus status be changed to party status, that the Court lift the stay now, and the court set a preliminary conference to review our proposed discovery plan. We have brought this emergent application as there may be appellate deadlines which need to be met so that we may appear in the pending appeal.

"A district court's inherent authority 'to control the disposition of the causes on its docket with economy of time and effort' implicitly carries with it 'the power to stay proceedings.'" Akishev v. Kapustin, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). Like a stay pending appeal, a stay pursuant to a court's docket management authority "is not a matter of right," id. at 449 (quoting Nken v Holder, 556 U.S. 418, 433 (2009). Further, courts must remain "mindful that the stay of a civil proceeding constitutes 'an extraordinary remedy,'" id. at 445 (citation omitted).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket ..." Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 199 (3d Cir. 1988)(quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Consequently,

4

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." Id. See also. McCall v. Avco Corp., No. 4:18-CV-01350, 2019 WL 2004358, at *1 n.3 (M.D. Pa. May 7, 2019) (citing Air Vent, Inc. v. Owens Corning Corp., No. 02:10-cv-01699, 2013 WL 1102811, at *2 (W.D. Pa. Mar. 15, 2013); see also Data v. Pa. Power Co., Civil No. 19-879, 2023 WL 3944030, at *3 (W.D. Pa. June 12, 2023). ; Sager v. Allied Interstate, LLC Civil Action No 3:18-cv-220, 2021 WL 9406785 (W.D.Pa . Dec. 21, 2021).

In this case, the purpose of the stay previously imposed, presumably to streamline the proceedings and limit it to issues involving the propriety of the FONSI, no longer exist. Hence, the Court should lift its stay and permit the Sokolich Plaintiffs to participate in proceedings both before the District Court and the Third Circuit.

## CONCLUSION

For all of the foregoing reasons, the stay should be lifted and the Sokolich Plaintiffs should be permitted to participate in all proceedings in the State of New Jersey case, as well as, litigating the merits of the Sokolich claims without further delay.

Respectfully submitted,

*Bruce H. Nagel*
BRUCE H. NAGEL