# NAGEL RICE, LLP

## COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS
LORI I. MAYER
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN
SUSAN F. CONNORS*
BRADLEY L. RICE
MICHAEL J. PARAGANO

HARRY A. MARGOLIS
1928-2002

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
WWW.NAGELRICE.COM

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

PLEASE REPLY TO
ROSELAND OFFICE

ANDREW I. PEPPER
CHRISTOPHER G. LOBOZZO
ANDREW J. NEES

SENIOR COUNSEL
S.M. CHRIS FRANZBLAU

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
 MEMBER OF NJ & NY BARS
  MEMBER OF NJ, NY & DC BARS

January 21, 2025

*Via E-filing*
**Honorable Leo M. Gordon
US Court of International Trade
(Sitting by designation in the
District of New Jersey)
50 Walnut Street
Newark, NJ  07102**

> Re:  *State of New Jersey v. U.S. Dep't of Transp., et al.*
>      <u>Civil Action No.: 2:23-cv-3885</u>
>
>      *Mark Sokolich et al v U.S. Dep't of Transp., et al.*
>      <u>Civil Action No.: 2:23-cv-21728</u>

Dear Judge Gordon:

We submit this reply on behalf of <u>Sokolich</u> plaintiffs. There are multiple grounds justifying relief from the order staying the <u>Sokolich</u> action until thirty (30) days following the adjudication of the State's action.

First, while there is substantial overlap between the two actions, this court previously noted that the <u>Sokolich</u> action seeks "additional remedies and relief for two separate classes." ECF 58.

As <u>amicus</u>, our ability to present arguments outside of the overlapping issues has been narrowly limited. Moreover, this court barred any participation in the arguments on January 3, 2025, where the State sought clarification of the substantive rulings and

injunctive relief. As amicus, the Sokolich plaintiffs never had the opportunity to submit arguments based upon immediate and irreparable harm to the health of the class members, the very unique relief that was sought in our action.

Second, the Sokolich plaintiffs are, and will continue to suffer immediate and irreparable harm as a result of heightened exposure to the six toxins which the federal studies have confirmed will all increase as a result of the congestion pricing plan. The Sokolich plaintiffs have a right to directly argue that an immediate and irreparable harm has and will occur.

In Interfaith Community Organization v Honeywell International, Inc. 399 F.3d 248, 261 (3d Cir. 2005), the court affirmed the District Court's injunction requiring excavation and cleanup of chromium causing an imminent and substantial endangerment to health under the RCRA after finding that Honeywell was responsible for concentrations far in excess of NJDEP contamination standards. The Court rejected Honeywell's argument that a remedial injunction usurps agency power stating: "particular types of injunctive relief may not be circumscribed by arguments as to what an agency might have done. "The comprehensiveness of [a court's] equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command."" (citations omitted) Id. at 268. See also United States v. Tzavah Urban Renewal Corp, 696 F.Supp. 1013 (D.N.J. 1988)(Government established likelihood of irreparable injury if owners of hotel being renovated and found to contain asbestos materials were not enjoined to comply with regulations and that public interest favored injunction since dry asbestos constitutes a serious health hazard).

As the Court stated in Env't Democracy Project v. Green Sage Mgmt., LLC, No. 22-CV-03970-JST, 2022 WL 4596616, at *3 (N.D. Cal. Aug. 23, 2022):

> "Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable." *Sierra Club v. United States Forest Serv.*, 843 F.2d 1190, 1195 (9th Cir. 1988) (quotation marks, citation, and alterations omitted); *see also United States v. Gear Box Z Inc.*, 526 F. Supp. 3d 522, 528 (D. Ariz. 2021) ("[T]he irreparable harm at issue here is obvious. Emissions of harmful pollutants damage human health and the environment.").Here, the record

>demonstrates that the generators are being used without valid permits and the "[d]iesel generator exhaust fumes pose a grave risk to the health and safety of residents and employees." ECF No. 8-3 at 1-5. This is sufficient to establish a risk of irreparable physical and procedural harm. *See Save Our Summers v. Wash. State Dep't of Ecology*, 132 F. Supp. 2d 896, 905 (E.D. Wash. 1999) ("The risk of physical injury from continued [wheat stubble] burning is sufficient to establish a risk of irreparable harm."); *Save Strawberry Canyon v. Dep't of Energy*, 613 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009) ("The procedural injury is also irreparable—even if a NEPA review might later be conducted, implementing regulations specify when NEPA review must be conducted and limit the agency's ability to proceed with major federal actions absent the proper procedures beyond specified stages[.]").

See also, Heather K. v. City of Mallard, 887 F.Supp. 1249, 1260 (N.D.Iowa 1995) (finding irreparable injury when "[c]ontinued open burning poses a very real health threat, possibly even a mortal threat, to Heather K."); St. Bernard Citizens for Environmental Quality, Inc. v Chalmette Refining, LLC, 354 F.Supp.2d 697, (ED LA 2005) (court grants summary judgment awarding injunction in favor of citizens environmental group against refinery for Clean Air Act violations where refinery repeatedly violated emission limits for harmful pollutants endangering the health and quality of life of those living near the refinery.)

With no participation in the January 3, 2025 arguments, and subsequent emergent appeal, we were not permitted to submit these arguments that directly bear on the unique relief sought in our action. This bar was a clear violation of our basic due process rights on issues that were particular to our action. 'The fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). The hearing must be 'at a meaningful time and in a meaningful manner.' Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)

Third, the Sokolich plaintiffs differ from the State insofar as the State has elected to dismiss the appeal and thus the issue of injunctive relief will not be submitted to the full panel. We intend to do so and we intend to seek leave to the United States

Supreme Court in the event that injunctive relief is not granted in the Third Circuit Court of Appeals. Indeed, we can find no authority where an environmental review has been deemed flawed based upon a violation of 40 C.F.R. §1501.6(c ) and the court did not enjoin implementation of the particular plan.

Finally, we intend to seek the cessation of the ongoing increase in pollution and its immediate and irreparable harm on class members health. Pulmonary disease is not simply a monetary issue and cannot be cured with the allocation of mitigation dollars by the federal government. The court's finding that the relief sought by the State is monetary in nature hardly applies to the <u>Geller</u> subclass who have pre-existing pulmonary disease and will suffer irreparable harm with each breath they take inhaling dangerous toxins as a result of the congestion pricing plan.

                                        Respectfully,

                                        *Bruce H. Nagel*
                                        BRUCE H. NAGEL

BHN/ls

cc:  All counsel of record (via ECF)