# SIVE | PAGET | RIESEL

**DAN CHOROST**
DIRECT DIAL: 646.378.7207
DCHOROST@SPRLAW.COM

January 22, 2025

**BY ECF**

The Honorable Leo M. Gordon
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      Re:      *State of New Jersey v. U.S. Dep't of Transp., et al.*, No. 23 Civ. 3885 (D.N.J.) ("*New Jersey*"); *Sokolich et al. v. U.S. Dep't of Transp., et al.*, No. 23 Civ. 21728 (D.N.J.) ("*Sokolich*")

Dear Judge Gordon,

      We write on behalf of Intervenor-Defendants the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA") in response to the *Sokolich* Plaintiffs' highly unusual proposal, made for the first time in their reply letter of yesterday's date (ECF 81), that they should somehow be permitted to pursue the *New Jersey* Plaintiff's appeal from Your Honor's ruling denying preliminary injunctive relief in the *New Jersey* action, notwithstanding the fact that the *Sokolich* Plaintiffs are not parties to the *New Jersey* action and notwithstanding the fact that the Third Circuit has already dismissed the *New Jersey* appeal.

      First and most importantly, our research indicates that we are in a position to confirm what we initially suspected was the case, namely, that what the *Sokolich* Plaintiffs are seeking here – effectively a change in status from "amicus" to "party" – is completely unprecedented. We are not aware of a single reported case anywhere in which this ploy has ever been attempted, much less authorized, and we are highly doubtful that the Third Circuit would recognize the *Sokolich* Plaintiffs' standing to be heard. The rules are clear that amici like the *Sokolich* Plaintiffs may not raise issues on appeal that were not raised by the parties below and therefore not considered by the district court. *See F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 (2013) ("Because this argument [raised by amicus on appeal] was not raised by the parties or passed on by the lower courts, we do not consider it"); *N.J. Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 383 (3d Cir. 2012) ("[A]n *amicus* brief . . . is normally not a method for injecting new issues into an appeal, at least in cases where the parties are competently represented by counsel."). Moreover, as discussed in our prior letter in opposition to the OTSC, ECF 78, and in the Federal Defendants' opposition, ECF 80, the *Sokolich* Plaintiffs identify no support in the rules or the case law for their novel proposed relief: somehow "changing" their status in the *New Jersey* action from amicus to

Hon. Leo M. Gordon
January 22, 2025
Page 2 of 3

a party with the right to appeal. That magic wand exists only in fairy tales and should not be countenanced here.

Second, to the extent that the *Sokolich* Plaintiffs seek to raise new arguments about their factual circumstances not already raised by *New Jersey*, the only procedural mechanism that would make any sense at all would be intervention. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 499 (3d Cir. 1982) ("Having been explicitly barred [from Plaintiff class in earlier suit], appellants were no longer putative members, or parties to the suit in any capacity. At that point, they had two options—file a separate suit or intervene in the pending litigation."). But the *Sokolich* Plaintiffs have not moved to intervene nor could they, given the current status of this case.

To intervene as of right, a party must demonstrate that the application for intervention is timely. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). When reviewing timeliness, courts look at three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *Id.* at 366. With respect to the first factor, or the stage of the proceedings, this Court has already granted Defendants' motions for summary judgment in large part, and briefing on the limited issues that were remanded to FHWA is ongoing. The *Sokolich* Plaintiffs' request to appeal the denial of the *New Jersey* Plaintiff's request for a preliminary injunction therefore constitutes a motion for post-judgment intervention, which can only be granted in extraordinary circumstances clearly not present here. *See In re Fine Paper Antitrust Litig.*, 695 F.2d at 500 ("[A] motion to intervene after entry of a decree should be denied except in extraordinary circumstances.")

On top of that, the prejudice to Federal Defendants and Intervenor-Defendants from any belated attempt to intervene in the *New Jersey* action is obvious and severe—the Congestion Pricing Program in the CBD has been operating successfully for weeks, and the plaintiffs in *New Jersey* have already discontinued their appeal. And the *Sokolich* Plaintiffs surely have presented no good reason to justify their delay in seeking intervention. Not only have they closely watched this case from the very beginning, but they could have sought to intervene three weeks ago following the Court's order denying the request for preliminary injunction. *Greenwich Terminals LLC v. U.S. Army Corp of Eng'rs*, No. 23 Civ. 4283, 2024 WL 4859077, at *3 (E.D. Pa. Nov. 21, 2024) (motion to intervene untimely where plaintiffs "closely watched" case "from day one," but sought to "preserve" unidentified and supported "right to appeal").

In sum, none of the *Sokolich* Plaintiffs' arguments to magically transform themselves from amici to parties are tenable. If what they are seeking to do is raise new arguments for the first time before the Third Circuit, then that would be improper. If, on the other hand, their arguments are not new (and we believe they are not), then they already have been articulated at considerable length by *New Jersey* counsel[1] so there is no basis to allow them to intervene by way of epilogue now.

---

[1] While the *Sokolich* Plaintiffs point to new *cases* involving extreme forms of environmental harm not present here, they provide no new *arguments* that the *New Jersey* Plaintiff did not raise previously. *See* ECF 219.

Hon. Leo M. Gordon
January 22, 2025
Page 3 of 3

                Respectfully submitted,

*/s/ Dan Chorost*
Dan Chorost
Mark A. Chertok*
Elizabeth Knauer*
SIVE, PAGET & RIESEL, P.C.
560 Lexington Ave., 15th Floor
New York, New York 10022
(646) 378-7207
dchorost@sprlaw.com
mchertok@sprlaw.com
eknauer@sprlaw.com

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan*
D. Brandon Trice*
KAPLAN MARTIN LLP
1133 Avenue of the Americas, Suite 1500
New York, New York 10036
(212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com

*Counsel for Intervenor-Defendants the Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority*

*Admitted Pro Hac Vice

cc:   Counsel of Record (via ECF)