UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, KRISTEN WHITE, in her official capacity as Acting Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>　　　　　　　Defendants,<br><br>　and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>　　　　　　　Defendant-Intervenors. | Civil Case No. 2:23-cv-03885 |

**PLAINTIFF STATE OF NEW JERSEY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

CONCLUSION ............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*,
   2019 WL 5061320 (D.N.J. Oct. 10, 2019)................................................................10

*7-Eleven, Inc. v. Sodhi*,
   2016 WL 541135 (D.N.J. Feb. 9, 2016) ................................................................3, 5

*Adams v. Gould Inc.*,
   739 F.2d 858 (3d Cir. 1984)....................................................................................8

*Bjorgung v. Whitetail Resort, LP*,
   550 F.3d 263 (3d Cir. 2008)....................................................................................9

*Chesler v. City of Jersey City*,
   2019 WL 6318301 (D.N.J. Nov. 26, 2019) ............................................................4

*Cochlear Ltd. v. Oticon Medical AB*,
   2019 WL 3429610 (D.N.J. Jul. 7, 2019)................................................................10

*Colonial Surety Co. v. Alpha Software Corp.*,
   2019 WL 2137365 (D.N.J. May 16, 2019) ............................................................7

*Food & Water Watch v. U.S. Dep't of Agric.*,
   2019 WL 2423833 (D.D.C. June 10, 2019)..........................................................11

*Garrett v. Wexford Health*,
   938 F.3d 69 (3d Cir. 2019)...................................................................................3, 4

*Glenside W. Corp. v. Exxon Co.*,
   761 F. Supp. 1118 (D.N.J. 1991) ............................................................................6

*Hassoun v. Cimmino*,
   126 F. Supp. 2d (D.N.J. 2000) ................................................................................6

*J.E. Mamiye & Sons, Inc. v. Fid. Bank*,
   813 F.2d 610 (3d Cir. 1987)....................................................................................8

*Love v. Does 1-9*,
   2021 WL 2134940 (D.N.J. May 26, 2021) ............................................................5

*U.S. ex rel. McDermott v. Life Source Srvs., LLC*,
   2023 WL 2238550 (D.N.J. Feb. 27, 2023) ............................................................9

Case 2:23-cv-03885-LMG-LDW    Document 227-3    Filed 01/27/25    Page 4 of 17 PageID: 10796

*Moore v. Hudson Cnty. Corr. Facility*,
   2008 WL 11509966 (D.N.J. Sept. 22, 2008) ...................................................................6

*Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*,
   2001 WL 34045735 (D. Or. Aug. 21, 2001) ...................................................................4

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
   106 F. Supp. 2d 761 (D.N.J. 2000) ...............................................................................10

*Pinho v. Gonzales*,
   432 F.3d 193 (3d Cir. 2005) ..........................................................................................11

*Planker v. Christie*,
   2018 WL 4639197 (D.N.J. Sept. 27, 2018) ................................................................5, 6

*Prop. Cas. Insurers Ass'n of Am. v. Carson*,
   2017 WL 2653069 (N.D. Ill. June 20, 2017) ..................................................................4

*Reich v. Fairleigh Dickinson Univ.*,
   2022 WL 2384007 (D.N.J. July 1, 2022) ..................................................................8, 10

*Werner v. Werner*,
   267 F.3d 288 (3d Cir. 2001) ............................................................................................4

*WildEarth Guardians v. Bernhardt*,
   2019 WL 3253685 (D.D.C. July 19, 2019) ....................................................................4

**Other Authorities**

23 C.F.R. § 771.129 ...........................................................................................................11

23 C.F.R. § 771.130 .....................................................................................................11, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................................10, 11

Fed. R. Civ. P. 15(d) .................................................................................................. *passim*

Fed. R. Civ. P. 25(d) ...........................................................................................................3

FHWA, *NEPA Re-Evaluation Joint Guidance for Federal Highway
   Administration (FHWA), Federal Railroad Administration (FRA), & Federal
   Transit Administration (FTA)* (2019),
   https://www.environment.fhwa.dot.gov/legislation/nepa/Reevaluation_guidan
   ce_08142019.aspx ........................................................................................................12

Plaintiff State of New Jersey ("Plaintiff" or "New Jersey") submits this motion for leave to supplement the complaint ("Complaint," ECF Nos. 1, 139[1]), pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff's proposed supplemental complaint ("PSC") is attached as Exhibit A. A comparison document showing all changes between the Complaint (ECF No. 139) and the PSC is attached as Exhibit B. For the reasons set forth below, the Court should grant New Jersey leave to file the supplemental complaint.

