UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>    *Plaintiff,*<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>    *Defendants,*<br><br>  and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>    *Intervenor-Defendants*. | Hon. Leo M. Gordon<br><br>Case No. 2:23-cv-03885-LMG-LDW |

**INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR APPLICATION BY ORDER TO SHOW CAUSE TO EXTEND BRIEFING SCHEDULE**

The Metropolitan Transportation Authority (the "MTA") and the Triborough Bridge and Tunnel Authority ("TBTA," and together with MTA, the "Intervenor-Defendants"), respectfully submit this memorandum of law in support of their Proposed Order to Show Cause to extend the deadlines for briefing on Plaintiff's Motion for Leave to Supplement the Complaint, filed on January 27, 2025.  ECF 227.

## PRELIMINARY STATEMENT

Counsel for the State of New Jersey has consistently chosen to prosecute this action in an inefficient manner, perhaps best demonstrated by the fact that this is such an inopportune, not to mention belated, time for New Jersey to seek to amend its complaint.  Only now—months after the Federal Highway Administration ("FHWA") completed the second of two reevaluations of the proposed congestion pricing program in the Manhattan Central Business District (the "Program") and weeks after this Court issued a 72-page decision on the parties' cross-motions for summary judgment, ECF 191—does New Jersey move to supplement its complaint to challenge those reevaluations, ECF 227.  The timing seems strategically calculated to upset the straightforward process that the Court established for resolving the remand and bringing this case to judgment.  Indeed, New Jersey's proposed new claims may be largely if not entirely disposed of after the parties submit briefing on the remand results (which briefing will only become fully submitted on February 28, 2025, ECF 226) and the Court issues a ruling thereon (the "Remand Results").

As a result, Intervenor-Defendants believe the most efficient and practical approach at this juncture would be for the Court to extend the briefing schedule on New Jersey's motion until after resolution of the remand, which will necessarily address "post-record developments," ECF 191 at 52 n.17, including the reevaluations. There is no reason why the parties should also simultaneously brief Plaintiff's motion to supplement its Complaint to add claims raising the same issues, and which may well be narrowed or mooted by the Court's decision on the remand.  This approach

1

would conserve judicial economy and provide greater certainty as to the viability of the proposed supplemental complaint at the time the motion to supplement is addressed.

## RELEVANT BACKGROUND

The Court is familiar with the relevant factual background, which is summarized in the Court's Opinion granting in part Defendants' and Intervenor-Defendants' motions for summary judgment, *see* ECF 191 ("Opinion" or "Op."); the Intervenor-Defendants' Opposition to New Jersey's Motion for Clarification or Reconsideration or for a Preliminary Injunction, ECF 201 at 12-15; and the Court's bench ruling denying New Jersey's Motion, Jan. 3, 2025 Conf. Tr. ("Tr.") at 55-66.

New Jersey commenced this challenge to FHWA's Final EA and FONSI on July 21, 2023. ECF 1. During the pendency of the proceedings, pursuant to the National Environmental Policy Act ("NEPA") and implementing regulations, FHWA approved two reevaluations which confirmed that the Final EA and FONSI remained valid. The June 14, 2024 reevaluation ("Reevaluation 1") concluded that the March 27, 2024 toll structure adopted by the TBTA Board, and any associated impacts, were analyzed and mitigated appropriately under NEPA, that no additional environmental analysis was warranted, and that the conclusions in the EA and FONSI remained valid. (DOT_0047520–21, DOT_0047539.) Reevaluation 1 also allocated funding for place-based mitigation for certain environmental justice communities based on relative population and set forth a detailed site-selection and implementation process including community engagement. (DOT_0045608–11.)

The November 21, 2024 reevaluation ("Reevaluation 2") confirmed that the phase-in approach to the toll structure adopted by the TBTA Board (the "Phase-In Approach") would achieve the Program's objectives. (DOT_0047550–57.) Reevaluation 2 further concluded that the effects of the Program were consistent with those disclosed in the Final EA and that "no additional

2

environmental analysis was warranted." (DOT_0047548–57.)  New Jersey did not at any point prior to the present January 27, 2025 motion seek to amend its Complaint to challenge either of the two reevaluations.

