# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>　　　　　　　Defendants,<br><br>　and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>　　　　　　　Defendant-Intervenors. | Civil Case No. 2:23-cv-03885 |

**PLAINTIFF STATE OF NEW JERSEY'S OPPOSITION TO INTERVENOR-DEFENDANTS' APPLICATION BY ORDER TO SHOW CAUSE TO EXTEND BRIEFING SCHEDULE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................................... 4

ARGUMENT ................................................................................................................................. 5

      I.      The MTA's Reasons for an Extension Are Wholly Unavailing Because New Jersey's Supplemental Claims Are Distinct from the Remand Issues Regarding the Final EA and FONSI. ....................................................................... 5

      II.     The MTA Has Failed to Explain Why It Cannot Meet the Deadline to Respond to New Jersey's Motion ........................................................................... 7

      III.    An Extension Would Prejudice New Jersey. ............................................................ 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
    624 F.3d 1253 (9th Cir. 2010) .................................................................................8, 9

*Ctr. for Biological Diversity v. Regan*,
    729 F. Supp. 3d 37 (D.D.C. 2024) ................................................................................6

*Gona v. United States Citizenship & Immigr. Servs.*,
    2021 WL 1226748 (D.D.C. Apr. 1, 2021) .....................................................................8

*La. Counseling & Fam. Servs., Inc. v. Mt. Fugi Japanese Rest.*,
    2013 WL 1844269 (D.N.J. May 1, 2013) ......................................................................8

*Rubinoski v. PA Att'y Gen.*,
    2024 WL 5056416 (W.D. Pa. Dec. 9, 2024) ..................................................................8

*Tonal Sys., Inc. v. iFIT, Inc.*,
    2022 WL 13944658 (D. Del. Oct. 24, 2022) .................................................................8

**Other Authorities**

4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
    1165 (4th ed. 2019) ........................................................................................................8

Federal Rule of Civil Procedure 6(b)(1) ................................................................2, 7, 8, 9

Federal Rule of Civil Procedure 15(d) ..............................................................................5

Plaintiff State of New Jersey ("New Jersey") respectfully submits this opposition to the Intervenor-Defendants' application to extend the briefing schedule on New Jersey's motion for leave to supplement the complaint ("Motion"). ECF Nos. 227, 230, 235. For the reasons explained below, the Court should deny that extension request and reset New Jersey's motion for leave to supplement the complaint for March 3, 2025 or the next available motion day.

## PRELIMINARY STATEMENT

The Federal Highway Administration ("FHWA") and the Metropolitan Transportation Authority ("MTA")[1] repeatedly argued that the final adopted tolling scheme and re-evaluations issued by the FHWA on June 14, 2024 ("Re-Evaluation 1") and November 21, 2024 ("Re-Evaluation 2") are not properly before this Court—and that New Jersey should supplement its complaint if it wishes to challenge those decisions. The MTA alone now seeks to extend the briefing schedule and hearing for New Jersey's Motion until after the Court issues a ruling following remand. This Court should not countenance such gamesmanship. Leave to supplement a complaint is to be liberally granted and is especially appropriate here. The FHWA has issued two Re-Evaluations since New Jersey first filed its complaint, and both the FHWA and MTA claim those decisions are beyond the scope of this case precisely because they are not yet addressed in New Jersey's complaint. Accordingly, there is no reason for any delay here, and any postponement would be prejudicial to New Jersey. Moreover, if New Jersey is not permitted to supplement the complaint now, the FHWA and MTA may later argue on appeal that New Jersey cannot rely upon deficiencies in the Re-Evaluations because they were not specifically referenced in its operative complaint.

---

[1] New Jersey refers to Intervenor-Defendants the MTA and Triborough Bridge and Tunnel Authority ("TBTA") collectively as the "MTA."

1

In support of its application, the MTA argues New Jersey's new claims "may well be narrowed or mooted by the Court's decision on the remand." ECF No. 230 at 2. But this conflates two distinct issues. On remand, the Court ordered the FHWA to address the significant inadequacies of the Final Environmental Assessment ("Final EA") and finding of no significant impact ("FONSI"), specifically regarding the arbitrary allocation of mitigation funding and the alternatives analysis, in light of the changes to the tolling scheme and subsequent Re-Evaluations. Indeed, the Court took pains to explain that though the Re-Evaluations were in the supplemental record pursuant to the Court's order, it was not considering them for purposes of its Final EA analysis. ECF No. 191 at 52 n. 17. Therefore, one of the primary issues before the Court on remand is whether the Final EA and FONSI are lawful agency actions under the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA") in light of subsequent changes to the final tolling structure and the Re-Evaluations.

