# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 23-3885 (LMG-LDW) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) **Notice Date: April 7, 2025** |
| *Defendants*, | ) |
| and | ) |
| METROPOLITAN TRANSPORTATION AUTHORITY, *et al.*, | ) |
| *Defendant-Intervenors*. | ) |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Pursuant to Rules 7(b) and 16(b) of the Federal Rules of Civil Procedure ("FRCP"), Defendants[1] respectfully move this Court to stay this action until entry of final judgment in *Metro. Transpo. Auth. v. Duffy*, 1:25-cv-1413 (S.D.N.Y.) for the reasons discussed below. Defendants have conferred with counsel for Plaintiff the State of New Jersey ("the State") and Defendant-Intervenors. The State objects to Defendants' request; Defendant-Intervenors consent.

---

[1] Defendants are the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Gloria M. Shepherd, in her official capacity as Acting Administrator of FHWA (automatically substituted for Shailen Bhatt under Fed. R. Civ. P. 25(d)), and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

1

The Court may stay proceedings because of its broad power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, the Court must balance the interests at issue. *See Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008). Particularly relevant here, in the Third Circuit, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3rd Cir. 1976).

On November 21, 2024, FHWA and the Project Sponsors[2] executed the Value Pricing Pilot Program Agreement ("VPPP agreement") approving the Central Business District Tolling Program ("CBDTP") under FHWA's Value Pilot Pricing Program ("VPPP"). *See* ECF No. 236-3; 23 U.S.C. § 149 note. This agreement authorized the Project Sponsors to implement the CBDTP. *See id*. On February 19, 2025, the Secretary of Transportation terminated the VPPP Agreement between FHWA and the Project Sponsors and rescinded FHWA's approval of the CBDTP. *See* ECF No. 236-1. Defendant-Intervenors filed suit the same day challenging that decision. *See* ECF No. 236-2 (Compl., *Metro. Transpo. Auth. v. Duffy*, 1:25-cv-1413 (S.D.N.Y.)). On February 20, 2025, FHWA notified the Project Sponsors that the rescission of approval would be effective March 21, 2025. *See* Ex. 1, FHWA letter.

The ultimate relief the State has requested in this action that the CBDTP cease. *See* ECF No. 87-1 at 80 (asking the Court to "issue preliminary and permanent injunctions enjoining Intervenor Defendants from taking any further action, direct or indirect, on the Manhattan CBD

---

[2] The Project Sponsors are the Metropolitan Transportation Authority ("MTA"), the New York State Department of Transportation, and the New York City Department of Transportation.

congestion pricing scheme, including, but not limited to, construction activities, commitment of funds, and implement of the tolling scheme."); ECF No. 227-1 at 96; *see also* ECF No. 192.[3] Termination of the VPPP does just that.  Therefore, the outcome of the litigation challenging the decision to terminate the VPPP could render this this case moot.  *See Knox v. Serv. Emps. Int'l Union, Loc. 1000,* 567 U.S. 298, 307 (2012); *see also Friends of Lydia Ann Channel v. United States Army Corps of Eng'rs*, 701 Fed. Appx. 352, 359 (5th Cir. 2017) ("[t]he NEPA claim related to the now-revoked letter is moot because [plaintiffs] cannot obtain effectual relief from [ ] operation of the [ ] facility based on the now-revoked letter of permission.").

However, a stay—rather than dismissal—is appropriate at this juncture because the outcome of Defendant-Intervenors' lawsuit in the Southern District of New York may change current circumstances, including, at minimum, the timing of cancellation of the CBDTP.  *See Bechtel Corp.*, 544 F.2d at 1215.  The Court will be in a better position to evaluate the appropriate next steps in this litigation once that suit is resolved.  While the State has indicated it opposes entry of a stay, that position—as yet unjustified—overlooks the significant risk that further judicial intervention may have no real-world effect rendering this litigation moot.  *See*

---

[3]     The State has made clear across multiple public statements that terminating the CBDTP was the ultimate relief it sought.  *See* Letter from Governor Phil Murphy to President Donald J. Trump (January 20, 2025), *available at* https://d31hzlhk6di2h5.cloudfront.net/20250120/eb/35/15/56/0512ab460cd2b325288bbde4/PDM_Ltr_to_POTUS_1.20.25.pdf; *see also Statement by Governor Murphy on the Federal Highway Administration's Decision to Rescind Value Pricing Pilot Program (VPPP) Agreement Authorizing New York's Congestion Pricing Program*, OFFICIAL SITE OF THE STATE OF NEW JERSEY (February 19, 2025), *available at* https://www.nj.gov/governor/news/news/562025/approved/20250219b.shtml.  Counsel for the State echoed this sentiment during oral argument.  *See, e.g.*, January 3, 2025 Hearing Tr. 21:12-22:21 (the "[CBPTP] is an outrage, and you need to stop it now because that's an irreparable harm from day one. . . . New Jerseyans' lives are literally at stake from increased pollution and chronic levels that are in this plan.").

*Sierra Club v. U.S. Army Corps of Eng'rs*, 277 Fed. Appx. 170, 172-173 (3rd Cir. 2008). Said differently, any decision assessing the propriety of FHWA's analysis on remand risks being purely advisory if CBDTP tolls cease to be collected.[4]

So too, the State's opposition runs contrary to established principles of judicial economy. Indeed, one court in this District has explained that "the hardship of litigation expense and time [ ] for a case that may be unnecessary after the findings of the other proceeding" merits entry of a stay. *Icona Opportunity Partners 1, LLC v. Certain Underwriters at Lloyds London*, No. 22-4140, 2023 WL 2473644, at *7 (D.N.J. March 13, 2023) (citation omitted).[5]

Accordingly, and for the foregoing reasons, Defendants respectfully request that this Court stay all proceedings in this case pending entry of final judgment in *Metro. Transpo. Auth. v. Duffy*, 1:25-cv-1413 (S.D.N.Y.). Defendants also suggest that the Parties update the Court on the proceedings in that matter every sixty days until the conclusion of that case.

Respectfully submitted this 25th day of February 2025,

          LISA LYNNE RUSSELL
          Deputy Assistant Attorney General
          United States Department of Justice
          Environment & Natural Resources Division

          */s/ GREGORY M. CUMMING*
          GREGORY M. CUMMING
          Senior Attorney
          SHARI HOWARD
          SAMANTHA G. PELTZ
          Trial Attorneys

---

[4]    *See, e.g.*, *Nat'l Fam. Farm Coal. v. Vilsack*, No. 21-5695, 2025 WL 315412, *1 (N.D. Cal. January 28, 2025) ("Because the challenged rule was vacated and remanded, and neither party has presented grounds for disturbing those conclusions, further declaratory relief . . . would amount to an advisory opinion about the legality of those procedural steps.").

[5]    *See also Legal tab for New Jersey's fight against congestion pricing tops $1.1M*, NEW JERSEY MONITOR (Jan. 16, 2025), *available at* https://newjerseymonitor.com/briefs/legal-tab-for-new-jerseys-fight-against-congestion-pricing-tops-1-1m/.

Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov
shari.howard@usdoj.gov
samantha.peltz@usdoj.gov

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001 (phone)
alex.silagi@usdoj.gov

*Counsel for Defendants*