# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, and RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration,<br><br>　　　　　　　　Defendants,<br><br>　and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>　　　　　　　　Intervenor-Defendants. | Civil Case No. 2:23-cv-03885 |

**PLAINTIFF STATE OF NEW JERSEY'S OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 4

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akishev v. Kapustin*,
  23 F. Supp. 3d 440 (D.N.J. 2014) ...................................................................................... 9, 10

*Bechtel Corp. v. Local 215, Laborers' International Union of North America*,
  544 F.2d 1207 (3d Cir. 1976) ................................................................................................ 5

*Chan v. Dep't of Transp. et al.*,
  Case No. 1:23-cv-10365 (S.D.N.Y.) ...................................................................................... 6

*Chan v. U.S. Dep't of Transp.*,
  Case No. 1:23-10365 (S.D.N.Y.) ................................................................................. *passim*

*Charran v. Saul*,
  509 F. Supp. 3d 80 (D.N.J. 2020) .......................................................................................... 9

*Clinton v. Jones*,
  520 U.S. 681 (1997) ............................................................................................................ 1, 4

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
  381 F.3d 131 (3d Cir. 2004) ....................................................................................... 3, 4, 5, 9

*Ford Motor Credit Co. v. Chiorazzo*,
  529 F. Supp. 2d 535 (D.N.J. 2008) ........................................................................................ 9

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
  247 F.R.D. 453 (D.N.J. 2007) ................................................................................................ 9

*Gold v. Johns-Manville Sales Corp.*,
  723 F.2d 1068 (3d Cir. 1983) ................................................................................................ 9

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................... 4

*Metropolitan Transportation Authority et al. v. Duffy et. al.*,
  Case No. 1:25-cv-1413 (S.D.N.Y.) ............................................................................... *passim*

*MTA v. Duffy*,
  Dkt. 21 (Feb. 27, 2025) .......................................................................................................... 7

*Mulgrew v. Dep't of Transp. et al.*,
  Case No. 1:24-cv-01644 (S.D.N.Y.) ...................................................................................... 6

*New Yorkers Against Congestion Pricing Tax v. Dep't of Transp. et al.*,
  Case No. 1:24-cv-00367 (S.D.N.Y.) ............................................................................ 6

*Pietersen v. U.S. Dep't of State*,
  2024 WL 1239706 (D.D.C. Mar. 21, 2024), *appeal filed,* No. 24-5092 (D.C.
  Cir. April 19, 2024) ....................................................................................................... 4

*S. Freedman and Co. Inc. v. Raab*,
  2008 WL 4534069 (D.N.J. Oct. 6, 2008) ................................................................... 2, 5

*Town of Hempstead et al. v. Triborough Bridge and Tunnel Authority et al.*,
  Case No. 2:24-cv-03263 (E.D.N.Y.) ............................................................................ 6

*Trucking Ass'n of N.Y. v. Dep't of Transp. et al.*,
  No. 1:24-cv-04111 (S.D.N.Y.) ..................................................................................... 6

*Ullman v. Express Scripts, Inc.*,
  2010 WL 421094 (D.N.J. Feb. 2, 2010) ............................................................... 3, 4, 9

**Statutes**

**Other Authorities**

Fed. R. Civ. P. 12(a)(2) ......................................................................................................... 7

Meredith Deliso, *Trump administration extends deadline for NYC to end
  congestion pricing*, ABC News (Mar. 20, 2025),
  https://abcnews.go.com/US/trump-administration-extends-nyc-congestion-
  pricing-deadline/story?id=119997692 ......................................................................... 3

Sri Taylor, *Trump Extends Deadline to Halt Congestion Pricing, Threatens
  Funds*, Bloomberg (last updated Mar. 20, 2025 at 4:12 pm EDT),
  https://www.bloomberg.com/news/articles/2025-03-20/trump-extends-
  deadline-to-halt-congestion-pricing-threatens-aid ........................................................ 3