## PRELIMINARY STATEMENT

New Jersey seeks leave to supplement its complaint and challenge the National Environmental Policy Act ("NEPA") re-evaluations issued by the Federal Highway Administration ("FHWA"), on June 14, 2024 ("Re-Evaluation 1") and November 21, 2024 ("Re-Evaluation 2"), which affirmed and were premised on the deficient environmental review undertaken by the FHWA in its Final Environmental Assessment ("Final EA") and Finding of No Significant Impact ("FONSI").

At the time New Jersey filed its complaint in July 2023, the FHWA had only issued the Final EA and FONSI authorizing a congestion pricing scheme for Manhattan's Central Business District ("CBD"). The Final EA and FONSI evaluated seven potential tolling scenarios, since the final tolling scheme had not yet been adopted (or even designed) by the Metropolitan Transportation Authority ("MTA"). Over a year later, in March 2024, the MTA approved a tolling scheme. PSC ¶¶ 127–28. Then, in June 2024, the MTA paused the implementation of that very same scheme. *Id.* ¶¶ 129–30. Notwithstanding the pause on congestion pricing, FHWA issued a

---

[1] On March 14, 2024, New Jersey filed an amended complaint that included citations to the administrative record, which was not available when New Jersey filed its initial complaint. In accordance with the Court's order permitting that amendment, New Jersey only revised citations to be "consistent with the joint appendix" and made "no substantive changes." ECF No. 137.

1

re-evaluation of the March 2024 tolling scheme on June 14, 2024 (Re-Evaluation 1), finding that the Final EA and FONSI remained valid and no further environmental review was warranted. *Id.* ¶¶ 131–35. Five months later, on November 18, 2024, the MTA approved a substantially different phased-in tolling scheme that has begun being implemented in the CBD. *Id.* ¶¶ 136–39. Three days later, the FHWA issued Re-Evaluation 2, approving the final tolling scheme adopted by the MTA in November 2024. *Id.* ¶¶ 140–44. The March and November 2024 Re-Evaluations were central to the FHWA's decision to green-light the congestion pricing scheme, and New Jersey must be permitted the opportunity to challenge those actions now.

Supplementation is acutely necessary now to preserve New Jersey's right to challenge the Final EA and FONSI in light of the subsequent changes to the tolling scheme, which is a subject of the ongoing remand proceedings. This Court's December 30, 2024 opinion directed the parties to address Plaintiff's "challenges to the final toll structure in the first instance on remand." ECF No. 191 at 14 n.7. Despite this clear directive, the FHWA and the MTA have repeatedly argued that the Re-Evaluations are not properly before this Court, and thus, they claim, New Jersey cannot argue that the agency's Final EA and FONSI are unlawful in light of the Re-Evaluations and attendant changes to the final tolling scheme after the issuance of the Final EA and FONSI. *See infra* at 7–8. In addition, New Jersey has not previously supplemented its complaint to challenge the two Re-Evaluations in their own right, out of respect for the Court's expressed desire to rule on the then-pending motions for summary judgment before any supplemental complaint is filed. To ensure that New Jersey's arguments concerning post-FONSI developments and its new claims regarding the Re-Evaluations are properly before the Court and preserved for any potential appeal, the Court should permit supplementation.

There is no dispute that the new facts and cause of action alleged in the PSC arose after New Jersey filed its complaint, as required under Federal Rule of Civil Procedure 15(d). For that reason and others, New Jersey has more than met the "liberal standard[]" governing motions to supplement. *Garrett v. Wexford Health*, 938 F.3d 69, 89 (3d Cir. 2019). Indeed, leave to supplement should be "freely permitted" because: (1) there is no indication of "undue delay, bad faith, dilatory tactics," when any delay is purely due to New Jersey's adherence to this Court's prior instructions; (2) there is no risk of "undue prejudice" to the FHWA and MTA, as this supplementation will not require further discovery and is necessary only because the FHWA issued a FONSI before the MTA adopted its final tolling scheme, which meant that it needed to issue subsequent re-evaluations to affirm that FONSI; and (3) there is no possibility that supplementation is "futil[e]," since New Jersey's additional cause of action would readily survive a motion to dismiss. *7-Eleven, Inc. v. Sodhi*, 2016 WL 541135, at *8 (D.N.J. Feb. 9, 2016). Moreover, supplementation would promote judicial economy by ensuring that New Jersey's additional claim—which involves the same parties, is premised on the National Environmental Policy Act ("NEPA") review of the congestion pricing scheme by the FHWA that is already before this Court, and is closely intertwined with New Jersey's existing claims in this action—are heard before this Court rather than asserted in an entirely new action. For these reasons, this Court should grant New Jersey's request to supplement its complaint.[2]

---

[2] New Jersey's motion and the PSC also name as a defendant Kristen White in her official capacity as Acting Administrator of the FHWA, in place of Shailen Bhatt, former Administrator of the FHWA. This substitution is "automatic[]" under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.")