On December 30, 2024, the Court issued a 72-page Opinion addressing the cross-motions for summary judgment on New Jersey's challenge to the Final EA and FONSI.  As the Court explained, its Opinion was "founded on consideration of the record at the time of the issuance of the Final EA and FONSI," and did not take into account the two reevaluations, the impact of which FHWA and the Project Sponsors would be permitted to address "in the first instance on remand." Op. at 52 n.17. While the Court granted summary judgment in part to the Defendants and rejected nearly all of New Jersey's arguments, it did direct FHWA to provide further explanation "on two narrow issues," specifically: (1) FHWA's decision in the Final EA and FONSI "not to allocate any place-based mitigation dollars to New Jersey in contrast to the allocations to the Bronx" and (2) FHWA's "reasoning as to the possible alternatives to CBD tolling in light of the FHWA's post-final EA and FONSI decisions regarding the actual tolling schedules." Tr. at 59:21-24, 60:2-21.  The Court also deferred ruling on New Jersey's claim that the final toll rate structure rendered the analysis in the Final EA inaccurate.  Op. at 14 n.7.   The Court further noted, in denying New Jersey's subsequent motion for clarification or reconsideration, that "it appeared reasonably likely that the FHWA and Project Sponsors would be able to further explain their decision in such a manner that would render the CBD Tolling Program" to be "ultimately sustained."  Tr. at 58:19-22.[1]

---

[1] The Federal Defendants similarly noted that FHWA has "already performed much of the analysis the Court found missing through two subsequent re-evaluations of the Project."  ECF 200 at 1, 12.

3

On January 17, 2025, FHWA submitted the Remand Results addressing the limited issues identified in the Opinion and stating that, "[t]o the extent the Court found that the Final EA lacked sufficient analysis of the allocation of mitigation funding between communities in New York and communities in New Jersey, FHWA's subsequent re-evaluations and supplemental explanation have remedied any such deficiency." ECF 218 at 4. New Jersey requested to extend its deadline to submit comments to the Remand Results by four weeks, which the Court granted in part. ECF 226. New Jersey's comments challenging the Remand Results are due by 5:00 PM on February 7, 2025, and Defendants' and Intervenor-Defendants' comments in support of the Remand Results are due by 5:00 PM on February 28, 2025. ECF 226.

A few days after the Court granted New Jersey's extension request, New Jersey filed the present motion for leave to supplement its complaint to add claims challenging the sufficiency of the reevaluations (the "Motion"), largely based on the same issues posed by the Court and answered by the Remand Results. ECF 227. Briefing on the Motion will therefore largely overlap with briefing on the Remand Results. Because New Jersey noticed its Motion to be returnable on March 3, 2025, absent an extension, it would be briefed in parallel with the parties' briefing on the Remand Results.[2]

## **ARGUMENT**

Intervenor-Defendants move pursuant to Federal Rule of Civil Procedure 6(b), Local Rule 6.1(a), and this Court's inherent authority for an order granting an extension to the briefing on New Jersey's Motion until after the Court decides the Remand Results. The Court should extend briefing on New Jersey's Motion for three reasons. *First*, judicial economy strongly weighs in

---

[2] Pursuant to the District of New Jersey Local Rules, Defendants' oppositions to the motion are due on February 18, 2025 and New Jersey's reply, if any, is due on February 24, 2025. L. Civ. R. 7.1(d)(2)-(3).

4

favor of extending the briefing schedule on New Jersey's Motion given the obvious overlap between the Remand Results and the Motion. The Court instructed the parties to address "post-record developments," ECF 191 at 52 n.17, including the reevaluations, in their comments on the Remand Results and the Court's forthcoming ruling may well moot or narrow the claims that New Jersey's Motion seeks to add. Courts in this District routinely sequence the briefing on overlapping issues where it will simplify the proceedings and preserve judicial and party resources. *See, e.g.*, *Lacerda v. United States*, No. 22 Civ. 26, 2022 WL 2168244, at *4 (D.N.J. June 16, 2022) (extending motion response deadline until four weeks after entry of order on a related motion); *Poznanovich v. Astrazeneca Pharms. LP*, No. 11 Civ. 4001 (D.N.J. Aug. 2, 2021), ECF 4 (extending deadline to respond to complaint until 30 days after entry of order on motion to remand).