By contrast, New Jersey's Proposed Supplemental Complaint ("PSC") challenges the Re-Evaluations in their own right as final agency actions under the APA. New Jersey's challenges to the FONSI and Final EA are distinct from its challenges to the Re-Evaluations, and its claims regarding the Re-Evaluations require independent consideration by the Court. New Jersey did not (as the MTA claims) have a "full opportunity to litigate" its new claims in its single responsive brief to the FHWA's Supplemental Memorandum. ECF No. 230 at 6. As such, the MTA's purported concern regarding "duplicative briefing" (and an attendant "waste" of taxpayer funds and judicial resources), ECF No. 230 at 6, is unwarranted. Nor has the MTA shown, or even attempted to show, that it cannot comply with the deadline to respond to New Jersey's Motion, as required under the "good cause" standard imposed by Federal Rule of Civil Procedure 6(b)(1)(A).

In truth, the MTA's application appears to have been brought for two related and meritless reasons—first, to deny New Jersey the right to directly challenge Re-Evaluation 1 and Re-Evaluation 2 as final agency actions in their own right, and second, to manufacture an argument for appeal (should the Court rule in favor of New Jersey on the remand) that the Court improperly considered the Supplemental Administrative Record ("AR") since the operative complaint does not plead facts related to the Re-Evaluations or changes to the tolling scheme after the issuance of the Final EA and FONSI.

The MTA's suggestion that the Court's ruling on the adequacy of the FHWA's actions on remand could "moot" the "claims that New Jersey's Motion seeks to add," ECF No. 230 at 5, is premised on a fundamentally incorrect assumption: that if the Court rules in favor of the FHWA on remand, it has not only affirmed the legality of the Final EA and FONSI, but also the Re-Evaluations, despite the fact that each is a distinct agency action under the APA and NEPA. But while the Re-Evaluations and changes to the tolling scheme after the FHWA issued the Final EA and FONSI are *factual developments* relevant to both the remand and New Jersey's supplemental claims, the *legal issues* that will be addressed on remand are entirely distinct from those raised in New Jersey's PSC. The MTA's argument is a thinly veiled attempt to force New Jersey to litigate all claims related to the issues on which this Court ordered remand *and* all claims directly challenging the Re-Evaluations—agency actions distinct from the Final EA and FONSI—in a single 23-page brief. *See, e.g.*, ECF No. 230 at 6 (arguing New Jersey "will have a full opportunity to litigate these issues . . . particularly given the Court's recent order granting New Jersey's request for expanded page limits"). That is entirely improper and prejudicial to New Jersey, particularly since the MTA filed its motion just two days before New Jersey submitted its comments to the

3

FHWA's Supplemental Memorandum, and those comments make plain that New Jersey is not directly challenging the Re-Evaluations on remand.

Finally, this has implications for any subsequent appeal of this Court's remand decision. If this Court further delays briefing on New Jersey's Motion until after it issues a decision on the remand, and then rules in favor of New Jersey, the MTA would undoubtedly argue on appeal that this Court improperly considered the Re-Evaluations and changes to the tolling scheme in part because the operative complaint does not allege facts about these post-FONSI developments. Such arguments would directly contravene this Court's prior orders (ECF Nos. 184, 191) and threaten the core purpose of the remand proceedings: to determine whether the Final EA and FONSI remain valid based on the complete administrative record. At the same time, the MTA is trying to resolve the case without supplementation of New Jersey's complaint. The MTA cannot have it both ways, and this Court should preclude the manufacturing of such arguments by declining to delay briefing on New Jersey's Motion any further.