## PRELIMINARY STATEMENT

The Federal Highway Administration's ("FHWA") Motion to Stay will, if granted, deny New Jersey the judgment to which it is now due after remand to the agency. Although the FHWA has been a party to many actions challenging its deficient environmental review of the Metropolitan Transportation Authority's ("MTA")[1] congestion pricing scheme over the past two years, it now argues—for the first time—that the Court should issue an indefinite stay in this case because another case could potentially lead to the scheme's termination. But the mere possibility that a newly-commenced proceeding will moot this case at some point down the road is no reason to stay this well-developed case now that it is ripe for final decision after a court-ordered remand. Indeed, the FHWA has not even attempted to meet its heavy "burden" of "establishing [the] need" for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Court should reject the FHWA's request for a stay because it is not justified by either judicial economy or any injury to the agency. Moreover, it would significantly harm the many New Jersey communities that the Final EA and FONSI recognized would experience significant environmental consequences as a result of the congestion pricing scheme going forward. DOT_0007319–20.

The FHWA relies solely on the pendency of another litigation to justify its stay application. In *Metropolitan Transportation Authority et al. v. Duffy et. al.*, Case No. 1:25-cv-1413 (S.D.N.Y.) ("*MTA v. Duffy*"), the MTA has challenged the FHWA's decision to rescind its approval of this congestion pricing scheme and terminate the Value Pricing Pilot Program ("VPPP") agreement between the FHWA and the New York State Department of Transportation, TBTA, and New York

---

[1] New Jersey refers to Intervenor-Defendants—the MTA and Triborough Bridge and Tunnel Authority ("TBTA")—collectively as the "MTA."

City Department of Transportation. Specifically, the MTA claims that Secretary Duffy committed an *ultra vires* act in terminating the VPPP agreement and that his decision to do so violates the Administrative Procedure Act ("APA"), Due Process Clause of the Fifth Amendment, and National Environmental Policy Act ("NEPA"). *See* ECF No. 236-2. Those claims have nothing to do with New Jersey's legal issues in this action, which concern the FHWA's arbitrary, capricious, and unlawful NEPA review of the congestion pricing scheme. Notably, the MTA has asserted that the VPPP termination has no legal effect and has vowed to continue tolling while *MTA v. Duffy* is pending. The MTA's support for the FHWA's stay motion is particularly suspect given that the MTA successfully *opposed* a stay motion filed by the FHWA in another challenge to the Final EA and FONSI involving three consolidated cases in materially similar postures to this one. *See Chan v. U.S. Dep't of Transp.*, Case No. 1:23-10365 (S.D.N.Y.) ("*Chan*"), Dkt. 173 at 3 n.2.

The FHWA cannot claim that a stay would promote judicial economy simply because *MTA v. Duffy*, like this case, could lead to the termination of the congestion pricing scheme. Indeed, the agency's argument would stretch courts' discretionary power to stay beyond its plausible limits, leaving courts free to stay any action that could potentially achieve the same result as another action involving different parties, claims, and relief. Such a construction of the court's discretionary power would impermissibly transform "[t]he stay of a civil proceeding [from] an extraordinary remedy" to a commonplace occurrence. *S. Freedman and Co. Inc. v. Raab*, 2008 WL 4534069, at *2 (D.N.J. Oct. 6, 2008) (denying motion to stay).

In addition, a stay would significantly prejudice New Jersey. This Court has already explained that there are many "areas in New Jersey entitled to mitigation" and yet the FHWA "fail[ed] to provide a rational connection between the general mitigation commitments outlined and the specific resolution of any and all significant impacts that may result from the Program."