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The decision of whether to permit a plaintiff to file an amended or supplemental complaint under Rule 15 is within a District Court's discretion and is guided by Rule 15's liberal standards." *Garrett*, 938 F.3d at 89; *see also Chesler v. City of Jersey City*, 2019 WL 6318301, at *3 (D.N.J. Nov. 26, 2019) (describing Rule 15(d) as a "[l]ow [s]tandard"). This liberal standard continues to apply where, as here, the court has issued a decision on summary judgment but has not yet issued a final judgment. *See Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001) (noting the "liberal standard . . . becomes less flexible" only "after a final judgment is entered"); *see also* ECF No. 212 at 56:19–20 ("The Court notes that it has not entered final judgment in this action."). Indeed, courts frequently permit amendment or supplementation of a complaint after remanding certain matters to an agency. *See, e.g.*, *WildEarth Guardians v. Bernhardt*, 2019 WL 3253685, at *4 (D.D.C. July 19, 2019) ("grant[ing] Plaintiffs leave to supplement their original complaint under Federal Rule of Civil Procedure Rule 15, to the extent that Plaintiffs wish to challenge [agency's] new NEPA analysis regarding oil and gas drilling on the Wyoming leases" after the agency "completed the supplementary analysis required on remand"); *Prop. Cas. Insurers Ass'n of Am. v. Carson*, 2017 WL 2653069, at *8–*9 (N.D. Ill. June 20, 2017) (granting in part motion to amend pending agency remand and citing cases); *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 2001 WL 34045735, at *1 (D. Or. Aug. 21, 2001) (permitting amendment to challenge record of decision issued by agency on remand).

"[L]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility." *7-Eleven, Inc.*,

4

2016 WL 541135, at *8 (granting leave to supplement the original pleading where plaintiff's "new allegations are neither futile nor disconnected from the underlying basis for the suit as a whole" and there was "no basis to believe the proposed supplemental pleading is offered for a bad faith motive"). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Planker v. Christie*, 2018 WL 4639197, at *3 (D.N.J. Sept. 27, 2018); *see also Love v. Does 1-9*, 2021 WL 2134940, at *4 n.3 (D.N.J. May 26, 2021).

## ARGUMENT

In June 2024, almost one year after New Jersey filed its complaint, the FHWA issued Re-Evaluation 1. Five months later, in November 2024, the FHWA issued Re-Evaluation 2. New Jersey seeks to supplement its complaint under Rule 15(d) by adding factual allegations concerning Re-Evaluation 1, Re-Evaluation 2, and related events in the FHWA's and the MTA's review and implementation of the congestion pricing scheme, as well as asserting an additional cause of action related to the FHWA's preparation and issuance of the Re-Evaluations. This Court should grant New Jersey's request because: (1) the relevant facts and claims arose after New Jersey filed its original complaint and are connected to the allegations in the original complaint because both the supplemental allegations and original complaint focus on FHWA's NEPA review of the MTA's congestion pricing program[3]; (2) allowing supplementation will promote judicial economy by preventing the need for filing a separate action; (3) there is no prejudice to the FHWA or the MTA because the new cause of action will not require additional discovery; (4) New Jersey is not seeking

---

[3] Although the MTA adopted a substantially different scheme than the seven scenarios evaluated in the Final EA and FONSI, the agency evaluated the same general congestion pricing program in the Final EA and re-evaluations.

5

supplementation in bad faith, its request is timely, and it has not engaged in dilatory tactics; and (5) New Jersey's new cause of action would survive a motion to dismiss.