There is no persuasive reason why the parties should simultaneously brief the Remand Results and New Jersey's Motion to file its proposed supplemental complaint ("PSC"), given that both concern overlapping if not entirely the same issues: the reevaluations' treatment of place-based mitigation and Program objectives. In opposing New Jersey's Motion, Intervenor-Defendants intend to argue, among other things, that New Jersey's NEPA challenge to the reevaluations is futile. *See Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379 (D.N.J. 2023) ("[A] court may deny a motion under Rule 15 as futile."). Specifically, Intervenor-Defendants intend to argue that FHWA adequately—indeed, exhaustively—analyzed: (1) the allocation of place-based mitigation funds to New Jersey communities, *compare* PSC ¶¶ 205-17 *with* DOT_0045608–11; (2) possible alternatives to tolling vehicles entering the CBD, in light of the agency's decisions regarding the adopted toll rate schedule under the Phase-In Approach, *compare* PSC ¶¶ 218-23 *with* DOT_0047548-57; and (3) the continuing validity of the Final EA and FONSI

5

in light of the Phase-In Approach, *compare* PSC ¶¶ 200-04 *with* FHWA-0000024. These are, of course, precisely the same issues that the Court instructed FHWA to address on remand, which indeed FHWA did address, and which the parties will brief when responding to the Remand Results. Op. at 53, 62; *see also* Tr. at 59:21-24, 60:2-21.[3]

*Second*, Intervenor-Defendants will suffer clear hardship if an extension is denied, given the "colossal waste" created by New Jersey's "needless litigation." *Cable Sys. Installations Corp. v. Int'l Bhd. of Elec. Workers, Loc. Union No. 351,* No. 12 Civ. 7407, 2015 WL 13650366, at *3 (D.N.J. Mar. 30, 2015). The parties to this proceeding are all governmental actors and the public interest is best served by preserving taxpayer funds and judicial resources where possible. The Court has already ordered the parties to address the Reevaluations "in the first instance on remand," Op. at 52 n.17, and there is no need to require duplicative briefing where it can be avoided, *cf. City of Englewood v. Ezekwo*, No. 20 Civ. 12799, 2021 WL 2390087, at *1 n.4 (D.N.J. June 11, 2021) (courts seek to avoid "duplicative briefing or motion practice").

*Third*, New Jersey will not be prejudiced by a brief extension because it will have a full opportunity to litigate these issues, including in connection with the Remand Results—particularly given the Court's recent order granting New Jersey's request for expanded page limits. ECF 226. Nor will an extension disadvantage New Jersey, even if the Court ultimately finds that the Motion is not futile, because New Jersey's alleged harm "is fundamentally one of money" that can be remedied through "adequate compensatory or other corrected relief" at "a later date in the ordinary course of litigation." Tr. at 64:11-25. Having sat idly by on its supplemental NEPA claim until

---

[3] Indeed, this Court previously denied without prejudice a prior motion by New Jersey to supplement its Complaint with different claims, on the grounds that addressing the motion at that "stage of the litigation does not serve judicial economy." *See* ECF 112 (denying letter-request for leave to supplement complaint to add constitutional claims). Although Intervenor-Defendants could have opposed New Jersey's present Motion on similar grounds, we believe that an extension to the briefing schedule will accomplish much the same result without requiring New Jersey to refile its motion at a later date.

this late stage in the proceedings, months after the Reevaluations were published, New Jersey cannot now be heard to complain plausibly that it will be disadvantaged by a short extension. *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) (the fact that plaintiff "voluntarily delayed its seeking relief, no matter how justified, . . . suggests that an additional short delay will not render significant additional harm."). Indeed, New Jersey recently sought a month-long extension to the briefing schedule for the Remand Results. ECF 220. The requested deferral will not prejudice New Jersey and will prevent unnecessary litigation costs for all parties.[4]

## CONCLUSION

For the reasons set forth above, the Court should extend briefing as set forth in the attached proposed Order to Show Cause.

Dated: February 5, 2025

Respectfully submitted,

*/s/ Daniel Chorost*
Daniel Chorost
Mark A. Chertok*
Elizabeth Knauer*
John F. Nelson*
P. Dane Warren*
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
dchorost@sprlaw.com
mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan*

---

[4] Intervenor-Defendants have no objection to tolling the statute of limitations during the pendency of New Jersey's Motion.

7

        D. Brandon Trice*
        KAPLAN MARTIN LLP
        1133 Avenue of the Americas
        Suite 1500
        New York, NY 10036
        (212) 316-9500
        rkaplan@kaplanmartin.com
        btrice@kaplanmartin.com

*Counsel for Intervenor-Defendants the Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority*

*\*Admitted pro hac vice*