## FACTUAL BACKGROUND

When New Jersey filed its complaint in July 2023, the FHWA had issued only the Final EA and FONSI authorizing a congestion pricing scheme for Manhattan's Central Business District. The Final EA and FONSI evaluated seven *potential* tolling scenarios; the final tolling scheme had not yet been adopted (or even designed) by the MTA. Over a year later, in March 2024, the MTA approved a tolling scheme. PSC ¶¶ 127–28. Then, in June 2024, the MTA paused the implementation of that same scheme. *Id.* ¶¶ 129–30. Notwithstanding the pause on congestion pricing, on June 14, 2024, the FHWA issued Re-Evaluation 1 concerning the March 2024 tolling scheme, finding that the Final EA and FONSI remained valid and that no further environmental review was warranted. *Id.* ¶¶ 131–35. Five months later, on November 18, 2024, the MTA adopted

4

a substantially different phased-in tolling scheme. *Id.* ¶¶ 136–39. Just three days later, the FHWA issued Re-Evaluation 2, approving the final tolling scheme adopted by the MTA. *Id.* ¶¶ 140–44.

The March and November 2024 Re-Evaluations are central to the FHWA's decision to green-light the congestion pricing scheme. The Court accordingly ordered (and the FHWA lodged in December 2024) a Supplemental AR reflecting all documents considered directly and indirectly by the FHWA in issuing the two Re-Evaluations. *See* ECF Nos. 186 & 187. The FHWA had argued this Supplemental AR was not properly before the Court regarding New Jersey's claims challenging the Final EA and FONSI. ECF No. 186 at 2. The FHWA maintained that argument as late as January 17, 2025, when it submitted its Supplemental Memorandum and contended (in a now-stricken portion of its Notice of Compliance) that "the State's putative challenge to the final tolling schedule is not properly before the Court." ECF No. 218 at 11.

New Jersey now seeks to supplement its complaint under Rule 15(d) by adding factual allegations concerning Re-Evaluation 1, Re-Evaluation 2, and related events in the FHWA's and the MTA's review and implementation of the congestion pricing scheme. New Jersey also asserts a corresponding cause of action challenging the FHWA's preparation and issuance of the Re-Evaluations that constitute final agency actions separate and apart from the issuance of the Final EA and FONSI. ECF No. 227.

## ARGUMENT

**I.      The MTA's Reasons for an Extension Are Wholly Unavailing Because New Jersey's Supplemental Claims Are Distinct from the Remand Issues Regarding the Final EA and FONSI.**

The MTA's motion is based on the misconception that New Jersey's supplemental claims are duplicative of the issues to be addressed in the Court's post-remand ruling. On remand, the Court ordered the FHWA to address, "in the first instance," the adequacy of the Final EA and FONSI in light of the subsequent changes to the tolling scheme. ECF No. 191 at 14 n.7. As such,

the issue on remand is whether the FHWA's July 2023 Final EA and FONSI are lawful agency actions in light of the subsequent Re-Evaluations and attendant changes to the tolling scheme. By contrast, New Jersey's PSC for the first time directly challenges the two Re-Evaluations as distinct agency actions under the APA and NEPA. These are different issues: the former assesses whether the FHWA acted unlawfully in issuing the Final EA and FONSI *as evidenced by the Supplemental AR and the FHWA's Supplemental Memorandum*, while the latter assesses whether the FHWA acted unlawfully in issuing the Re-Evaluations themselves. When the Court issues its ruling on the remand, it will have determined whether the FHWA violated NEPA and the APA in issuing the Final EA and FONSI, but *not* whether the agency's Re-Evaluations are lawful themselves. As such, and despite the MTA's suggestion otherwise, the Court's forthcoming ruling will not "entirely dispose[] of" or "moot[]" New Jersey's new claims. *Ctr. for Biological Diversity v. Regan*, 729 F. Supp. 3d 37, 55 (D.D.C. 2024) (declining to find claims moot even though separate yet related claims had been resolved).