2

ECF No. 191 at 50–53.  The environmental harms that New Jersey is already experiencing will significantly increase if a stay is granted pending resolution of a case that was filed just one month ago and may take years to litigate.  Indeed, the MTA has vowed to "continue to operate the Program . . . until and unless [it is] directed to stop by a court order."  ECF No. 236-2 ¶ 120.  And just last week, the FHWA *extended* the deadline by which the MTA must cease tolling, from March 21 to April 30, 2025.[2]  In response, Governor Hochul reaffirmed New York's commitment to disregard the FHWA's directive and continue tolling until a court orders the MTA to stop.[3]

Finally, the FHWA has not suggested that it would suffer any harm absent a stay.  Once again, that omission is significant because where, as here, the stay requested is of an "indefinite duration," the moving party must establish a "pressing need" for the stay.  *Ullman v. Express Scripts, Inc.*, 2010 WL 421094, at *4 (D.N.J. Feb. 2, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  In these circumstances, the Court must protect New Jersey's "right to litigate" and deny the FHWA's motion.  *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 140 (3d Cir. 2004) (reversing order granting stay).

Importantly, the FHWA's identical arguments for a stay were carefully considered and flatly rejected less than two weeks ago in three consolidated cases with a nearly identical posture.  *See Chan*, Dkt. 173.  In a consolidated order, the U.S. District Court for the Southern District of New York denied the FHWA's motion to stay three related challenges to the FHWA's approval of the

---

[2] *See, e.g.*, Meredith Deliso, *Trump administration extends deadline for NYC to end congestion pricing*, ABC News (Mar. 20, 2025), https://abcnews.go.com/US/trump-administration-extends-nyc-congestion-pricing-deadline/story?id=119997692.

[3] *See, e.g.*, Sri Taylor, *Trump Extends Deadline to Halt Congestion Pricing, Threatens Funds*, Bloomberg (last updated Mar. 20, 2025 at 4:12 pm EDT), https://www.bloomberg.com/news/articles/2025-03-20/trump-extends-deadline-to-halt-congestion-pricing-threatens-aid ("We've seen Secretary Duffy's tweet, which doesn't change what Governor Hochul has been saying all along: the cameras are staying on.").

congestion pricing scheme pending the resolution of the *Duffy* litigation. *See Chan*, Dkt. 173. As the court explained, considering "prejudice to the [opposing parties], the public's interest in resolving the challenges to the tolling program, and the lack of benefit to the courts and public, the [FHWA] ha[s] not satisfied [its] burden of establishing the need for a stay of this action." *Id.* at 6. The same is true here. That court's well-reasoned decision is persuasive authority to deny this Motion.

## ARGUMENT

FHWA has not met its heavy "burden" as movant "of establishing [the] need" for a stay pending the resolution of *MTA v. Duffy*, *Clinton*, 520 U.S. at 708, let alone shown the "pressing need" required to justify a stay of "indefinite duration," *Ullman*, 2010 WL 421094, at *4 (quoting *Landis*, 299 U.S. at 255). In deciding whether to grant a stay pending the resolution of an independent proceeding, the Court must consider the interests of "judicial economy," the "injury that a stay would inflict on [New Jersey]," and the "'hardship or inequity' that [FHWA] would face in going forward with the litigation." *CTF Hotel Holdings*, 381 F.3d at 136 (citing *Landis*, 299 U.S. at 254–55). None of these factors weigh in favor of a stay.

*First*, judicial economy does not weigh in favor of a stay because a stay would not "narrow the issues in the pending case[]" or "assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253; *accord Pietersen v. U.S. Dep't of State*, 2024 WL 1239706, at *9 (D.D.C. Mar. 21, 2024), *appeal filed,* No. 24-5092 (D.C. Cir. April 19, 2024) (denying stay motion). In *MTA v. Duffy*, the court will decide whether Secretary Duffy acted *ultra vires* in terminating the VPPP agreement and whether Secretary Duffy's decision violates the APA, Due Process Clause of the Fifth Amendment, and NEPA. Those issues bear *no* relevance to the claims before this Court,

4

which concern the lawfulness of FHWA's Final EA and FONSI under NEPA and the APA.[4] *See Chan*, Dkt. 173 at 5 ("The plaintiffs in *Duffy* . . . raise different claims from those raised by the plaintiffs in *Chan* [and related cases].").