*First*, there is no dispute that the Re-Evaluations "ar[o]se after the initial pleadings [were] filed." *Planker*, 2018 WL 4639197, at *3; Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). New Jersey filed its complaint on July 21, 2023. ECF No.1. Re-Evaluation 1 was issued in June 2024 and Re-Evaluation 2 was issued in November 2024—11 and 16 months, respectively, after New Jersey filed its complaint. These new facts and claims are "connected to the original pleading" because they focus on the *same* NEPA review process conducted and facilitated by the *same* parties to this action (the FHWA and the MTA) of the *same* general congestion pricing program that New Jersey challenges in its original complaint. *See Hassoun v. Cimmino*, 126 F. Supp. 2d, 353 361 (D.N.J. 2000); *Moore v. Hudson Cnty. Corr. Facility*, 2008 WL 11509966, at *4 (D.N.J. Sept. 22, 2008) (finding that "[p]laintiff's supplemental allegations and new legal claims are connected to the original [c]omplaint and [a]mended [c]omplaint" because "all of [p]laintiff's allegations focus" on the same conduct). These new facts and claims are thus well within the scope of Rule 15(d).

*Second*, supplementation will "promote[] judicial economy by permitting the court to deal with the entire dispute at once, rather than in piecemeal fashion." *Glenside W. Corp. v. Exxon Co.*, 761 F. Supp. 1118, 1134 (D.N.J. 1991). This Court is already familiar with New Jersey's claims concerning the FHWA's Final EA and FONSI, which are foundational to New Jersey's claims concerning the Re-Evaluations, as well as the factual developments since the FHWA issued the Final EA and FONSI, including the Re-Evaluations and changes to the tolling scheme by the MTA. Further, the FHWA and the MTA are already parties to this action. If New Jersey is not permitted

6

to supplement its complaint, it will be forced to file an additional lawsuit against the FHWA and the MTA that will implicate many of the same issues already before this Court. "[J]udicial economy will be served by having all claims by all parties arising out of the same transaction, i.e., the entire controversy, litigated before a single judge." *Colonial Surety Co. v. Alpha Software Corp.*, 2019 WL 2137365, at *6 (D.N.J. May 16, 2019). During oral argument before this Court in April 2024, FHWA itself recognized that Plaintiffs should have the right to directly challenge the agency's re-evaluations once issued. *See* ECF No. 153 at 41:4–7 ("When the final re-evaluation is finished, plaintiffs will have an opportunity to challenge it then if they disagree with the conclusion.").

Moreover, supplementation would promote judicial economy because it will ensure the Court may properly hear and resolve an issue it ordered the FHWA to address on remand: the adequacy of the Final EA and FONSI in light of the subsequent changes to the tolling scheme.[4] The Court directed the FHWA and the MTA to "address [this] challenge[] . . . in the first instance on remand." ECF No. 191 at 14 n.7. Despite this clear directive, the FHWA and the MTA have repeatedly argued that the Re-Evaluations are not properly before this Court, and thus they claim New Jersey cannot argue that the agency's Final EA and FONSI are unlawful considering the Re-Evaluations and attendant changes to the final tolling scheme after the issuance of the Final EA and FONSI. *See, e.g.*, ECF No. 186 at 2–4 ("Defendants do not concede that the supplemental record is properly before the Court with respect to [New Jersey's] present claims in this litigation . . . . [because] [t]he State has neither moved to supplement the record nor has the Court determined

---

[4] This issue—which points to the MTA's changes to the tolling scheme and the FHWA's resulting Re-Evaluations as evidencing the invalidity of the Final EA and FONSI—is distinct from New Jersey's newly alleged causes of action directly challenging Re-Evaluation 1 and Re-Evaluation 2 in their own right. Those causes of action are new and therefore not already before the Court.

7

that the State has met its burden to show that supplementation is appropriate . . . ."); ECF No. 156 at 2 n.3 ("Defendants do not concede that the Re-Evaluation is part of the administrative record before the Court with respect to Plaintiff's current claims.").[5]  To ensure that New Jersey's arguments regarding the Re-Evaluations are properly before the Court, and that they are preserved for any potential appeal, the Court should permit supplementation.