      Given this reality, the MTA's arguments for delaying supplementation of the complaint fail. First, New Jersey does not have a "full opportunity to litigate" its new claims in its single responsive brief to the FHWA's Supplemental Memorandum—the parties are briefing the sufficiency of the Final EA and FONSI, not litigating the sufficiency of the Re-Evaluations. Indeed, a single 23-page brief (without a reply) that must also address other issues is a far cry from a "full opportunity to litigate" a claim that, until this point, the MTA has argued is not yet before the Court. *See, e.g.*, ECF No. 212 (Jan. 3, 2025 Hr'g Tr.) at 29:10–12 (MTA arguing that "additions to the overall record for the project . . . have not been challenged by New Jersey"). Second, because New Jersey's new claims raise distinct issues, the supplementation of the complaint would not create "duplicative briefing" or subject the Court and parties to "needless litigation" and a "waste"

of resources.[2] And finally, allowing the MTA to prevent timely supplementation until after the Court's ruling following remand *does* prejudice New Jersey, as explained further below in Section III. Any delay in obtaining relief is highly prejudicial now that the tolling scheme is being implemented, and New Jersey faces increased traffic and significant impacts to the environment and human health—that were never analyzed before the approvals were given as required by law—each day this litigation continues.[3] Moreover, New Jersey risks the FHWA and MTA arguing on appeal—as they already have before this Court—that the Supplemental AR was not properly before this Court on remand.[4]

## II. The MTA Has Failed to Explain Why It Cannot Meet the Deadline to Respond to New Jersey's Motion

An extension may *only* be granted under Federal Rule of Civil Procedure 6(b)(1)(A) if the moving party demonstrates "good cause" for the extension. Fed. R. Civ. P. 6(b)(1)(A). "To establish good cause [under Rule 6(b)(1)(A),] the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence." *La. Counseling & Fam. Servs., Inc.*

---

[2] The MTA also contends that supplementation would be "futile." ECF No. 230 at 5. This argument is unfounded for the reasons discussed in New Jersey's Motion. ECF No. 227-3 at 10–12. In any event, this is an argument for why, in the MTA's eyes, the Court should deny New Jersey's Motion—it is not a basis for an extension.

[3] Although the United States Secretary of Transportation rescinded the FHWA's approval of the congestion pricing scheme and terminated the Value Pricing Pilot Program ("VPPP") agreement between the FHWA, New York State Department of Transportation, TBTA, and New York City Department of Transportation on February 19, 2025, *see* ECF No. 236-1, the MTA immediately sued Secretary Duffy and asserted that it "will continue to operate the Program as required by New York law until and unless Plaintiffs are directed to stop by a court order." *See* ECF No. 236-2 ¶ 120. The ongoing harm to New Jersey caused by congestion pricing will therefore continue despite Secretary Duffy's decision, which has not yet had any effect on the status quo in Manhattan. And since MTA is continuing to operate as if the Final EA, FONSI, and VPPP agreement are still effective, it remains necessary for this court to determine the validity of those actions. For the same reason, Secretary Duffy's decision and the MTA's newly filed action do not moot New Jersey's Motion or this case.

[4] New Jersey previously refrained from supplementing its Complaint following the Court's expressed desire to rule on the then-pending motions for summary judgment before any supplemental pleading was filed.

7

*v. Mt. Fugi Japanese Rest.*, 2013 WL 1844269, at *3 (D.N.J. May 1, 2013) (citing *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)); *accord Rubinoski v. PA Att'y Gen.*, 2024 WL 5056416, at *2 (W.D. Pa. Dec. 9, 2024) (citing cases); *see also Gona v. United States Citizenship & Immigr. Servs.*, 2021 WL 1226748, at *1 (D.D.C. Apr. 1, 2021) ("A conclusory statement of unavoidable delay does not constitute good cause to extend a deadline."). The MTA has not met this burden. Instead, it vaguely claims that it will "suffer clear hardship" if its request is denied because New Jersey's Motion will require "duplicative briefing" of the issues litigated on remand. ECF No. 230 at 6. But that is merely a repackaging of the MTA's meritless argument that the PSC raises no distinct legal issues from those raised in the remand. *See supra* at 5–6. Nowhere does the MTA claim that it *cannot* meet the deadline to respond to New Jersey's Motion—it simply does not *want* to meet that deadline. That explanation does not pass muster under the "good cause" standard imposed by Rule 6(b)(1)(A).