For this reason, FHWA's sole argument is that the "ultimate relief" sought by New Jersey is the cessation of the congestion pricing scheme, which *could* also result from *MTA v. Duffy* being resolved in FHWA's favor. FHWA Br. 2–3.[5] The mere possibility that two distinct cases could achieve the same result, however, cannot provide sufficient grounds for a stay pending resolution of an independent proceeding. If that were true, "courts would be able to rely upon judicial economy and stay litigation whenever plaintiffs elected to file [separate] actions related to" other pending suits. *CTF Hotel Holdings*, 381 F.3d at 139. This would effectively transform the "[t]he stay of a civil proceeding [from] an extraordinary remedy" to a commonplace occurrence. *S. Freedman*, 2008 WL 4534069, at *2 (denying motion to stay). As Judge Liman explained in *Chan*, "[t]he pendency of another lawsuit does not alter [the] legal status of the tolling program, let alone completely and irrevocably eradicate the effects of the alleged violations." *Chan*, Dkt. 173 at 4–5 (cleaned up); *see also id.* at 5 ("The fact that one possible ruling in *Duffy* would moot *Chan* [and the related cases] does not on its own warrant a stay where no motion seeking such ruling has even been briefed."). Moreover, FHWA's position is also true in reverse: the resolution of *this* case could affect or completely resolve *MTA v. Duffy*, because the MTA's claims there are premised on

---

[4] Likewise, to the extent the Court grants New Jersey leave to file its proposed supplemental complaint, New Jersey's supplemental claim concerns the re-evaluations issued by FHWA on June 14, 2024 and November 21, 2024 and is entirely distinct from the claims raised in *MTA v. Duffy*.

[5] FHWA's reliance on *Bechtel Corp. v. Local 215, Laborers' International Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976) is inapposite. FHWA Br. at 2. In *Bechtel*, the Court stayed one of two actions brought by the same plaintiff, which sought "identical damages," to prevent the plaintiff from "recover[ing] damages more than once." 544 F.2d at 1215. New Jersey is not even a party to *MTA v. Duffy*, and the relief it seeks is entirely distinct from that sought in *MTA v. Duffy*.

5

the original Final EA and FONSI being lawful. But FHWA does "not articulate any basis to prefer the later-filed case of *Duffy* as a mechanism for resolution compared to the earlier-filed cases." *Id.* at 6.

FHWA's past practice proves that even it does not believe the Court's discretionary power to stay can be stretched to such an unreasonable limit. Over the past two years, FHWA *never* moved to stay this case based on the numerous other federal court cases challenging the Final EA and FONSI. *See, e.g.*, *Chan v. Dep't of Transp. et al.*, Case No. 1:23-cv-10365 (S.D.N.Y.); *Mulgrew v. Dep't of Transp. et al.*, Case No. 1:24-cv-01644 (S.D.N.Y.); *New Yorkers Against Congestion Pricing Tax v. Dep't of Transp. et al.*, Case No. 1:24-cv-00367 (S.D.N.Y.); *Trucking Ass'n of N.Y. v. Dep't of Transp. et al.*, No. 1:24-cv-04111 (S.D.N.Y.). Nor did it seek to stay this case based on a parallel action challenging the validity of the VPPP agreement. *See Town of Hempstead et al. v. Triborough Bridge and Tunnel Authority et al.,* Case No. 2:24-cv-03263 (E.D.N.Y.). Just like *MTA v. Duffy*, the resolution of all of these cases could have put a stop to the congestion pricing program, but FHWA has never asserted that these other cases justified staying this case.