*Third*, supplementation will not prejudice the FHWA or the MTA.  "The burden is on the non-moving party to show that [supplementation] would be prejudicial." *Reich v. Fairleigh Dickinson Univ.*, 2022 WL 2384007, at *4 (D.N.J. July 1, 2022) (citation omitted).  The FHWA and the MTA cannot meet that burden.  The Third Circuit has repeatedly held supplementation would not prejudice the non-moving party where, as here, it requires no additional discovery.  *See, e.g.*, *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 615 (3d Cir. 1987).  On December 3, 2024, the FHWA filed a supplemental administrative record, *see* ECF Nos. 186–187, which "contain[s] any and all administrative consideration[s], findings, and determinations in connection with the Central Business District Tolling Program that occurred subsequent to the issuance of the Final EA and FONSI pertaining to that Program," ECF No. 184—including those related to the Re-Evaluations.  In light of that record, and the Supplemental Memorandum filed by the FHWA in connection with the remand proceedings ordered by this Court (ECF Nos. 218-1–218-3), no additional discovery is needed to adjudicate the supplemental claim set forth in the PSC.  Moreover, the FHWA and the MTA cannot

---

[5] In its Notice of Compliance, the FHWA expressly argued that "the State's putative challenge to the final tolling schedule is not properly before the Court."  ECF No. 218 at 11.  Although the Court rightly struck that portion of the FHWA's Notice of Compliance, it should take notice of the fact that the FHWA maintains that the Court cannot resolve one of the issues that it expressly ordered the parties to address on remand.

8

possibly claim prejudice given that supplementation is only necessary now because of their actions—not any omission or mistake by New Jersey.

*Fourth*, New Jersey's request is timely and not a consequence of bad faith, undue delay, or dilatory tactics. The FHWA agrees that New Jersey could not challenge the Re-Evaluations before they were issued. *See* ECF No. 153 at 41:4–7 ("When the final re-evaluation is finished, plaintiffs will have an opportunity to challenge it then if they disagree with the conclusion."); *id.* at 40:23–41:4 (arguing claims concerning Re-Evaluation 1 were "unripe" before the agency issued the Re-Evaluation 1). Moreover, this Court previously denied another request by New Jersey to supplement its complaint, finding that "granting Plaintiff's request at this stage of the litigation"—prior to "adjudication of the existing claims" before the court—"[did] not serve judicial economy." ECF No. 112 at 3.[6] In accordance with that directive, New Jersey did not seek to supplement its complaint before the Court issued its December 30, 2024, opinion on the parties' cross-motions for summary judgment. That is the antithesis of undue delay and bad faith. *See, e.g.*, *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) ("Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend."); *U.S. ex rel. McDermott v. Life Source Srvs., LLC*, 2023 WL 2238550, at *5 (D.N.J. Feb. 27, 2023) (undue delay looks at the movant's reasons for not amending sooner); *Cochlear Ltd. v. Oticon Medical AB*, 2019 WL 3429610, at *10 (D.N.J. Jul. 7, 2019) (undue delay and bad faith turn on "plaintiff's motives for not amending their complaint to assert their claim earlier"). Further, New Jersey's conduct may not be considered dilatory because "the purpose of the delay was [not] to unnecessarily prolong

---

[6] That request concerned adding certain constitutional claims and additional plaintiffs. *See, e.g.*, ECF No. 87. New Jersey did not seek to add any factual allegations or claims related to the Re-Evaluations, which had not yet been issued.

9

litigation." *31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*, 2019 WL 5061320, at *5 (D.N.J. Oct. 10, 2019) (cleaned up).

*Fifth*, New Jersey's motion to supplement is not futile. Here, "the inquiry is not whether the movant will ultimately prevail, but whether the proposed pleading sets forth enough facts to state a claim to relief that is plausible on its face." *Reich*, 2022 WL 2384007, at *5 (cleaned up). In other words, the question is whether the supplemental complaint could survive a Rule 12(b)(6) motion. That requires "accept[ing] all factual allegations as true, constru[ing] the complaint in the light most favorable to the [claimant], and determin[ing] whether, under any reasonable reading of the complaint, the [claimant] may be entitled to relief." *Id.* (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)) (internal quote marks omitted). New Jersey has more than met that standard. The PSC alleges facts that plausibly support New Jersey's claim that the FHWA's Re-Evaluations are final agency actions that are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, because they violate NEPA, its implementing regulations, and the Administrative Procedure Act ("APA"). PSC ¶¶ 192–216.

The Court need not—and should not—conclusively resolve the merits of New Jersey's new cause of action at this stage. Rather, New Jersey's supplemental complaint is *not* futile unless it "is frivolous or advances a claim that is legally insufficient on its face." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) ("A determination as to futility does not require a conclusive determination on the merits of a claim or defense; rather, the futility of an amendment may only serve as a basis for denial of leave to amend when the proposed amendment is frivolous or advances a claim that is legally insufficient on its face") (citation omitted); *see also Food & Water Watch v. U.S. Dep't of Agric.*, 2019 WL 2423833, at *7 (D.D.C. June 10, 2019) (in NEPA action, "defendants' factual dispute is not a basis for denying

10

the plaintiff's motion [to supplement], which is judged as if the defendants had filed a Rule 12(b)(6) motion").