**III.   An Extension Would Prejudice New Jersey.**

Extensions should not be granted under Federal Rule of Civil Procedure 6(b)(1)(A) if they would "prejudice" the non-moving party. *Tonal Sys., Inc. v. iFIT, Inc.*, 2022 WL 13944658, at *1 (D. Del. Oct. 24, 2022) (citation omitted); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–60 (9th Cir. 2010); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2019). Any further delay in briefing and resolving New Jersey's Motion will have cascading consequences on the State's ability to obtain timely relief for its challenges to the Re-Evaluations. In the interim, now that congestion pricing is being implemented, New Jersey's environment and communities with environmental justice concerns suffer increased harm every day that the tolling scheme remains in effect, without adequate mitigation measures to address significant impacts. Further, the MTA cannot guarantee that New Jersey will be subject to only a "short extension." ECF No. 230 at 7. In fact, the MTA has asked for an indefinite extension that

8

would halt briefing on New Jersey's Motion until "seven days after the Court issues a decision addressing the results of the remand." ECF No. 230-2 at 2. The Court issued its decision on the parties' cross-motions for summary judgment over eight months after oral argument on the motions. New Jersey expects the Court will afford the same thoughtful consideration to its decision on remand. Briefing on the adequacy of FHWA's remand action has not yet been completed, and oral argument has not yet even been scheduled. While the parties complete the process and await the Court's decision, there is no reason to deny New Jersey the right to include its direct challenges to the Re-Evaluations in this case. *See, e.g.*, *Ahanchian*, 624 F.3d at 1258–59 (Federal Rule of Civil Procedure 6(b)(1)"[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits").

Moreover, if the Court delays briefing on New Jersey's Motion until after it issues a decision on the remand, and rules in favor of New Jersey on the remand, the MTA would almost certainly argue on appeal that the Court improperly considered the Supplemental AR since the operative complaint does not plead facts related to the Re-Evaluations or changes to the tolling scheme after the issuance of the Final EA and FONSI. Indeed, the FHWA and MTA have consistently claimed that the Supplemental AR is not properly before this Court—despite the Court's express orders to the contrary. *Compare, e.g.*, ECF No. 186 at 2–4 ("Defendants do not concede that the supplemental record is properly before the Court with respect to [New Jersey's] present claims in this litigation . . . . [because] [t]he State has neither moved to supplement the record nor has the Court determined that the State has met its burden to show that supplementation is appropriate . . . ."); ECF No. 156 at 2 n.3 ("Defendants do not concede that the Re-Evaluation is part of the administrative record before the Court with respect to Plaintiff's current claims"), *with* ECF No. 184 (ordering the FHWA to "file a supplement to the record . . . containing any and

9

all administrative considerations, findings, and determinations in connection with the Central Business District Tolling Program that occurred subsequent to the issuance of the Final EA and FONSI pertaining to that Program"); ECF No. 191 at 14 n.7 (directing the parties to "directly address challenges to the final toll structure," in light of the supplemental record, "in the first instance on remand"); *id*. at 52 n.17 (permitting the parties to address "post-record developments" reflected in the supplemental record "in the first instance on remand"); *id.* at 62 (allowing the parties to "directly address [the alternatives analysis] issue in the first instance in the context of the whole record" on remand). New Jersey agrees with the Court that it can properly consider the changes to the tolling scheme, the Re-Evaluations, and Supplemental AR—without relying on New Jersey's supplemental complaint—in determining whether the Final EA and FONSI violate NEPA and the APA on remand. But permitting supplementation of the complaint now, rather than later, will take the issue off the table by eliminating any feasible basis for contending this Court cannot consider the Supplemental AR, thus preventing unnecessary litigation on appeal.

## **CONCLUSION**

For all these reasons, the Court should deny the MTA's request for an indefinite extension and reset New Jersey's motion to supplement the complaint for March 3, 2025 or the next available motion day.

10

| | |
|---|---|
| Dated: New York, New York<br>February 21, 2025 | By: <u>*/s/ Randy M. Mastro*</u><br>Randy M. Mastro (NJ Bar No. 011681982)<br>Craig Carpenito (NJ Bar No. 027102000)<br>Jessica Benvenisty (*pro hac vice*)<br>Lauren Myers (*pro hac vice*)<br>Camilla Akbari (*pro hac vice*)<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Tel. (212) 556-2100<br><br>Peter Hsiao (*pro hac vice*)<br>KING & SPALDING LLP<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Tel. (213) 433-4355<br><br>Cynthia AM Stroman (*pro hac vice*)<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, NW, Suite 900<br>Washington, DC 20006-4704<br>Tel. (202) 737-0500<br><br>*Attorneys for Plaintiff* |