FHWA's argument that a stay "is appropriate at this juncture" because "further judicial intervention [by this Court] may have no real-world effect" is inapposite for the same reasons and is factually incorrect. FHWA Br. at 3. To the extent FHWA means that congestion pricing may ultimately stop at the conclusion of *MTA v. Duffy*, that argument fails for the reasons above. To the extent FHWA means that congestion pricing will stop during the pendency of *MTA v. Duffy*, that is factually incorrect based on the MTA's response to the termination of the VPPP agreement. Moreover, last week FHWA extended the deadline by which the MTA must cease tolling—there is no knowing whether an additional extension will be granted, and there is every indication that the

6

MTA will not even comply with this new deadline. *See supra* at 3. *MTA v. Duffy* was filed just one month ago, and the deadline for defendants to file an answer to plaintiffs' complaint is late April 2025. *See MTA v. Duffy*, Dkt. 21 (Feb. 27, 2025); Fed. R. Civ. P. 12(a)(2). Accordingly, it will be months before the court sets a briefing schedule, let alone issues a decision. In the meantime, the MTA has vowed to continue congestion pricing "until and unless" a court orders it to stop. *See, e.g.*, ECF No. 236-2 ¶ 120 ("Plaintiffs will continue to operate the Program as required by New York law until and unless Plaintiffs are directed to stop by a court order"); *id.* ¶ 25 ("To be clear, while the Trump Administration has purported to unlawfully terminate the VPPP agreement, its actions—as a mere signatory to a multi-party agreement—obviously do not require Plaintiffs to cease operation of the Program. The status quo is that Congestion Pricing continues, and unless and until a court orders otherwise, Plaintiffs will continue to operate the Program as required by New York law."); *see also Chan*, Dkt. 173 at 5 (noting that the MTA argues that the termination is "without effect and the Federal Defendants have not responded to the [*Duffy*] complaint").[6] Conversely, the parties have completed all briefing on the remand proceedings currently pending before this Court and "the public does have an interest in resolving the pending (and fully briefed) challenges to the tolling program instead of letting key questions regarding the program's validity go unanswered." *Chan*, Dkt. 173 at 5. There is therefore no risk that "any

---

[6] This position makes the MTA's support for a stay particularly dubious. In its February 26, 2025 letter to the court, the MTA both disagrees with FHWA's "assertion that the VPPP agreement has been terminated" and yet also "support[s] the request for a stay." ECF No. 239. But the termination of the VPPP agreement is *the basis* for FHWA's stay motion. The MTA does not explain why it is reasonable to disagree with FHWA's justification for the stay while still supporting the request. In other words, the MTA wants this court to put on ice a challenge years in the making to the Final EA and FONSI, *despite* its position that those actions remain valid and operative and *despite* its intention to continue tolling in reliance on those actions. The MTA's position should be further taken with a grain of salt because it *opposed* a stay in the S.D.N.Y. litigation, despite FHWA raising materially similar arguments. *See Chan*, Dkt. 173 at 3 n.2.

7

decision assessing the propriety of FHWA's analysis on remand" could be "purely advisory." *Contra* ECF No. 238-1; *see also Chan*, Dkt. 173 at 4 (noting that a ruling in *Chan* "would not be advisory").

*Second*, there is a substantial risk of prejudice to New Jersey if a stay is granted. As noted, the FHWA recently extended the deadline by which the MTA must cease tolling (and they may well do so again), and the MTA has vowed to continue congestion pricing well after that deadline passes (i.e., until the resolution of the litigation in *MTA v. Duffy*). Indeed, after FHWA filed its motion to stay, the MTA informed this Court that it "could hardly disagree more with Federal Defendants' assertion that the VPPP Agreement has been terminated and that February 19 was the effective date of such alleged termination," and affirmed that it would "continue[] to operate" the "Congestion Pricing Program." ECF No. 239; *see also supra* at 3, 7. The ongoing environmental harm to New Jersey and its communities caused by congestion pricing will therefore continue during the pendency of *MTA v. Duffy*. And if the MTA succeeds in the *Duffy* litigation, the harm will continue during the time it takes to bring this litigation out of dormancy and resolve New Jersey's challenges. It is particularly inappropriate to allow such manifest prejudice when this Court has already held that New Jersey will face increases in traffic and air pollution in communities "entitled to mitigation" and "FHWA and [the] Project Sponsors acted in an arbitrary and capricious manner in reaching their mitigation determination in the Final EA and FONSI." ECF No. 191 at 50, 52. FHWA committed no additional mitigation dollars to New Jersey in its decision on remand, nor modified the minimal, inadequate mitigation measures available to a subset of New Jersey's impacted communities. *See generally* ECF No. 231. There is no question that if the Court stays this action now, New Jersey will suffer environmental harm as a result.