As an initial matter, the complaint plausibly alleges that Re-Evaluations are final agency actions under the APA because they each "mark the 'consummation' of the agency's decisionmaking process" and are actions "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). Recognizing that the Re-Evaluations are final agency actions, the FHWA previously stated that New Jersey could directly challenge the Re-Evaluations once issued by the agency. *See* ECF No. 153 at 41:4–7 ("When the final re-evaluation is finished, plaintiffs will have an opportunity to challenge it then if they disagree with the conclusion.").

Additionally, the FHWA is subject to several requirements when preparing a NEPA re-evaluation. "[P]rior to granting any new approval related to an action or amending any previously approved aspect of an action, including mitigation," the FHWA "must determine . . . whether an approved environmental document remains valid as described in this section." 23 C.F.R. § 771.129. Where the agency "is uncertain of the significance of the new impacts," the project sponsor(s) must "develop appropriate environmental studies or, if the Administration deems appropriate, an EA to assess the impacts of the changes, new information, or new circumstances." *Id.* § 771.130(c). The FHWA's own guidance further provides that whenever a re-evaluation is triggered by a change in the proposed project, the FHWA must: (1) "clearly document the change that triggers the re-evaluation (for example, changes in project scope, design, affected environment, impacts, mitigation, or applicable requirements) and the reason for or circumstances causing the proposed change;" (2) "document the changes in environmental impacts or mitigation (as applicable) and describe how the impact will be different from what was

11

previously described;" and (3) "determine whether the original environmental decision remains valid after comprehensively considering the changes."[7] Where "[c]hanges to the proposed action would result in significant environmental impacts" or "[n]ew information or circumstances relevant to environmental concerns and bearing on the proposed action or its impacts would result in significant environmental impacts not [previously] evaluat[ed]," the agency must prepare a supplemental EIS or, at minimum, a supplemental EA. 23 C.F.R. § 771.130(a).

Finally, the PSC alleges facts plausibly supporting a conclusion that FHWA violated these requirements in three key respects. First, the FHWA never reviewed the environmental impacts of the phased-in tolling scheme ultimately adopted by the MTA. *See* PSC ¶¶ 200–04. That scheme significantly differs from the seven tolling scenarios evaluated in the Final EA and FONSI because it, *inter alia*, imposes a phased-in tolling rate, extends peak hour pricing, exempts taxis and for-hire vehicles from the daily toll and instead requires them to pay a per-ride toll for each passenger trip, and only tolls vehicles upon entry into the CBD (rather than tolling vehicles that either enter *or remain* in the CBD). *See id.*; *see also* ¶ 139. Second, the Re-Evaluations do not contain sufficient, enforceable mitigation measures to offset all significant impacts that will result from the congestion pricing scheme in New Jersey or rationally explain how the minimal mitigation measures provided will reduce identified impacts to a level of insignificance. *See id.* ¶¶ 205–17. Third, the FHWA did not prepare a supplemental EA or EIS despite significant changes to the tolling program. *See id.* ¶¶ 218–23. Critically, the Re-Evaluations demonstrate that the adopted tolling scheme will not satisfy one of three project objectives—the requirement to generate sufficient annual net revenues to fund $15 billion for capital projects for MTA's Capital Program—

---

[7] FHWA, *NEPA Re-Evaluation Joint Guidance for Federal Highway Administration (FHWA), Federal Railroad Administration (FRA), & Federal Transit Administration (FTA)* (2019), https://www.environment.fhwa.dot.gov/legislation/nepa/Reevaluation_guidance_08142019.aspx.

12

even though the FHWA dismissed many other alternatives based on their non-compliance with this objective. *See id.* Because these alleged facts are sufficient to state a claim, the PSC is not futile.

## CONCLUSION

For the reasons set forth above, the Court should grant New Jersey leave to file its First Supplemental Complaint.

Dated: New York, New York
January 27, 2025

By: */s/ Randy M. Mastro*
Randy M. Mastro (NJ Bar No. 011681982)
Craig Carpenito (NJ Bar No. 027102000)
Jessica Benvenisty (*pro hac vice*)
Lauren Myers (*pro hac vice*)
Camilla Akbari (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100

Peter Hsiao (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. (213) 433-4355

Cynthia AM Stroman (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4704
Tel. (202) 737-0500

*Attorneys for Plaintiff*