8

Moreover, "further delay of this action, which has already been pending for nearly two years, would clearly work to Plaintiff's prejudice," particularly since *MTA v. Duffy* was only recently filed. *Charran v. Saul*, 509 F. Supp. 3d 80, 83 (D.N.J. 2020) (denying motion to stay); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) ("[T]he clear damage to the plaintiffs is the hardship of being forced to wait for an indefinite and, if recent experience is any guide, a lengthy time before their causes are heard.") (affirming denial of motion to stay). New Jersey "has a right to have its case heard expeditiously while [the *MTA v. Duffy*] lawsuit is pending," and FHWA has provided no reason to infringe on that right. *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 455 (D.N.J. 2007) (denying motion to stay).

*Third*, FHWA has not even remotely "ma[d]e out a clear case of hardship or inequity in being required to go forward." *CTF Hotel Holdings*, 381 F.3d at 139 (quoting *Landis*, 299 U.S. at 255); *accord Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). It certainly has not shown the "pressing need" required to justify a stay of "indefinite duration." *Ullman*, 2010 WL 421094, at *4 (quoting *Landis*, 299 U.S. at 255). In fact, FHWA does not claim that it will suffer *any* hardship if the Court denies its motion to stay. *See generally* ECF No. 238-1; *see also Chan*, Dkt. 173 at 4 ("Although [FHWA] seeks the stay, they do not articulate any interest of their own that would be supported by a stay."). Even if FHWA claimed that it would be inconvenienced by having to litigate in multiple forums—apart from the fact that it has done just that in the numerous cases challenging FHWA's NEPA review over the past two years—FHWA's "convenience can not defeat" New Jersey's "right to litigate." *CTF Hotel Holdings*, 381 F.3d at 140.

Beyond these factors, courts in this District have considered "whether the actions: (1) involve the same parties; (2) involve the same issues; or (3) are pending in the same court." *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008). Here, all three of those

9

factors counsel against a stay: New Jersey is not a party to *MTA v. Duffy*; the cases involve entirely different legal issues (and indeed, different agency actions); and *MTA v. Duffy* is pending in a different court (S.D.N.Y.). Additionally, some courts consider whether the stay would simplify the issues and how far the lawsuit to be stayed has progressed. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). As discussed above, *MTA v. Duffy* concerns unrelated claims and thus could not possibly simplify any of the pertinent issues here. Moreover, while this case is nearly concluded, *MTA v. Duffy* is in its infancy.

## CONCLUSION

For all these reasons, the Court should deny FHWA's Motion to Stay.

Dated:   New York, New York
        March 24, 2025

By:   */s/ Randy M. Mastro*
Randy M. Mastro (NJ Bar No. 011681982)
Craig Carpenito (NJ Bar No. 027102000)
Jessica Benvenisty (*pro hac vice*)
Lauren Myers (*pro hac vice*)
Camilla Akbari (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel. (212) 556-2100

Peter Hsiao (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. (213) 433-4355

Cynthia AM Stroman (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4704
Tel. (202) 737-0500

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court this 24th day of March 2025, to all counsel of record.

Date: March 24, 2025　　　　　　　*/s/ Randy M. Mastro*
　　　　　　　　　　　　　　　　　　Randy M. Mastro